IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Dell Inc. ("Dell"), a defendant in the above-named case, hereby appeals to the United States Court of Appeals for the Federal Circuit in the above-captioned case. The jury returned a verdict on July 25, 2011. (Dkt. No. 523). Although the Court has not entered a judgment on the verdict under Federal Rule of Civil Procedure 58(b), the Court denied Dell's last remaining renewed motion for judgment as a matter of law under Rule 50(b) on February 11, 2015. Federal Rule of Appellate Procedure 4(a)(4)(A)(i) states that the "time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . for judgment under Rule 50(b)." Therefore, although the Court has not entered a judgment, Dell provides notice that it will appeal from the following orders:

> (a)  the final judgment to be entered by the Court, including any adverse orders, rulings, findings, stipulations, and conclusions merged into the final judgment;
>
> (b)  Memorandum Order denying Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity (Docket No. 659), entered in this action on January 17, 2014;

(c)     Memorandum Order denying Dell's Renewed Motion for Judgment as a Matter of Law on Damages (Docket No. 674), entered in this action on February 11, 2015;

(d)     Memorandum Order denying Dell's Renewed Motion for Judgment as a Matter of Law on Non-Infringement and Dell's Renewed Motion for Judgment as a Matter of Law of No Willful Infringement (Docket No. 676), entered in this action on February 11, 2015;

(e)     Order on the Defendants' Motions to Supplement the JMOL Briefing (Docket No. 680), entered in this action on March 3, 2015;

(f)     Memorandum Opinion and Order on claim construction issues (Docket No. 211), entered in this action on January 5, 2011;

(g)     Order on Dell Inc.'s motion for clarification of the court's construction of the term "data storage device" and Defendants' motion for summary judgment of noninfringement of Claims 7-10, 14, and 15 of U.S. Patent No. 6,314,473 based on the "to the data storage device" limitation, entered in this action on July 5, 2011 (Docket No. 445); and

(h)     Order denying Dell Inc.'s Motion for Judgment as a Matter of Law on No Willful Infringement, Dell Inc.'s Motion for Judgment as a Matter of Law on Damages, Defendants' Motion for Judgment as a Matter of Law on Invalidity, Dell Inc.'s Motion for Judgment as a Matter of Law on Non-Infringement, entered in this action on March 28, 2013 (Docket No. 650).

If the Court deems it prudent, pursuant to Federal Rule of Appellate Procedure 4(a)(2), this Notice of Appeal "filed after the court announce[d] a decision . . . but before the entry of the judgment" may be "treated as filed on the date of and after the entry."

Date: March 13, 2015

By: /s/ *Roger Fulghum*

Deron R. Dacus
Lead Attorney
Texas State Bar No. 00790553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-7233
E-mail: ddacus@dacusfirm.com

Roger Fulghum
Texas State Bar No. 00790724
Tammy Pennington Rhodes
Texas State Bar No. 24051182
Bradley Bowling
Texas State Bar No. 24040555
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
E-mail: roger.fulghum@bakerbotts.com
E-mail: tammy.pennington@bakerbotts.com
E-mail: brad.bowling@bakerbotts.com

Kimball R. Anderson
Kathleen B. Barry
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5858
Facsimile: (312) 558-5600
E-mail: kanderson@winston.com
E-mail: kbarry@winston.com

**ATTORNEYS FOR DELL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on March 13, 2015, pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

*/s/ Roger Fulghum*
Roger Fulghum

APPEAL,CONSENT,JURY,MEDIATION,PATENT/TRADEMARK,PROTECTIVE-
ORDER,TransEveringham

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Marshall)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00244-RSP
## Internal Use Only

Convolve, Inc. v. Dell Inc. et al
Assigned to: Magistrate Judge Roy S. Payne
Cause: 35:145 Patent Infringement

Date Filed: 06/18/2008
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**Robert W Faulkner**    represented by    **Robert W Faulkner**
JAMS
8401 North Central Expressway
Suite 610
Dallas, TX 75225
214/744-5267
Fax: 214/720-6010
Email: rfaulkner@jamsadr.com
PRO SE



A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____ *collazod* _____

**Robert W Faulkner**
JAMS Inc
8401 N. Central Expressway
Suite 610
Dallas, TX 75225
214/744-5267
Fax: 214/720-6010
Email: rfaulkner@jamsadr.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Convolve, Inc.**    represented by    **A James Anderson**
Robins Kaplan Miller & Ciresi -
Atlanta
One Atlantic Center
1201 West Peachtree Street

Suite 2200
Atlanta, GA 30309
404/760-3800
Fax: 404/233-1267
Email:
janderson@robinskaplan.com
*ATTORNEY TO BE NOTICED*

**Adam A Biggs**
Law Office of Adam A. Biggs,
PLLC
1809 W. Loop 281
Suite #100 PMB 116
Longview, TX 75601
430-558-8069
Fax: 866-886-0459
Email: aab@biggsfirm.com
*ATTORNEY TO BE NOTICED*

**Ailis L Burpee**
Robins Kaplan Miller & Ciresi -
Atlanta
950 East Paces Ferry Road, NE
Suite 2600
Atlanta, GA 30326
404/760-3862
Fax: 404/233-1267
*TERMINATED: 09/07/2012*

**Anna Carr Halsey**
Robins Kaplan Miller & Ciresi -
Atlanta
One Atlantic Center
1201 West Peachtree Street
Suite 2200
Atlanta, GA 30309
404/760-4300
Fax: 404/233-1267
Email: ahalsey@robinskaplan.com
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
Robins Kaplan Miller & Ciresi - New York
601 Lexington Ave
Ste 3400
New York, NY 10022
212/980-7400
Fax: 212/980-7499
Email: BVogel@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C Dotson**
Duane Morris - Atlanta
1075 Peachtree Street, NE
Suite 2000
Atlanta, GA 30309-3929
404/253-6982
Fax: 404/253-6901
*TERMINATED: 07/02/2010*

**Elizabeth V Thomas**
Robins Kaplan Miller & Ciresi - Atlanta
950 East Paces Ferry Road, NE
Suite 2600
Atlanta, GA 30326
404-760-4300
Fax: 404-233-1267
Email: evthomas@rkmc.com
*TERMINATED: 06/24/2013*

**Eric M. Albritton**
Albritton Law Firm
222 North Fredonia
P O Box 2649 - 75606
Longview, TX 75601
(903) 757-8449

Fax: (903) 758-7397
Email: ema@emafirm.com
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward & Smith Law Firm
PO Box 1231
1127 Judson Road
Suite 220
Longview, TX 75606
903-757-6400
Fax: 903-757-2323
Email: wh@wsfirm.com
*TERMINATED: 03/03/2015*

**Jacqueline K Burt**
Heninger Garrison Davis LLC -
Atlanta
3621 Vinings Slope
Suite 4320
Atlanta, GA 30339
404/996-0864
Fax: 205/547-5506
Email: jburt@hgdlawfirm.com
*TERMINATED: 08/18/2010*

**Jennifer A Adler**
Robins Kaplan Miller & Ciresi -
Atlanta
One Atlantic Center
1201 West Peachtree Street
Suite 2200
Atlanta, GA 30309
404/760-4300
Fax: 404/233-1267
Email: jaadler@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R Butler**

Robins Kaplan Miller & Ciresi -
New York
601 Lexington Ave
Ste 3400
New York, NY 10022
212-980-7499
Fax: 2129807499
Email: mrbutler@rkmc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Edwards**
Wong Cabello Lutsch Rutherford &
Brucculeri, LLP
20333 SH 249
Ste 600
Houston, TX 77070
832-446-2400
Fax: 832-446-2424
Email: sedwards@counselip.com
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
Smith Risley Tempel Santos LLC
Two Ravinia Drive
Suite 700
Atlanta, GA 30346
707/709-0022
Fax: 770/804-0900
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Tara S G Sharp**
Robins Kaplan Miller & Ciresi -
Atlanta
One Atlantic Center
1201 West Peachtree Street
Suite 2200
Atlanta, GA 30309
404/760-4300

Fax: 404/233-1267
Email: tgsharp@rkmc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
Ward & Smith Law Firm
PO Box 1231
1127 Judson Road
Suite 220
Longview, TX 75606
903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
*TERMINATED: 03/03/2015*

**Trevor John Foster**
Robins, Kaplan, Miller & Ciresi
L.L.P.
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612/349-8500
Fax: 612/339-4181
*TERMINATED: 08/24/2012*
*PRO HAC VICE*

V.

**Defendant**

**Dell Inc.**                    represented by **Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 903/581-2543
Email: ddacus@dacusfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott F Partridge**
Baker Botts LLP
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002-4995
713/229-1569
Fax: 713/229-7769
Email:
scott.partridge@bakerbotts.com
*TERMINATED: 05/05/2011*
*LEAD ATTORNEY*

**Amanda Woodall**
Baker Botts - Houston
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002-4995
713/229-2187
Fax: 713/229-7987
*TERMINATED: 07/21/2011*

**Bradley Bowling**
Baker Botts LLP - Houston
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002-4995
713-229-1802
Fax: 713-229-7702
Email:
brad.bowling@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**Christopher Scott Ponder**
Baker Botts LLP Palo Alto
1001 Page Mill Road
Building One Suite 200
Palo Alto, Ca 94304
650-739-7563
Fax: 650-739-7699

Email:
chris.ponder@bakerbotts.com
*TERMINATED: 02/21/2012*

**Gene C Schaerr**
Winston & Strawn LLP - DC
1700 K Street, NW
Washington, DC 20006
202/282-5000
Fax: 202/282-5100
Email: gschaerr@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey G. Homrig**
Latham & Watkins LLP - Menlo
Park
140 Scott Drive
Menlo Park, CA 94025-1008
650-328-4600
Fax: 650-463-2600
Email: jeff.homrig@lw.com

**Joshua J Parker**
Baker Botts LLP Palo Alto
1001 Page Mill Road
Building One Suite 200
Palo Alto, Ca 94304
650.739.7500
Fax: 650.739.7699
Email: josh.parker@bakerbotts.com

*ATTORNEY TO BE NOTICED*

**Kathleen B Barry**
Winston & Strawn - Chicago
35 W Wacker Dr
Chicago, IL 60601
312-558-5600
Fax: 312-558-5700

Email: kbarry@winston.com
*ATTORNEY TO BE NOTICED*

**Kimball R Anderson**
Winston & Strawn - Chicago
35 W Wacker Dr
Chicago, IL 60601
312/558-5858
Fax: 312/558-5700
Email: kanderson@winston.com
*ATTORNEY TO BE NOTICED*

**Marcus T Hall**
Novak Druce Connolly Bove +
Quigg LLP-San Fran
555 Mission Street
34th Floor
San Francisco, CA 94105
415-814-6161
Fax: 415-814-6165
Email:
marcus.hall@novakdruce.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Charles Smith**
Siebman Burg Phillips & Smith,
LLP-Marshall
P O Box 1556
Marshall, TX 75671-1556
903-938-8900
Fax: 19727674620
Email: michaelsmith@siebman.com

*ATTORNEY TO BE NOTICED*

**Roger Joseph Fulghum**
Baker Botts LLP - Houston
910 Louisiana
Suite 3000 One Shell Plaza

Houston, TX 77002-4995
713/229-1707
Fax: 713/229-2707
Email:
roger.fulghum@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**Tammy M Pennington Rhodes**
Baker Botts LLP - Houston
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002-4995
713-229-1972
Fax: 713-229-7772
Email:
tammy.pennington@bakerbotts.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Western Digital Corporation**    represented by **Bruce A Wessel**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/203-7045
Fax: 310/203-7199
Email: bwessel@irell.com
*TERMINATED: 10/24/2013*
*LEAD ATTORNEY*

**Douglas E Lumish**
Latham & Watkins LLP - Menlo
Park
140 Scott Drive
Menlo Park, CA 94025-1008
650-328-4600
Fax: 650-463-2600
Email: doug.lumish@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Schwarz**
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900

Los Angeles, CA 90067
310-277-1010
Fax: 310-203-7199
Email: dschwarz@irell.com
*TERMINATED: 10/24/2013*
*PRO HAC VICE*

**Eric Hugh Findlay**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Garland A Kelley**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/203-7968
Fax: 310/203-7199
*TERMINATED: 09/19/2012*
*PRO HAC VICE*

**Harold Kip Glasscock , Jr**
Kip Glasscock PC
550 Fannin
Ste 240
Beaumont, TX 77701
409/833-8822
Fax: 14098384666
Email: kipglasscock@hotmail.com

*TERMINATED: 09/21/2012*

**Harry Lee Gillam , Jr**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: gil@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey G. Homrig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph H Lee**
Latham & Watkins LLP - Costa
Mesa
650 Town Center Dr
Suite 2000
Costa Mesa, CA 92626
714-755-8046
Fax: 714-755-8290
Email: joseph.lee@lw.com
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903/934-8450
Fax: 903/934-9257
Email:
melissa@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Reynaldo C Barcelo**
Barcelo Harrison & Walker LLP
2901 West Coast Hwy
Suite 200

Newport Beach, CA 92663
949/340-9736
Fax: 949/258-5752
Email: rey@bhiplaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard M Birnholz**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 310/203-7199
Email: rbirnholz@irell.com
*TERMINATED: 10/24/2013*
*PRO HAC VICE*

**Roger Joseph Fulghum**
Baker Botts - Houston
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002-4995
713/229-1707
Fax: 713/229-2707
Email:
roger.fulghum@bakerbotts.com

**Thomas C Werner**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/203-7956
Fax: 310/282-5798
Email: twerner@irell.com
*TERMINATED: 10/24/2013*
*PRO HAC VICE*

**William D Bowen**

Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010
Fax: 310-203-7199
*TERMINATED: 11/13/2009*
*PRO HAC VICE*

**Defendant**

**Hitachi Global Storage**          represented by   **Hilda Contreras Galvan**
**Technologies, Inc.**                                 Jones Day - Dallas
                                                       2727 N Harwood St
                                                       Dallas, TX 75201
                                                       214/969-4556
                                                       Fax: 12149695100
                                                       Email: hcgalvan@jonesday.com
                                                       *TERMINATED: 11/25/2008*
                                                       *LEAD ATTORNEY*

                                                       **Douglas E Lumish**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Eric Hugh Findlay**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jason D Kipnis**
                                                       Weil Gotshal & Manges, LLP -
                                                       Redwood Shores
                                                       201 Redwood Shores Parkway
                                                       5th Floor
                                                       Redwood Shores, CA 94065
                                                       605/802-3046
                                                       Fax: 605/802-3100
                                                       Email: jason.kipnis@weil.com
                                                       *TERMINATED: 02/22/2011*

                                                       **Jeffrey G. Homrig**
                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Jeremy Jason Lang**
Weil Gotshal & Manges, LLP - Redwood Shores
201 Redwood Shores Parkway
5th Floor
Redwood Shores, CA 94065
650-802-3237
Fax: 650-802-3100
Email: jason.lang@weil.com
*TERMINATED: 11/16/2011*

**Joseph H Lee**
(See above for address)
*TERMINATED: 06/04/2013*
*ATTORNEY TO BE NOTICED*

**Joseph Shear**
Kasowitz, Benson, Torres & Friedman LLP - Redwood Shores
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
650-453-5170
Fax: 650-453-5171
Email: jshear@kasowitz.com
*TERMINATED: 06/04/2013*
*ATTORNEY TO BE NOTICED*

**Patricia E Chow**
Weil, Gotshal & Manges LLP-Washington
1300 Eye St, NW
Suite 900E
Washington, DC 20005-3314
202/682-7000
Fax: 202/682-7195
Email: patricia.chow@weil.com
*TERMINATED: 02/22/2011*

**Patricia Young**
Latham & Watkins LLP - Menlo
Park
140 Scott Drive
Menlo Park, CA 94025-1008
650-463-2681
Fax: 650-463-2600
Email: patricia.young@lw.com
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Roger Joseph Fulghum**
(See above for address)

**Sudip Kundu**
The Fuisz Law Firm
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
202/621-1889
Fax: 202/652-2309
Email: skundu@fuiszlaw.com
*TERMINATED: 02/22/2011*

**Defendant**

**Hitachi Ltd.**         represented by **Douglas E Lumish**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jason D Kipnis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey G. Homrig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Jason Lang**
Weil Gotshal & Manges, LLP -
Redwood Shores
201 Redwood Shores Parkway
5th Floor
Redwood Shores, CA 94065
650-802-3237
Fax: 650-802-3100
*TERMINATED: 11/16/2011*

**Joseph H Lee**
(See above for address)
*TERMINATED: 06/04/2013*

**Joseph Shear**
Kasowitz, Benson, Torres &
Friedman LLP - Redwood Shores
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
650-453-5170
Fax: 650-453-5171
*TERMINATED: 06/04/2013*

**Patricia E Chow**
(See above for address)

**Patricia Young**
(See above for address)
*TERMINATED: 06/04/2013*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Joseph Fulghum**
(See above for address)

**Sudip Kundu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Western Digital Corporation**    represented by    **Bruce A Wessel**
(See above for address)
*TERMINATED: 10/24/2013*
*LEAD ATTORNEY*

**Harold Kip Glasscock , Jr**
(See above for address)
*TERMINATED: 09/21/2012*

**Joseph H Lee**
Latham & Watkins LLP - Costa
Mesa
650 Town Center Dr
Suite 2000
Costa Mesa, CA 92626
714-540-1235
Fax: 714-755-8290
Email: joseph.lee@lw.com
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Convolve, Inc.**    represented by    **A James Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anna Carr Halsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacqueline K Burt**
(See above for address)
*TERMINATED: 08/18/2010*

**Marla R Butler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Counter Claimant**

**Dell Inc.**                represented by **Deron R Dacus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott F Partridge**
(See above for address)
*TERMINATED: 05/05/2011*
*LEAD ATTORNEY*

**Joshua J Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcus T Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger Joseph Fulghum**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Convolve, Inc.**                    represented by    **A James Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anna Carr Halsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacqueline K Burt**
(See above for address)
*TERMINATED: 08/18/2010*

**Marla R Butler**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Counter Claimant**

**Hitachi Global Storage**          represented by **Hilda Contreras Galvan**
**Technologies, Inc.**                              (See above for address)
                                                    *TERMINATED: 11/25/2008*
                                                    *LEAD ATTORNEY*

                                                    **Douglas E Lumish**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Eric Hugh Findlay**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jason D Kipnis**
                                                    (See above for address)
                                                    *TERMINATED: 02/22/2011*

                                                    **Jeffrey G. Homrig**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jeremy Jason Lang**
                                                    (See above for address)
                                                    *TERMINATED: 11/16/2011*

                                                    **Joseph H Lee**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Joseph Shear**
(See above for address)
*TERMINATED: 06/04/2013*
*ATTORNEY TO BE NOTICED*

**Patricia E Chow**
(See above for address)
*TERMINATED: 02/22/2011*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sudip Kundu**
(See above for address)
*TERMINATED: 02/22/2011*

V.

**Counter Defendant**

**Convolve, Inc.**                represented by **A James Anderson**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Anna Carr Halsey**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Bryan J Vogel**
                                                 (See above for address)
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Eric M. Albritton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Jacqueline K Burt**
                                                 (See above for address)

*TERMINATED: 08/18/2010*

**Marla R Butler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Counter Claimant**

**Hitachi Ltd.**                represented by **Douglas E Lumish**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason D Kipnis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey G. Homrig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Jason Lang**
(See above for address)
*TERMINATED: 11/16/2011*

**Joseph H Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Shear**
(See above for address)
*TERMINATED: 06/04/2013*
*ATTORNEY TO BE NOTICED*

**Patricia E Chow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sudip Kundu**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Convolve, Inc.**                 represented by    **A James Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anna Carr Halsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacqueline K Burt**
(See above for address)
*TERMINATED: 08/18/2010*

**Marla R Butler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Counter Claimant**

**Western Digital Corporation**     represented by **Bruce A Wessel**
(See above for address)
*TERMINATED: 10/24/2013*
*LEAD ATTORNEY*

**Douglas E Lumish**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Schwarz**
(See above for address)
*TERMINATED: 10/24/2013*

**Garland A Kelley**
(See above for address)
*TERMINATED: 09/19/2012*

**Harold Kip Glasscock , Jr**
(See above for address)
*TERMINATED: 09/21/2012*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey G. Homrig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph H Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reynaldo C Barcelo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard M Birnholz**
(See above for address)
*TERMINATED: 10/24/2013*
*PRO HAC VICE*

**Thomas C Werner**
(See above for address)
*TERMINATED: 10/24/2013*
*PRO HAC VICE*

**William D Bowen**
(See above for address)
*TERMINATED: 11/13/2009*

V.

**Counter Defendant**

**Convolve, Inc.**                  represented by **A James Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adam A Biggs**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ailis L Burpee**
Robins Kaplan Miller & Ciresi -
Atlanta
950 East Paces Ferry Road, NE
Suite 2600
Atlanta, GA 30326
404/760-3862
Fax: 404/233-1267
Email: alburpee@rkmc.com
*TERMINATED: 09/07/2012*
*ATTORNEY TO BE NOTICED*

**Anna Carr Halsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C Dotson**
(See above for address)
*TERMINATED: 07/02/2010*

**Elizabeth V Thomas**
(See above for address)
*TERMINATED: 06/24/2013*

**Eric M. Albritton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
(See above for address)
*TERMINATED: 03/03/2015*

**Jacqueline K Burt**
(See above for address)
*TERMINATED: 08/18/2010*

**Jennifer A Adler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R Butler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Edwards**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Tara S G Sharp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Trevor John Foster**
(See above for address)
*TERMINATED: 08/24/2012*

**Counter Claimant**

**Dell Inc.**                    represented by **Deron R Dacus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott F Partridge**
(See above for address)
*TERMINATED: 05/05/2011*
*LEAD ATTORNEY*

**Amanda Woodall**
(See above for address)
*TERMINATED: 07/21/2011*

**Bradley Bowling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Scott Ponder**
(See above for address)
*TERMINATED: 02/21/2012*

**Jeffrey G. Homrig**
(See above for address)

**Joshua J Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimball R Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcus T Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Charles Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Joseph Fulghum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tammy M Pennington Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Convolve, Inc.**                    represented by **A James Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adam A Biggs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ailis L Burpee**
(See above for address)
*TERMINATED: 09/07/2012*

**Anna Carr Halsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan J Vogel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C Dotson**
(See above for address)
*TERMINATED: 07/02/2010*

**Elizabeth V Thomas**
(See above for address)
*TERMINATED: 06/24/2013*

**Eric M. Albritton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
(See above for address)
*TERMINATED: 03/03/2015*

**Jacqueline K Burt**
(See above for address)
*TERMINATED: 08/18/2010*

**Jennifer A Adler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R Butler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Edwards**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen R Risley**
(See above for address)
*TERMINATED: 09/11/2009*
*PRO HAC VICE*

**Tara S G Sharp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas John Ward , Jr**
(See above for address)
*TERMINATED: 03/03/2015*

**Trevor John Foster**
(See above for address)
*TERMINATED: 08/24/2012*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2008 | 1 | COMPLAINT against Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd. ( Filing fee $ 350 receipt number 0540000000001582566.), filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Civil Cover Sheet)(Albritton, Eric) (Entered: 06/18/2008) |
| 06/18/2008 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Albritton, Eric) (Entered: 06/18/2008) |
| 06/18/2008 | 3 | CORPORATE DISCLOSURE STATEMENT (NO Parent) filed by Convolve, Inc. (Albritton, Eric) Modified on 6/18/2008 (sm, ). (Entered: 06/18/2008) |
| 06/18/2008 | 4 | NOTICE of Attorney Appearance by Thomas John Ward, Jr on behalf of Convolve, Inc. (Ward, Thomas) (Entered: 06/18/2008) |
| 06/23/2008 | 5 | STANDING ORDER REFERRING CASE to Magistrate Judge Chad Everingham IV. Signed by Judge David Folsom on 6/18/08. Signed by Judge David Folsom on 6/18/08. (ehs, ) (Entered: 06/23/2008) |
| 06/23/2008 | 6 | Magistrate Consent Form Mailed to Convolve, Inc. (ehs, ) (Entered: 06/23/2008) |
| 07/03/2008 | 7 | APPLICATION to Appear Pro Hac Vice by Attorney A James Anderson for Convolve, Inc. (APPROVED)(FEE PAID) 2-1-3929. (ch, ) (Entered: 07/08/2008) |
| 07/03/2008 | 8 | APPLICATION to Appear Pro Hac Vice by Attorney Marla R Butler for Convolve, Inc. (APPROVED)(FEE PAID) 2-1-3929. (ch, ) (ch, ). (Entered: 07/08/2008) |
| 07/03/2008 | 9 | APPLICATION to Appear Pro Hac Vice by Attorney Anna R Carr for Convolve, Inc. (APPROVED)(FEE PAID) 2-1-3929. (ch, ) (Entered: 07/08/2008) |
| 07/03/2008 | 10 | APPLICATION to Appear Pro Hac Vice by Attorney Jacqueline R Knapp for Convolve, Inc. (APPROVED)(FEE |

|  |  | PAID) 2-1-3929. (ch, ) (Entered: 07/08/2008) |
|---|---|---|
| 07/03/2008 | 11 | APPLICATION to Appear Pro Hac Vice by Attorney Stephen R Risley for Convolve, Inc. (APPROVED)(FEE PAID) 2-1-3929 (ch, ) (Entered: 07/08/2008) |
| 09/25/2008 |  | E-GOV SEALED SUMMONS Issued as to Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (ch, ) (Entered: 09/25/2008) |
| 10/10/2008 | 12 | AMENDED COMPLAINT against Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd., filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Albritton, Eric) (Entered: 10/10/2008) |
| 10/23/2008 | 🔒 13 | E-GOV SEALED SUMMONS Returned Executed by Convolve, Inc.. Hitachi Global Storage Technologies, Inc. served on 10/13/2008, answer due 11/3/2008. (ehs, ) (Entered: 10/24/2008) |
| 10/23/2008 | 🔒 14 | E-GOV SEALED SUMMONS Returned Executed by Convolve, Inc.. Western Digital Corporation served on 10/13/2008, answer due 11/3/2008. (ehs, ) (Entered: 10/24/2008) |
| 10/23/2008 | 🔒 15 | E-GOV SEALED SUMMONS Returned Executed by Convolve, Inc.. Dell Inc. served on 10/13/2008, answer due 11/3/2008. (ehs, ) (Entered: 10/24/2008) |
| 10/31/2008 | 16 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Hitachi Global Storage Technologies, Inc..( Galvan, Hilda) (Entered: 10/31/2008) |
| 10/31/2008 | 17 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Western Digital Corporation. ( Glasscock, Harold) (Entered: 10/31/2008) |
| 10/31/2008 | 18 | NOTICE of Attorney Appearance by Scott F Partridge on behalf of Dell Inc. (Partridge, Scott) (Entered: 10/31/2008) |
| 10/31/2008 | 19 | Unopposed MOTION for Extension of Time to File Answer *or Otherwise Respond To The First Amended Complaint* by Dell Inc.. (Attachments: # 1 Text of Proposed Order) |

| | | (Partridge, Scott) (Entered: 10/31/2008) |
|---|---|---|
| 10/31/2008 | 20 | NOTICE of Attorney Appearance by Roger Joseph Fulghum on behalf of Dell Inc. (Fulghum, Roger) (Entered: 10/31/2008) |
| 10/31/2008 | 21 | NOTICE of Attorney Appearance by Harold Kip Glasscock, Jr on behalf of Western Digital Corporation (Glasscock, Harold) (Entered: 10/31/2008) |
| 11/03/2008 | 🔒 | (Court only) ***Attorney Hilda Contreras Galvan for Hitachi Global Storage Technologies, Inc. added. (mpv, ) (Entered: 11/03/2008) |
| 11/03/2008 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Hitachi Global Storage Technologies, Inc. to 11/18/2008. 15 Days Granted for Deadline Extension. ( mpv, ) (Entered: 11/03/2008) |
| 11/03/2008 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Western Digital Corporation to 12/19/2008. 45 Days Granted for Deadline Extension.( mpv, ) (Entered: 11/03/2008) |
| 11/07/2008 | 22 | ORDER granting 19 Motion for Extension of Time to Answer. Deadline for Dell to answer first amended complaint extended to 12/19/08. Signed by Magistrate Judge Charles Everingham on 11/7/08. (ehs, ) (Entered: 11/07/2008) |
| 11/18/2008 | 23 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of Hitachi Global Storage Technologies, Inc. (Craft, Roger) (Entered: 11/18/2008) |
| 11/18/2008 | 24 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Hitachi Global Storage Technologies, Inc..( Craft, Roger) (Entered: 11/18/2008) |
| 11/19/2008 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Hitachi Global Storage Technologies, Inc. to 12/19/2008. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 11/19/2008) |

| | | |
|---|---|---|
| 11/20/2008 | 25 | APPLICATION to Appear Pro Hac Vice by Attorney Jason D Kipnis for Hitachi Global Storage Technologies, Inc. and Hitachi Ltd. (APPROVED)(FEE PAID) 2-1-4250. (ch, ) (Entered: 11/20/2008) |
| 11/20/2008 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Sudip Kundu for Hitachi Global Storage Technologies, Inc. and Hitachi Ltd.. (APPROVED FEE PAID 2-1-4250) (ehs, ) (Entered: 11/20/2008) |
| 11/20/2008 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Douglas E Lumish for Hitachi Global Storage Technologies, Inc. and Hitachi Ltd. (APPROVED)(FEE PAID) 2-1-4250. (ch, ) (Entered: 11/20/2008) |
| 11/20/2008 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney Patricia E Chow for Hitachi Global Storage Technologies, Inc. and Hitachi Ltd.. (APPROVED FEE PAID 2-1-4250) (ehs, ) (Entered: 11/20/2008) |
| 11/21/2008 | 29 | Unopposed MOTION to Withdraw as Attorney by Hitachi Global Storage Technologies, Inc.. (Attachments: # 1 Text of Proposed Order)(Galvan, Hilda) (Entered: 11/21/2008) |
| 11/21/2008 | 30 | NOTICE of Attorney Appearance by Eric Hugh Findlay on behalf of Hitachi Global Storage Technologies, Inc. (Findlay, Eric) (Entered: 11/21/2008) |
| 11/25/2008 | 31 | ORDER granting 29 Motion to Withdraw as Attorney. Attorney Hilda Contreras Galvan terminated as counsel for Hitachi Global Storage Technologies Inc. Signed by Magistrate Judge Charles Everingham on 11/25/08. (ch, ) (Entered: 11/25/2008) |
| 12/17/2008 | 32 | APPLICATION to Appear Pro Hac Vice by Attorney Bruce A Wessel for Western Digital Corporation. (APPROVED FEE PAID) 2-1-4333 (ch, ) (Entered: 12/18/2008) |
| 12/19/2008 | 33 | ANSWER to 12 Amended Complaint,, COUNTERCLAIM against Convolve, Inc. by Western Digital Corporation. (Wessel, Bruce) (Entered: 12/19/2008) |
| 12/19/2008 | 34 | CORPORATE DISCLOSURE STATEMENT filed by Western Digital Corporation (Wessel, Bruce) (Entered: 12/19/2008) |

| 12/19/2008 | 35 | NOTICE of Attorney Appearance by Joshua J Parker on behalf of Dell Inc. (Parker, Joshua) (Entered: 12/19/2008) |
|---|---|---|
| 12/19/2008 | 36 | *Dell's* ANSWER to 12 Amended Complaint,, COUNTERCLAIM against Convolve, Inc. by Dell Inc.. (Fulghum, Roger) (Entered: 12/19/2008) |
| 12/19/2008 | 37 | ANSWER to 12 Amended Complaint, *Affirmative Defenses and*, COUNTERCLAIM against Convolve, Inc. by Hitachi Global Storage Technologies, Inc..(Findlay, Eric) (Entered: 12/19/2008) |
| 12/19/2008 | 38 | CORPORATE DISCLOSURE STATEMENT filed by Hitachi Global Storage Technologies, Inc. identifying Corporate Parent Hitachi Global Storage Technologies Netherlands, B.V., Corporate Parent Hitachi Ltd. for Hitachi Global Storage Technologies, Inc.. (Findlay, Eric) (Entered: 12/19/2008) |
| 12/19/2008 | 39 | CORPORATE DISCLOSURE STATEMENT filed by Dell Inc. (Fulghum, Roger) (Entered: 12/19/2008) |
| 12/23/2008 | 40 | MOTION to Change Venue *Defendants' Motion to Transfer* by Hitachi Global Storage Technologies, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of Anne Kiernan, # 3 Affidavit of Sudip Kundu, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K)(Findlay, Eric) (Entered: 12/23/2008) |
| 01/07/2009 | 41 | RESPONSE to Motion re 40 MOTION to Change Venue *Defendants' Motion to Transfer Convolve Inc.'s Response to Defendants Hitachi Global Storage Technologies, Inc., Dell Inc., and Western Digital Corporation's Motion to Transfer Venue filed by Convolve, Inc..* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Text of Proposed Order)(Albritton, Eric) (Entered: 01/07/2009) |
| 01/12/2009 | 42 | ANSWER to 36 Answer to Amended Complaint, Counterclaim *Convolve, Inc.'s Answer and Affirmative Defenses to Dell, Inc.'s Counterclaims* by Convolve, Inc.. (Albritton, Eric) (Entered: 01/12/2009) |

| 01/12/2009 | 43 | ANSWER to 37 Answer to Amended Complaint, Counterclaim *Convolve, Inc.'s Answer and Affirmative Defenses to Hitachi Global Storage Technologies, Inc.'s Counterclaims* by Convolve, Inc..(Albritton, Eric) (Entered: 01/12/2009) |
| 01/12/2009 | 44 | ANSWER to 33 Answer to Amended Complaint, Counterclaim *Convolve, Inc.'s Answer and Affirmative Defenses to Western Digital Corporation's Counterclaims* by Convolve, Inc..(Albritton, Eric) (Entered: 01/12/2009) |
| 01/14/2009 | 45 | ANSWER to 12 Amended Complaint, *Affirmative Defenses,* COUNTERCLAIM against Convolve, Inc. by Hitachi Ltd.. (Findlay, Eric) (Entered: 01/14/2009) |
| 01/14/2009 | 46 | REPLY to Response to Motion re 40 MOTION to Change Venue *Defendants' Motion to Transfer filed by Hitachi Global Storage Technologies, Inc..* (Findlay, Eric) (Entered: 01/14/2009) |
| 01/14/2009 | 47 | Additional Attachments to Main Document: 46 Reply to Response to Motion.. (Attachments: # 1 Affidavit of Sudip Kundu, # 2 Exhibit L)(Findlay, Eric) (Entered: 01/14/2009) |
| 01/20/2009 | 48 | NOTICE by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. *Notice of Change of Contact Information for Eric Findlay and Brian Craft* (Findlay, Eric) (Entered: 01/20/2009) |
| 01/21/2009 | 49 | NOTICE of Hearing: Scheduling Conference set for 2/17/2009 02:00 PM in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (jml, ) (Entered: 01/21/2009) |
| 01/26/2009 | 50 | Notice of Scheduling Conference, Proposed Deadlines for Docket Control Order and Discovery Order. Scheduling Conference set for 2/17/2009 02:00 PM before Magistrate Judge Charles Everingham.. Signed by Magistrate Judge Charles Everingham on 1/26/09. (ch, ) (Entered: 01/26/2009) |
| 01/26/2009 | 51 | SUR-REPLY to Reply to Response to Motion re 40 MOTION to Change Venue *Defendants' Motion to Transfer Plaintiff Convolve Inc.'s Sur-Reply to Defendants' Reply Regarding Defendants' Motion to Transfer Venue filed by* |

| | | |
|---|---|---|
| | | *Convolve, Inc..* (Attachments: # 1 Exhibit I, # 2 Exhibit J) (Albritton, Eric) (Entered: 01/26/2009) |
| 02/06/2009 | 52 | ANSWER to 45 Answer to Amended Complaint, Counterclaim *Convolve, Inc.'s Answer and Affirmative Defenses to Hitachi, LTD's Counterclaims* by Convolve, Inc..(Albritton, Eric) (Entered: 02/06/2009) |
| 02/13/2009 | 53 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit A - Proposed Docket Control Order with March 7, 2011 Final Pre Trial Conference, # 2 Exhibit B - Proposed Docket Control Order with October 3, 2011 Final Pre Trial Conference)(Albritton, Eric) (Additional attachment(s) added on 2/17/2009: # 3 Revised Order (Exh A), # 4 Revised Order (Exh B)) (sm, ). (Entered: 02/13/2009) |
| 02/16/2009 | 54 | NOTICE of Attorney Appearance by Michael Charles Smith on behalf of Dell Inc. (Smith, Michael) (Entered: 02/16/2009) |
| 02/17/2009 | 55 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Scheduling Conference held on 2/17/2009. (Jan Lockhart, ECRO.) (jml) (Entered: 02/24/2009) |
| 02/24/2009 | 56 | CONSENT to Proceed Before US Magistrate Judge. Case reassigned to Magistrate Judge Charles Everingham. (ehs, ) (Entered: 02/24/2009) |
| 02/24/2009 | 57 | ORDER assigning case to Judge Everingham by consent of the parties for all further proceedings and entry of judgment. Signed by Judge David Folsom on 2/24/09. (ehs, ) (Entered: 02/24/2009) |
| 03/03/2009 | 58 | CORPORATE DISCLOSURE STATEMENT filed by Hitachi Ltd. identifying Corporate Parent None for Hitachi Ltd.. (Findlay, Eric) (Entered: 03/03/2009) |
| 03/03/2009 | 59 | Joint MOTION for Discovery *Order* by Convolve, Inc.. (Attachments: # 1 Exhibit A Discovery Order)(Albritton, Eric) (Additional attachment(s) added on 3/4/2009: # 2 Text of Proposed Order) (sm, ). (Entered: 03/03/2009) |
| 03/06/2009 | 60 | DISCOVERY ORDER. Signed by Magistrate Judge Charles Everingham on 3/6/09. (ehs, ) (Entered: 03/06/2009) |

| 03/06/2009 | 61 | DOCKET CONTROL ORDER - Amended Pleadings due by 6/30/2010. Discovery due by 2/12/2010. Expert Witness List due by 9/2/2010. Joinder of Parties due by 1/15/2010. Markman Hearing set for 5/11/2010 09:00 AM before Magistrate Judge Charles Everingham. Jury Selection set for 3/10/2011 09:00AM before Magistrate Judge Charles Everingham. Pretrial Conference set for 2/18/2011 09:30 AM before Magistrate Judge Charles Everingham. Signed by Magistrate Judge Charles Everingham on 3/6/09. (ehs, ) (Entered: 03/06/2009) |
| --- | --- | --- |
| 03/12/2009 | 62 | APPLICATION to Appear Pro Hac Vice by Attorney David C Dotson for Convolve, Inc. (APPROVED FEE PAID) 2-1-4564. (ch, ) (Entered: 03/13/2009) |
| 03/17/2009 | 63 | Agreed MOTION *Agreed Motion to Appoint Mediator* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order) (Albritton, Eric) (Entered: 03/17/2009) |
| 03/19/2009 | 64 | Unopposed MOTION for Extension of Time to File *Convolve, Inc.'s by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) Modified on 3/19/2009 (sm, ). (Entered: 03/19/2009)* |
| 03/20/2009 | 65 | ORDER granting 64 Motion for Extension of Time to File Protective Order. Deadline is extended to 4/2/09. Signed by Magistrate Judge Charles Everingham on 3/20/09. (ch, ) (Entered: 03/20/2009) |
| 04/02/2009 | 66 | Joint MOTION for Protective Order by Convolve, Inc., Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Ward, Thomas) (Entered: 04/02/2009) |
| 05/01/2009 | 67 | NOTICE of Disclosure by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Findlay, Eric) (Entered: 05/01/2009) |
| 05/01/2009 | 68 | NOTICE of Disclosure by Convolve, Inc. (Carr, Anna) (Entered: 05/01/2009) |
| 05/01/2009 | 69 | NOTICE of Disclosure by Convolve, Inc. *Pursuant to P.R. 3-1 and 3-2* (Anderson, A) (Entered: 05/01/2009) |
| 05/04/2009 | 70 | ***FILED IN ERROR. PER ATTORNEY. PLEASE** |

| | | |
|---|---|---|
| | | **IGNORE***<br><br>Unopposed MOTION for Extension of Time to File *Initial Disclosure Statement* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order Proposed Order) (Glasscock, Harold) Modified on 5/4/2009 (ch, ). (Entered: 05/04/2009) |
| 05/04/2009 | 71 | ***REPLACES DOC#70***<br><br>Unopposed MOTION for Extension of Time to File *Initial Disclosure Statement* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Glasscock, Harold) Modified on 5/4/2009 (ch, ). (Additional attachment(s) added on 5/5/2009: # 2 REVISED ORDER) (ch, ). (Entered: 05/04/2009) |
| 05/04/2009 | | ***FILED IN ERROR. PER ATTORNEY Document # 70, Unopposed Motion. PLEASE IGNORE.***<br><br>(ATTORNEY REFILED SEE CORRECTED DOCUMENT # 71)(ch, ) (Entered: 05/04/2009) |
| 05/05/2009 | 72 | NOTICE by Dell Inc. *of Service of Initial Disclosures* (Fulghum, Roger) (Entered: 05/05/2009) |
| 05/05/2009 | 73 | ORDER granting 71 Motion for Extension of Time to File deft's Western Digital Corporations Initial Disclosure Statement. Deadline extended to 5/8/09. Signed by Magistrate Judge Charles Everingham on 5/5/09. (ehs, ) (Entered: 05/05/2009) |
| 05/08/2009 | 74 | NOTICE by Western Digital Corporation *of Notice of Service of Initial Disclosures* (Wessel, Bruce) (Entered: 05/08/2009) |
| 06/09/2009 | 75 | NOTICE of Attorney Appearance by Tammy M Pennington on behalf of Dell Inc. (Pennington, Tammy) (Entered: 06/09/2009) |
| 06/17/2009 | 76 | NOTICE by Dell Inc. *of Compliance with P.R. 3-3 and 3-4* (Fulghum, Roger) (Entered: 06/17/2009) |
| 06/17/2009 | 77 | NOTICE of Disclosure by Hitachi Global Storage |

| | | |
|---|---|---|
| | | Technologies, Inc., Hitachi Ltd. *Notice of Compliance with Patent Rule 3-3 and 3-4* (Findlay, Eric) (Entered: 06/17/2009) |
| 06/18/2009 | 78 | NOTICE of Disclosure by Western Digital Corporation *of Compliance with P.R. 3-3 and 3-4* (Wessel, Bruce) (Entered: 06/18/2009) |
| 06/25/2009 | 79 | APPLICATION to Appear Pro Hac Vice by Attorney William D Bowen for Western Digital Corporation. (APPROVED FEE PAID) 2-1-4775 (ch, ) (Entered: 06/25/2009) |
| 06/25/2009 | 80 | APPLICATION to Appear Pro Hac Vice by Attorney Thomas C Werner for Western Digital Corporation. (APPROVED FEE PAID) 2-1-4775(ch, ) (Entered: 06/25/2009) |
| 06/26/2009 | 81 | NOTICE of Disclosure by Convolve, Inc. (Albritton, Eric) (Entered: 06/26/2009) |
| 06/26/2009 | 82 | NOTICE by Convolve, Inc. *Re: Computation of Damages* (Albritton, Eric) (Entered: 06/26/2009) |
| 06/26/2009 | 83 | NOTICE of Disclosure by Convolve, Inc. *First Supplemental* (Albritton, Eric) (Entered: 06/26/2009) |
| 06/26/2009 | 84 | NOTICE of Disclosure by Western Digital Corporation *re Amended Initial Disclosures* (Wessel, Bruce) (Entered: 06/26/2009) |
| 06/26/2009 | 85 | NOTICE of Disclosure by Western Digital Corporation (Wessel, Bruce) (Entered: 06/26/2009) |
| 06/29/2009 | 86 | NOTICE of Disclosure by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. *Notice of Disclosure Pursuant to Paragraph 3 of the Court's Discovery Order* (Findlay, Eric) (Entered: 06/29/2009) |
| 06/29/2009 | 87 | NOTICE of Disclosure by Dell Inc. (Fulghum, Roger) (Entered: 06/29/2009) |
| 07/24/2009 | 88 | NOTICE of Disclosure by Western Digital Corporation *PURSUANT TO PARAGRAPH 5 OF THE COURTS DISCOVERY ORDER* (Wessel, Bruce) (Entered: 07/24/2009) |
| | | |

| 07/27/2009 | 89 | NOTICE of Disclosure by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. *Notice of Service of Privilege Log* (Findlay, Eric) (Entered: 07/27/2009) |
| 07/27/2009 | 90 | NOTICE by Convolve, Inc. *Plaintiff's Notice of Service of Privilege Log* (Albritton, Eric) (Entered: 07/27/2009) |
| 07/28/2009 | 91 | NOTICE by Dell Inc. *of Service of Privilege Log* (Fulghum, Roger) (Entered: 07/28/2009) |
| 08/21/2009 | 92 | NOTICE by Convolve, Inc. *Convolve's Notice Pursuant to Paragraph 5 of the Discovery Order* (Albritton, Eric) (Entered: 08/21/2009) |
| 08/21/2009 | 93 | NOTICE of Attorney Appearance by Bradley Bowling on behalf of Dell Inc. (Bowling, Bradley) (Entered: 08/21/2009) |
| 08/21/2009 | 94 | NOTICE by Western Digital Corporation *PURSUANT TO PARAGRAPH 5 OF THE COURTS DISCOVERY ORDER* (Wessel, Bruce) (Entered: 08/21/2009) |
| 08/24/2009 | 95 | NOTICE of Disclosure by Convolve, Inc. *Pursuant to Patent Rule 4-1(a)* (Albritton, Eric) (Entered: 08/24/2009) |
| 08/24/2009 | 96 | NOTICE of Disclosure by Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc. (Fulghum, Roger) (Entered: 08/24/2009) |
| 09/03/2009 | 97 | MOTION For Protection From Plaintiff Convolve, Inc.'s Notice of Rule 30(B)(6) Deposition by Dell Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Fulghum, Roger) (Entered: 09/03/2009) |
| 09/08/2009 | 98 | Unopposed MOTION to Withdraw as Attorney *Plaintiff's Unopposed Motion to Withdraw Stephen Risley as Counsel of Record* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 09/08/2009) |
| 09/11/2009 | 99 | ORDER granting 98 Motion to Withdraw as Attorney. Attorney Stephen R Risley terminated for pltf. Signed by Magistrate Judge Charles Everingham on 9/11/09. (ehs, ) (Entered: 09/11/2009) |
| 09/18/2009 | 100 | NOTICE of Disclosure by Convolve, Inc. *Plaintiff Notice of Disclosure of Asserted Claims* (Albritton, Eric) (Entered: |

| | | 09/18/2009 |
|---|---|---|
| 09/18/2009 | 101 | RESPONSE in Opposition re 97 MOTION For Protection From Plaintiff Convolve, Inc.'s Notice of Rule 30(B)(6) Deposition *Convolve Inc.'s Response in Opposition to Dell Inc.'s Motion for Protection from Plaintiff's Notice of Rule 30 (b)(6) Deposition filed by Convolve, Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order) (Albritton, Eric) (Entered: 09/18/2009) |
| 09/28/2009 | 102 | REPLY to Response to Motion re 97 MOTION For Protection From Plaintiff Convolve, Inc.'s Notice of Rule 30 (B)(6) Deposition *filed by Dell Inc..* (Fulghum, Roger) (Entered: 09/28/2009) |
| 09/30/2009 | 103 | ORDER denying 40 Motion to Change Venue. Signed by Magistrate Judge Charles Everingham on 9/30/09. (ch, ) (Entered: 09/30/2009) |
| 10/12/2009 | 104 | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of Convolve, Inc. (Hill, Jack) (Entered: 10/12/2009) |
| 11/10/2009 | 105 | Unopposed MOTION to Modify Discovery Order re Early Mediation Deadline by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 11/10/2009) |
| 11/10/2009 | 106 | Unopposed MOTION to Withdraw as Attorney *re William D. Bowen* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 11/10/2009) |
| 11/13/2009 | 107 | ORDER granting 106 Motion to Withdraw as Attorney. Attorney William D Bowen terminated as counsel for Western Digital Corporation. Signed by Magistrate Judge Charles Everingham on 11/13/09. (ehs, ) (Entered: 11/13/2009) |
| 11/19/2009 | 108 | APPLICATION to Appear Pro Hac Vice by Attorney Reynaldo C Barcelo for Western Digital Corporation. (APPROVED FEE PAID) 2-1-5038 (ch, ) (Entered: 11/19/2009) |
| 12/01/2009 | 109 | Joint MOTION to Amend/Correct *Joint Motion to Amend the Docket Control Order* by Convolve, Inc., Dell Inc., |

| | | Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 12/01/2009) |
|---|---|---|
| 12/03/2009 | 110 | ORDER granting 109 Motion to Amend docket control order. Deadline for parties to exchange preliminary Claim Construction and Extrinsic Evidence (PR4-2) extended to 12/11/09. Signed by Magistrate Judge Charles Everingham on 12/3/09. (ehs, ) (Entered: 12/03/2009) |
| 12/08/2009 | 111 | NOTICE of Attorney Appearance by Adam A Biggs on behalf of Convolve, Inc. (Biggs, Adam) (Entered: 12/08/2009) |
| 12/11/2009 | 112 | Joint MOTION to Amend/Correct *Joint Motion to Amend the Docket Control Order* by Convolve, Inc., Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 12/11/2009) |
| 12/14/2009 | 113 | ORDER granting 112 Motion to Amend docket control order. All parties make Exchange of Preliminary Claim Constructions and Extrinsic Evidence P.R. 4-2 January 18, 2010. All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence P.R. 4-2(c) January 25, 2010. All parties jointly file Joint Claim Construction and Prehearing Statement P.R. 4-3 January 29, 2010. Deadline to join other parties without leave of Court, which shall be at least 60 days before the deadline for filing dispositive motions January 29, 2010. Completion of Claim Construction Discovery P.R. 4-4 February 26, 2010. Patentee files opening claim construction briefP.R. 4-5(a) March 12, 2010. Accused Infringer files responsive claim construction brief P.R. 4-5(b) March 26, 2010. Patentee files reply brief on claim construction P.R. 4-5(c) April 2, 2010. ONLY WITH LEAVE OF COURTAccused infringer files sur-reply brief on claim construction April 9, 2010.Parties file Joint Claim Construction ChartP.R. 4-5(d) April 16, 2010. Signed by Magistrate Judge Charles Everingham on 12/14/09. (ehs, ) (Entered: 12/14/2009) |
| 12/16/2009 | 114 | Unopposed MOTION for Leave to File *Plaintiff;s Unopposed Motion for Leave to Amend its P.R. 3-1 & 3-2* |

| | | *Disclosures* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 12/16/2009) |
|---|---|---|
| 12/18/2009 | 115 | ORDER granting 114 Motion for Leave to File Amend its Local Patent Rule 3-1 and 3-2 Disclosures. ORDERS Convolve to serve its Amended Local Patent Rule 3- 1 and 3-2 Disclosures on Defendants within three (3) business days of the entry of this Order. Signed by Magistrate Judge Charles Everingham on 12/18/09. (ch, ) (Entered: 12/18/2009) |
| 12/29/2009 | 116 | Unopposed MOTION for Leave to File *to Amend Defendants' Invalidity Contentions* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order) (Werner, Thomas) (Entered: 12/29/2009) |
| 12/30/2009 | 117 | ORDER granting 116 Motion for Leave to Amend Invalidity Contentions. ORDERS Defendants to serve their amended invalidity contentions on Plaintiff Convolve within three (3) business days of the entry of this Order. Signed by Magistrate Judge Charles Everingham on 12/30/09. (ch, ) (Entered: 12/30/2009) |
| 01/08/2010 | 118 | ORDER granting 66 Motion for Protective Order. Signed by Magistrate Judge Charles Everingham on 1/8/2010. (ch, ) (Entered: 01/08/2010) |
| 01/11/2010 | 119 | ORDER granting 105 Motion to modify the docket control order. Signed by Magistrate Judge Charles Everingham on 1/11/10. (ehs, ) (Entered: 01/11/2010) |
| 01/18/2010 | 120 | Agreed MOTION for Protective Order *Agreed Motion for Entry of Protective Order* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Protective Order) (Albritton, Eric) (Entered: 01/18/2010) |
| 01/21/2010 | 121 | PROTECTIVE ORDER. Signed by Magistrate Judge Charles Everingham on 1/21/10. (ehs, ) (Entered: 01/21/2010) |
| 01/25/2010 | 122 | Unopposed MOTION for Leave to File *Convolve Inc.'s Unopposed Motion for Leave to Amend its PR 3-1 Disclosures to Defendants* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: |

| | | 01/25/2010) |
|---|---|---|
| 01/26/2010 | 123 | ORDER granting 122 Motion for Leave to File to Amend it Local Patent Rule 3-1 and 3-2 Disclosures. Convolve is to serve Disclosures on dfts within three (3) business days of the entry of this order. Signed by Magistrate Judge Charles Everingham on 1/26/2010. (ch, ) (Entered: 01/26/2010) |
| 02/23/2010 | 124 | Joint MOTION to Amend/Correct *Joint Motion to Amend the Docket Control Order* by Western Digital Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Werner, Thomas) (Entered: 02/23/2010) |
| 02/25/2010 | 125 | ORDER REFERRING CASE to Mediator. Hon. Robert W. Faulkner, appointed as mediator. Signed by Magistrate Judge Charles Everingham on 2/25/10. (ehs, ) (Entered: 02/25/2010) |
| 03/04/2010 | 🔒 | (Court only) ***Motions terminated: 63 Agreed MOTION *Agreed Motion to Appoint Mediator* filed by Convolve, Inc.. Terminated by Dkt. No. 125. (jgw) (Entered: 03/04/2010) |
| 03/24/2010 | 126 | AMENDED DOCKET CONTROL ORDER - Jury Selection set for 7/5/2011 01:30PM before Magistrate Judge Charles Everingham., Markman Hearing set for 9/9/2010 09:00 AM before Magistrate Judge Charles Everingham., Pretrial Conference set for 6/27/2011 09:00 AM before Magistrate Judge Charles Everingham. Signed by Magistrate Judge Charles Everingham on 3/24/10. (ehs, ) (Entered: 03/24/2010) |
| 03/25/2010 | 127 | NOTICE of Hearing: Jury Selection set for 7/5/2011, 09:00 AM, and Pretrial Conference set for 6/27/2011, 01:30 PM, in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham.(delat) (Entered: 03/25/2010) |
| 03/29/2010 | 128 | Opposed MOTION for Protective Order *Motion and Memorandum in Support of thereof for Protective Order to prevent Defendant Hitachi from disclosing Convolve Inc.'s Confidential and Highly Confidential Discovery Material to Dr. Michael Sidman* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 |

| | | |
|---|---|---|
| | | Exhibit I, # 10 Text of Proposed Order)(Albritton, Eric) (Entered: 03/29/2010) |
| 03/31/2010 | 129 | ***FILED IN ERROR, PLEASE IGNORE.*** <br><br> Submission of Proposed Agreed Docket Control/Scheduling order by Western Digital Corporation *Jointly on Behalf of All Parties Pursuant to the Court's March 24, 2010 Order.* (Wessel, Bruce) Modified on 4/1/2010 (sm, ). (Entered: 03/31/2010) |
| 04/01/2010 | | ***FILED IN ERROR, PROPOSED ORDER FILED AS STAND ALONE ENTRY. Document # 129, Submission of Agreed Order. PLEASE IGNORE.*** <br><br> (sm, ) (Entered: 04/01/2010) |
| 04/01/2010 | 130 | NOTICE by Western Digital Corporation re 126 Order, Terminate Motions, Set Hearings,,, *of Filing of Joint Proposed Amended Docket Control Order* (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 04/01/2010) |
| 04/05/2010 | 131 | ORDER - granting 130 Notice of Amended Docket Control Order. ORDERED that the following schedule of deadlines is in effect until further order of this court. Signed by Magistrate Judge Charles Everingham on 4/5/2010. (ch, ) (Entered: 04/05/2010) |
| 04/12/2010 | 132 | NOTICE by Dell Inc. *Notice of Service of Defendants' Supplemental List of Claim Terms, Phrases, Clauses, and Elements* (Fulghum, Roger) (Entered: 04/12/2010) |
| 04/12/2010 | 133 | MOTION to Change Venue *Defendants' Renewed Motion to Transfer Venue* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Wessel, Bruce) (Entered: 04/12/2010) |
| 04/15/2010 | 134 | RESPONSE in Opposition re 128 Opposed MOTION for Protective Order *Motion and Memorandum in Support of thereof for Protective Order to prevent Defendant Hitachi* |

| | | |
|---|---|---|
| | | from disclosing Convolve Inc.'s Confidential and Highly Confidential Discovery Material to Dr. Michael Sidman filed by Hitachi Global Storage Technologies, Inc.. (Attachments: # 1 Exhibit A - Declaration of Dr. Michael Sidman, # 2 Exhibit A.1, # 3 Exhibit A.2, # 4 Exhibit A.3, # 5 Exhibit B - Declaration of Sudip Kundu, # 6 Exhibit B.1, # 7 Exhibit B.2, # 8 Exhibit C - Request for Judicial Notice, # 9 Exhibit C.1, # 10 Exhibit C.2)(Lumish, Douglas) (Entered: 04/15/2010) |
| 04/16/2010 | 135 | Additional Attachments to Main Document (Certificate of Service): 134 Response in Opposition to Motion,,... (Lumish, Douglas) Modified on 4/16/2010 (sm, ). (Entered: 04/16/2010) |
| 04/23/2010 | 136 | NOTICE by Western Digital Corporation *of Subpoena* (Attachments: # 1 Exhibit 1 (Barbastathis Subpoena), # 2 Exhibit 2 (Machado Subpoena), # 3 Exhibit 3 (Phinney Subpoena), # 4 Exhibit 4 (Seering Subpoena), # 5 Exhibit 5 (Souri Subpoena))(Werner, Thomas) (Entered: 04/23/2010) |
| 04/23/2010 | 137 | SEALED REPLY to Response to Motion re 128 Opposed MOTION for Protective Order *Motion and Memorandum in Support of thereof for Protective Order to prevent Defendant Hitachi from disclosing Convolve Inc.'s Confidential and Highly Confidential Discovery Material to Dr. Michael Sidman* filed by Convolve, Inc.. (Attachments: # 1 Exhibit J) (Albritton, Eric) (Entered: 04/23/2010) |
| 04/26/2010 | 138 | NOTICE of Disclosure by Dell Inc. *, Western Digital Corporation, Hitachi Global Storage Technologies and Hitachi Ltd., of Defendants' Preliminary Claim Constructions and Extrinsic Evidence* (Fulghum, Roger) (Entered: 04/26/2010) |
| 04/27/2010 | 139 | NOTICE of Disclosure by Convolve, Inc. *Notice of Disclosures required by P.R. 4-2* (Albritton, Eric) (Entered: 04/27/2010) |
| 04/29/2010 | 140 | MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit |

|  |  | Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E, # 7 Exhibit Ex. F, # 8 Exhibit Ex. G, # 9 Exhibit Ex. H, # 10 Exhibit Ex. I, # 11 Exhibit Ex. J, # 12 Exhibit Ex. K, # 13 Exhibit Ex. L, # 14 Exhibit Ex. M, # 15 Text of Proposed Order)(Fulghum, Roger) (Entered: 04/29/2010) |
|------------|------|------------------------------------------------------------|
| 04/29/2010 | 141 | RESPONSE to Motion re 133 MOTION to Change Venue *Defendants' Renewed Motion to Transfer Venue filed by Convolve, Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Albritton, Eric) (Entered: 04/29/2010) |
| 04/30/2010 | 142 | RESPONSE to Motion re 133 MOTION to Change Venue *Defendants' Renewed Motion to Transfer Venue filed by Dell Inc..* (Fulghum, Roger) (Entered: 04/30/2010) |
| 05/04/2010 | 143 | Unopposed MOTION for Leave to File *Plaintiff's Unopposed Motion for Leave to Amend its PR 3-1 Disclosures to Defendants* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 05/04/2010) |
| 05/06/2010 | 144 | ORDER granting 143 Motion for Leave to Amend its Local Patent Rule 3-1 and 3-2 Disclosures. Deadline reset within three business days of the entry of this order. Signed by Magistrate Judge Charles Everingham on 5/6/10. (ehs, ) (Entered: 05/06/2010) |
| 05/10/2010 | 145 | REPLY to Response to Motion re 133 MOTION to Change Venue *Defendants' Renewed Motion to Transfer Venue filed by Western Digital Corporation.* (Attachments: # 1 Exhibit A)(Wessel, Bruce) (Entered: 05/10/2010) |
| 05/13/2010 | 146 | NOTICE of Attorney Appearance by Jeffrey G. Homrig on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Homrig, Jeffrey) (Entered: 05/13/2010) |
| 05/14/2010 | 147 | JOINT CLAIM CONSTRUCTION and PREHEARING STATEMENT filed by Convolve, Inc., Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) |

| | | |
|---|---|---|
| | | (Albritton, Eric) Modified on 5/17/2010 (sm, ). (Entered: 05/14/2010) |
| 05/17/2010 | | NOTICE FROM CLERK re 147 Claim Construction Brief. Clerk modified entry to show that it is a joint claim construction and prehearing statement. (sm, ) (Entered: 05/17/2010) |
| 05/17/2010 | 148 | Unopposed MOTION for Extension of Time to File *Plaintiff Convolve, Inc.'s Unopposed Motion to Extend Time to file Response to Defendants' Motion to Compel Production of Documents from Convolve, Inc.* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 05/17/2010) |
| 05/18/2010 | 149 | ORDER granting 148 Motion for Extension of Time to File. Convolve, Inc deadline is extended to 5/20/2010 to file a Response to Dft Motion to Compel Production of Documents. Signed by Magistrate Judge Charles Everingham on 5/18/2010. (ch, ) (Entered: 05/18/2010) |
| 05/18/2010 | 150 | Joint MOTION for Leave to File Excess Pages *Joint Motion for Expansion of Page Limits on Claim Construction Briefs,* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/18/2010) |
| 05/19/2010 | 151 | ORDER granting 150 Motion for Leave to File Excess Pages. The parties are granted leave to file opening claim construction briefs not to exceed 45 pages per side and reply briefs not to exceed 15 pages per side. Defendants reply brief shall only be filed with leave of Court.. Signed by Magistrate Judge Charles Everingham on 5/19/10. (ehs, ) (Entered: 05/19/2010) |
| 05/20/2010 | 152 | Unopposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc., Plaintiff Convolve, Inc.'s Unopposed Motion to Extend Time to File a Response to Defendants' Motion to Compel Production of Documents from Convolve, Inc.* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 05/20/2010) |
| 05/21/2010 | 153 | ORDER granting 152 Motion for Extension of Time to File |

| | | |
|---|---|---|
| | | Response to deft's motion to compel proeduction of documents. Signed by Magistrate Judge Charles Everingham on 5/21/10. (ehs, ) (Entered: 05/21/2010) |
| 05/21/2010 | 154 | SUR-REPLY to Reply to Response to Motion re 133 MOTION to Change Venue *Defendants' Renewed Motion to Transfer Venue Convolve, Inc.'s Sur-Reply in Support of its Opposition to Defendants Western Digital Corporation and Hitachi Global Storage Technologies, Inc.'s Renewed Motion to Transfer filed by Convolve, Inc..* (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 05/21/2010) |
| 06/01/2010 | 155 | ORDER denying 128 Motion for Protective Order. Because the plaintiff has not sufficiently shown a threat of competitive harm, the motion for a protective order is DENIED. The existing protective order (Dkt. No. 121) remains in effect. Signed by Magistrate Judge Charles Everingham on 6/10/10. (ehs, ) (Entered: 06/01/2010) |
| 06/01/2010 | 156 | ORDER denying 133 Motion to Change Venue. Signed by Magistrate Judge Charles Everingham on 6/1/10. (ehs, ) (Entered: 06/01/2010) |
| 06/02/2010 | 157 | Unopposed MOTION for Extension of Time to File *Plaintiff's Unopposed Motion to Extend Time to File a Response to Defendants' Motion to Compel Production of Documents from Convolve, Inc.* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 06/02/2010) |
| 06/03/2010 | 158 | ORDER granting 157 Motion for Extension of Time to File Response to Dft Motion to Compel Production of Documents from Convolve. Deadline is extended to 6/11/2010. Signed by Magistrate Judge Charles Everingham on 6/3/2010. (ch, ) (Entered: 06/03/2010) |
| 06/04/2010 | 159 | ORDER denying 97 Motion for Protection. Signed by Magistrate Judge Charles Everingham on 6/4/2010. (ch, ) (Entered: 06/04/2010) |
| 06/11/2010 | 160 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendants' Motion to Compel Production of Documents* by Convolve, Inc.. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 06/11/2010) |
| 06/15/2010 | 161 | ORDER granting 160 Motion for Extension of Time to File Response/Reply re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* Responses due by 6/25/2010. Signed by Magistrate Judge Charles Everingham on 6/15/2010. (ch, ) (Entered: 06/15/2010) |
| 06/25/2010 | 162 | Unopposed MOTION by Defendants to Extend Certain Claim Construction Deadlines by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 06/25/2010) |
| 06/25/2010 | 163 | RESPONSE in Opposition re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc., Plaintiff's Opposition to Defendants' Motion to Compel Production of Documents from Convolve, Inc.* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Albritton, Eric) (Entered: 06/25/2010) |
| 06/25/2010 | 164 | AMENDED LOCAL PATENT RULE 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT filed by Convolve, Inc. Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Albritton, Eric) (Entered: 06/25/2010) |
| 06/25/2010 | 165 | **\*\*\*FILED IN ERROR. PER ATTORNEY. PLEASE IGNORE.\*\*\***<br><br>CLAIM CONSTRUCTION BRIEF filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Albritton, Eric) Modified on 6/28/2010 (ch, ). (Entered: 06/25/2010) |
| | | |

| | | |
|---|---|---|
| 06/25/2010 | 166 | PLAINTIFF CONVOLVE, INC.'S CORRECTED OPENING CLAIM CONSTRUCTION BRIEF filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Albritton, Eric) (Entered: 06/25/2010) |
| 06/28/2010 | | ***FILED IN ERROR. PER ATTORNEY Document # 165, Claim Construction Brief. PLEASE IGNORE.*** <br><br> (SEE CORRECTED DOCUMENT # 166)(ch, ) (Entered: 06/28/2010) |
| 06/28/2010 | 167 | ORDER granting 162 Motion to Extend Certain Claim Construction Briefing Deadlines. Defendants Responsive Brief July 16, 2010. Convolves Reply Brief July 23, 2010. Defendants Reply Brief (only with leave of Court) July 30, 2010. Signed by Magistrate Judge Charles Everingham on 6/28/10. (ehs, ) (Entered: 06/28/2010) |
| 07/01/2010 | 168 | Unopposed MOTION to Withdraw as Attorney *David C. Dotson as Counsel of Record* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 07/01/2010) |
| 07/02/2010 | 169 | ORDER granting 168 Motion to Withdraw as Attorney. Attorney David C Dotson terminated. Signed by Magistrate Judge Charles Everingham on 7/2/10. (ehs, ) (Entered: 07/02/2010) |
| 07/02/2010 | 170 | Unopposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 07/02/2010) |
| 07/06/2010 | 171 | ORDER granting 170 Motion for Extension of Time to File Response/Reply re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* Responses due by 7/13/2010. Signed by Magistrate Judge Charles Everingham on 7/6/2010. (ch, ) (Entered: 07/06/2010) |
| | | |

| | | |
|---|---|---|
| 07/09/2010 | [172](#) | APPLICATION to Appear Pro Hac Vice by Attorney Elizabeth V Thomas for Convolve, Inc.. (APPROVED, FEE PAID 2-1-5471) (ehs, ) (Entered: 07/09/2010) |
| 07/09/2010 | [173](#) | APPLICATION to Appear Pro Hac Vice by Attorney Bryan J Vogel for Convolve, Inc.. (APPROVED, FEE PAID 2-1-5471) (ehs, ) (Entered: 07/09/2010) |
| 07/13/2010 | [174](#) | Unopposed MOTION for Extension of Time to File Response/Reply as to [140](#) MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* by Western Digital Corporation. (Attachments: # [1](#) Text of Proposed Order)(Wessel, Bruce) (Additional attachment (s) added on 7/13/2010: # [2](#) REVISED ORDER) (ch, ). (Entered: 07/13/2010) |
| 07/14/2010 | [175](#) | ORDER granting [174](#) Motion for Extension of Time to File Reply to Plaintiff Convolve, Inc's Opposition to Defendants' Motion to Compel Production of Documents. Responses due by 7/27/2010. Signed by Magistrate Judge Charles Everingham on 7/14/10. (ehs, ) (Entered: 07/14/2010) |
| 07/16/2010 | [176](#) | Defendants' Responsive Claim Construction Brief, REPLY to [166](#) Claim Construction Brief, *filed by Dell Inc..* (Attachments: # [1](#) Affidavit Pennington Affidavit, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12, # [14](#) Exhibit 13, # [15](#) Exhibit 14, # [16](#) Exhibit 15, # [17](#) Exhibit 16, # [18](#) Exhibit 17, # [19](#) Exhibit 18, # [20](#) Exhibit 19, # [21](#) Exhibit 20, # [22](#) Exhibit 21, # [23](#) Exhibit 22, # [24](#) Exhibit 23, # [25](#) Exhibit 24, # [26](#) Exhibit 25, # [27](#) Exhibit 26, # [28](#) Exhibit 27, # [29](#) Affidavit Declaration of Richard Hooper PhD., PE)(Fulghum, Roger) (Entered: 07/16/2010) |
| 07/23/2010 | [177](#) | ***DEFICIENT DOCUMENT, PLEASE IGNORE.***<br><br>Plaintiff's Reply Claim Construction Brief. Sealed Document. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit, # [11](#) Exhibit, # [12](#) Exhibit, # [13](#) Exhibit)(Albritton, Eric) Modified on 7/26/2010 (sm, ). (Entered: 07/23/2010) |

| | | | |
|---|---|---|---|
| 07/26/2010 | 🔒 | 178 | ***DEFICIENT DOCUMENT, PLEASE IGNORE.***<br><br>Plaintiff Convolve, Inc.'s Corrected Local Patent Rule 4-5(c) Claim Construction Brief - Sealed Document. (Attachments: # 1 Exhibit 1 a, # 2 Exhibit 2 a, # 3 Exhibit 6 a, # 4 Exhibit 16, # 5 Exhibit 17, # 6 Exhibit 18, # 7 Exhibit 19, # 8 Exhibit 20, # 9 Exhibit 21, # 10 Exhibit 22, # 11 Exhibit 23, # 12 Exhibit 24, # 13 Exhibit 25, # 14 Exhibit 26)(Albritton, Eric) Modified on 7/26/2010 (sm, ). (Entered: 07/26/2010) |
| 07/26/2010 | | | NOTICE of DEFICIENCY regarding the #177 Pla Sealed Reply Brief submitted by Convolve, Inc.. No cert of authority to seal was included in document. Correction should be made by 1 business day and refiled. (sm, ) (Entered: 07/26/2010) |
| 07/26/2010 | 🔒 | 179 | Plaintiff Convolve, Inc.'s Corrected Local Patent Rule 4-5(c) Reply Claim Construction Brief - Sealed Document. (Attachments: # 1 Exhibit 1 a, # 2 Exhibit 2 a, # 3 Exhibit 6 a, # 4 Exhibit 16, # 5 Exhibit 17, # 6 Exhibit 18, # 7 Exhibit 19, # 8 Exhibit 20, # 9 Exhibit 21, # 10 Exhibit 22, # 11 Exhibit 23, # 12 Exhibit 24, # 13 Exhibit 25, # 14 Exhibit 26)(Albritton, Eric) (Entered: 07/26/2010) |
| 07/26/2010 | | | NOTICE of DEFICIENCY regarding the #178 Sealed Document - Corrected Claim Construction Brief submitted by Convolve, Inc.. No cert of authority to seal included. Atty has already made correction and refiled (See #180)(sm, ) (Entered: 07/26/2010) |
| 07/27/2010 | | 180 | Unopposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc.,* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 07/27/2010) |
| 07/28/2010 | | 181 | ORDER granting 180 Motion for Extension of Time to File Reply to Plaintiff onvolve, Inc's Opposition to Defendants' Motion to Compel Production of ocuments from Convolve, Inc.. Responses due by 8/10/2010. Signed by Magistrate Judge Charles Everingham on 7/28/10. (ehs, ) (Entered: 07/28/2010) |
| | | | |

| 07/30/2010 | 182 | Unopposed MOTION for Leave to File *Defendants' Surreply Claim Construction Brief* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 07/30/2010) |
|---|---|---|
| 07/30/2010 | 183 | DEFENDANTS' SUR-REPLY BRIEF ON CLAIM CONSTRUCTION filed by Dell Inc.. (Attachments: # 1 Exhibit 28, # 2 Exhibit 29, # 3 Exhibit 30, # 4 Exhibit 31, # 5 Affidavit Supplemental Declaration of Richard Hooper PhD., P.E.)(Fulghum, Roger) (Entered: 07/30/2010) |
| 08/02/2010 | 184 | ORDER granting 182 Motion for Leave to File Surreply Claim Construction Brief. Signed by Magistrate Judge Charles Everingham on 8/2/10. (ehs, ) (Entered: 08/02/2010) |
| 08/10/2010 | 185 | ***FILED IN ERROR. PLEASE IGNORE.***<br><br>REPLY to Response to Motion re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc., filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Homrig, Jeffrey) Modified on 8/10/2010 (ch, ). (Entered: 08/10/2010) |
| 08/10/2010 |  | ***FILED IN ERROR. NOT IN PDF SEARCHABLE FORMAT Document # 185, Peply to Response to Motion. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 08/10/2010) |
| 08/10/2010 | 186 | REPLY to Response to Motion re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc., filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Homrig, Jeffrey) (Entered: 08/10/2010) |
| 08/16/2010 | 187 | NOTICE of Disclosure by Convolve, Inc. *Notice of Disclosure, parties submitted their Joint Claim Construction Chart, P.R. 4-5(d) to the Court in WordPerfect format* (Albritton, Eric) (Entered: 08/16/2010) |
| 08/17/2010 | 188 | Unopposed MOTION to Withdraw as Attorney *JACQUELINE R. KNAPP AS COUNSEL OF RECORD* by |

| | | |
|---|---|---|
| | | Convolve, Inc.. (Attachments: # 1 Text of Proposed Order) (Albritton, Eric) (Entered: 08/17/2010) |
| 08/18/2010 | 189 | ORDER granting 188 Motion to Withdraw as Attorney. Attorney Jacqueline R Knapp terminated. Signed by Magistrate Judge Charles Everingham on 8/18/10. (ehs, ) (Entered: 08/18/2010) |
| 08/18/2010 | 190 | NOTICE of Hearing: Markman Hearing RESET for 9/29/2010, 09:00 AM, in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham.(delat) (Entered: 08/18/2010) |
| 08/20/2010 | 191 | SUR-REPLY to Reply to Response to Motion re 140 MOTION to Compel *Defendants' Motion to Compel Production of Documents from Convolve, Inc., Plaintiffs Sur-Reply In Support if its Opposition to Defendant's Motion to Compel Production of Documents filed by Convolve, Inc..* (Attachments: # 1 Exhibit R, # 2 Exhibit S, # 3 Exhibit T) (Albritton, Eric) (Entered: 08/20/2010) |
| 09/16/2010 | 192 | NOTICE of Disclosure by Convolve, Inc. *regarding Tech Tutorial* (Albritton, Eric) (Entered: 09/16/2010) |
| 09/21/2010 | 193 | NOTICE of Attorney Appearance by Joseph Shear on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Shear, Joseph) (Entered: 09/21/2010) |
| 09/22/2010 | 194 | NOTICE of Hearing: Markman Hearing RESET for 10/12/2010 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (jml) (Entered: 09/22/2010) |
| 10/01/2010 | 195 | NOTICE by Convolve, Inc. *Notice of Change of Address of Counsel as to Marla R. Butler & Bryan J. Vogel* (Albritton, Eric) (Entered: 10/01/2010) |
| 10/12/2010 | 196 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Markman Hearing held on 10/12/2010. (Court Reporter Christy Humphries, CSR.) (Attachments: # 1 Attorney sign-in sheet) (jml) (Entered: 10/12/2010) |
| 10/15/2010 | 197 | NOTICE by Convolve, Inc. *Plaintiff's Notice of Filing Inadvertently Omitted Markman Exhibit* (Attachments: # 1 Exhibit A)(Albritton, Eric) (Entered: 10/15/2010) |
| | | |

| 10/29/2010 | 198 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of MARKMAN HEARING held on 10/12/10 before Judge Charles Everingham. Court Reporter/Transcriber: Christy Humphries, CSR,Telephone number: (903) 533-1172. (157 Pages)<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/22/2010. Redacted Transcript Deadline set for 12/2/2010. Release of Transcript Restriction set for 1/31/2011. (tja, ) (Entered: 10/29/2010) |
| --- | --- | --- |
| 10/29/2010 | 199 | APPLICATION to Appear Pro Hac Vice by Attorney Ailis L Burpee for Convolve, Inc.. (APPROVED, FEE PAID) (ehs, ) (Additional attachment(s) added on 8/18/2011: # 1 Receipt) (poa, ). (Entered: 10/29/2010) |
| 11/24/2010 | 200 | Opposed SEALED MOTION *and Memorandum of Law for Leave to Supplement Its Local Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives* by Convolve, Inc.. (Attachments: # 1 Exhibit A to Opposed Motion to Amend, # 2 Exhibit B to Opposed Motion to Amend, # 3 Exhibit C to Opposed Motion to Amend, # 4 Exhibit D to Opposed Motion to Amend, # 5 Exhibit E to Opposed Motion to Amend, # 6 Exhibit F to Opposed Motion to Amend, # 7 Exhibit G to Opposed Motion to Amend, # 8 Exhibit H to Opposed Motion to Amend, # 9 Exhibit I to Opposed Motion to Amend, # 10 Exhibit J to Opposed Motion to Amend, # 11 Exhibit K to Opposed Motion to Amend, # 12 Exhibit L to Opposed Motion to Amend, # 13 Exhibit M to Opposed Motion to Amend, # 14 Exhibit N to Opposed Motion to |

| | | |
|---|---|---|
| | | Amend, # 15 Exhibit O to Opposed Motion to Amend, # 16 Exhibit P to Opposed Motion to Amend, # 17 Exhibit Q to Opposed Motion to Amend, # 18 Exhibit R to Opposed Motion to Amend, # 19 Exhibit S to Opposed Motion to Amend, # 20 Exhibit T to Opposed Motion to Amend, # 21 Exhibit U to Opposed Motion to Amend, # 22 Exhibit V to Opposed Motion to Amend, # 23 Text of Proposed Order to Opposed Motion to Amend)(Anderson, A) (Entered: 11/24/2010) |
| 11/24/2010 | 201 | Unopposed MOTION to Amend/Correct *and Memorandum of Law for Leave to Partially Amend Its Local Patent Rule 3-1 and 3-2 Disclosures to Dell Inc.* by Convolve, Inc.. (Attachments: # 1 Exhibit A to Unopposed Motion to Amend, # 2 Exhibit B to Unopposed Motion to Amend, # 3 Exhibit C to Unopposed Motion to Amend, # 4 Exhibit D to Unopposed Motion to Amend, # 5 Exhibit E to Unopposed Motion to Amend, # 6 Exhibit F to Unopposed Motion to Amend, # 7 Exhibit G to Unopposed Motion to Amend, # 8 Exhibit H to Unopposed Motion to Amend, # 9 Text of Proposed Order to Unopposed Motion to Amend)(Anderson, A) (Entered: 11/24/2010) |
| 11/24/2010 | 202 | Unopposed MOTION to Amend/Correct *and Memorandum of Law for Leave to Supplement Local Patent Rule 3-1 and 3-2 Disclosures to Western Digital Corporation* by Convolve, Inc.. (Attachments: # 1 Exhibit A to Unopposed Motion to Amend, # 2 Exhibit B to Unopposed Motion to Amend, # 3 Exhibit C to Unopposed Motion to Amend, # 4 Exhibit D to Unopposed Motion to Amend, # 5 Exhibit E to Unopposed Motion to Amend, # 6 Exhibit F to Unopposed Motion to Amend, # 7 Exhibit G to Unopposed Motion to Amend, # 8 Text of Proposed Order to Unopposed Motion to Amend)(Anderson, A) (Entered: 11/24/2010) |
| 11/29/2010 | 203 | ORDER granting 201 Convolve, Inc.'s Motion to Partially Amend its Local Patent Rule 3-1 and 3-2 Disclosures to Defendant Dell Inc. Signed by Magistrate Judge Charles Everingham on November 29, 2010. (jml) (Entered: 11/29/2010) |
| 11/29/2010 | 204 | ORDER granting 202 Convolve Inc.'s Motion for Leave to |

| | | |
|---|---|---|
| | | Supplement its Local Patent Rule 3-1 and 3-2 Disclosures to Western Digital Corporation. Signed by Magistrate Judge Charles Everingham on November 29, 2010.(jml) (Entered: 11/29/2010) |
| 12/03/2010 | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge John D. Love: Hotline Conference held on 12/3/2010. (Court Reporter M. Morris.) (mjm, ) (Entered: 12/03/2010) |
| 12/03/2010 | 205 | HOTLINE ORDER - ruling set forth herein. Signed by Magistrate Judge John D. Love on 12/3/10. (ehs, ) (Entered: 12/03/2010) |
| 12/08/2010 | 206 | Unopposed MOTION for Extension of Time to File Response/Reply as to 200 Opposed SEALED MOTION *and Memorandum of Law for Leave to Supplement Its Local Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 12/08/2010) |
| 12/09/2010 | 207 | ORDER granting 206 Motion for Extension of Time to File Response to Plaintiff Convolves Motion for Leave to Supplement its Local Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives. Responses due by 12/23/2010. Signed by Magistrate Judge Charles Everingham on 12/9/10. (ehs, ) (Entered: 12/09/2010) |
| 12/23/2010 | 🔒 208 | SEALED RESPONSE to Motion re 200 Opposed SEALED MOTION *and Memorandum of Law for Leave to Supplement Its Local Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives* filed by Dell Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Declaration of Tammy Pennington Rhodes, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit G.1, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 Exhibit L, # 16 Exhibit M, # 17 Exhibit N, # 18 Exhibit O, # 19 Exhibit P, # 20 Exhibit Q, # 21 Exhibit R, # 22 Exhibit S, # 23 Exhibit T, # 24 Exhibit U, # 25 Exhibit V, # 26 Exhibit W, # 27 Exhibit |

| | | X, # 28 Exhibit Y, # 29 Exhibit Z)(Fulghum, Roger) (Entered: 12/23/2010) |
|---|---|---|
| 01/03/2011 | 209 | Unopposed MOTION for Extension of Time to File *Plaintiff's Unopposed Motion for Extension of Time to Reply in Support of its Motion for Leave to Supplement its PR 3-1 Disclosures to Include Dell Computers Incorporating Seagate Hard Disk Drive* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 01/03/2011) |
| 01/04/2011 | 210 | ORDER granting 209 Motion for Extension of Time to File Reply in Support of its Motion for Leave to Supplement Its Local Patent Rule 3-1 Disclosure to Dell Inc. To Include Dell Computers Incorporating Seagate Hard Disk Drives (Docket No. 200). Deadline extended to 1/7/11. Signed by Magistrate Judge Charles Everingham on 1/4/11. (ehs, ) (Entered: 01/04/2011) |
| 01/05/2011 | 211 | MEMORANDUM OPINION and ORDER - court issues the following order concerning the claim construction issues. The court adopts the constructions set forth in this opinion for the disputed terms of the 473 patent. The parties are ordered that they may not refer, directly or indirectly, to each others claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the court.. Signed by Magistrate Judge Charles Everingham on 1/5/11. (ehs, ) (Entered: 01/05/2011) |
| 01/07/2011 | 212 | NOTICE of Attorney Appearance by Stephen E Edwards on behalf of Convolve, Inc. (Edwards, Stephen) (Entered: 01/07/2011) |
| 01/07/2011 | 213 | SEALED Plaintiff's Convolve, Inc.'s Reply in Support of its Motion for Leave to Supplement its Local Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers incorpating Seagate Hard Disk Drives...SEALED REPLY to Response to Motion re 200 Opposed SEALED MOTION *and Memorandum of Law for Leave to Supplement Its Local* |

| | | |
|---|---|---|
| | | *Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives* filed by Convolve, Inc.. (Attachments: # 1 Exhibit W, # 2 Exhibit X, # 3 Exhibit Y, # 4 Exhibit Z, # 5 Exhibit AA) (Albritton, Eric) (Entered: 01/07/2011) |
| 01/10/2011 | 214 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of "HOTLINE" HEARING RE DISCOVERY held on 12/3/10 before Judge John D. Love. Court Reporter/Transcriber: Exceptional Reporting Services, Inc.,Telephone number: (361) 949-2988. (12 Pages)<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/3/2011. Redacted Transcript Deadline set for 2/14/2011. Release of Transcript Restriction set for 4/14/2011. (tja, ) (Entered: 01/10/2011) |
| 01/18/2011 | 215 | Joint MOTION for Extension of Time to Amend 131 Order *Joint Motion to Extend the Deadline for Disclosures of Expert Testimony on Issues for which a party bears the burden of proof (Step 32 of the Docket Control Order)* by Convolve, Inc., Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order) (Albritton, Eric) (Entered: 01/18/2011) |
| 01/19/2011 | 216 | ORDER granting 215 Motion for Extension of Time to extend deadline for disclosure. Deadline is 2/1/2011. Signed by Magistrate Judge Charles Everingham on 1/19/2011. (ch, ) (Entered: 01/19/2011) |
| 01/21/2011 | 217 | SUR-REPLY to Reply to Response to Motion re 200 |

| | | |
|---|---|---|
| | | Opposed SEALED MOTION *and Memorandum of Law for Leave to Supplement Its Local Patent Rule 3-1 Disclosures to Dell Inc. to Include Dell Computers Incorporating Seagate Hard Disk Drives filed by Dell Inc..* (Fulghum, Roger) (Entered: 01/21/2011) |
| 02/01/2011 | 218 | Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines)(Thomas, Elizabeth) (Entered: 02/01/2011) |
| 02/01/2011 | 219 | Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order Proposed Order re Motion to Continue the Trial Date and To Amend the Docket Control Order)(Thomas, Elizabeth) (Entered: 02/01/2011) |
| 02/02/2011 | 220 | Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Text of Proposed Order Proposed Order Granting Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof, # 13 Text of Proposed Order Alternative Proposed Order Granting Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof)(Thomas, Elizabeth) (Entered: 02/02/2011) |
| 02/02/2011 | 221 | NOTICE of Disclosure by Dell Inc. *of Defendant Dell Inc's Expert Testimony on Issues for Which Defendant Bears the Burden of Proof,* (Fulghum, Roger) (Entered: 02/02/2011) |
| 02/03/2011 | 222 | Joint MOTION to Expedite *Joint Motion to Expedite Briefing on Certain Pending Motions (Docket # 218, 219* |

| | | |
|---|---|---|
| | | *and 220)* by Convolve, Inc., Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order) (Albritton, Eric) (Entered: 02/03/2011) |
| 02/03/2011 | 223 | Unopposed MOTION for Extension of Time to File *Convolve, Inc.'s Unopposed Motion to Extend the Deadline for Disclosure of Rebuttal Expert Testimony in Response to Dell's Expert Disclosure (Step 33 of the Docket Control Order)* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 02/03/2011) |
| 02/05/2011 | 224 | ORDER - granting 222 Joint Motion to Expedite Briefing on Certain Pending Motions 218 Motion for Extension of Time to File; granting 219 Motion to Continue; granting 220 Motion for Extension of Time to Complete Discovery. (See order for deadlines) Signed by Magistrate Judge Charles Everingham on 2-5-2011. (delat, ) Modified on 2/10/2011 (ch, ). (Entered: 02/05/2011) |
| 02/07/2011 | 225 | ORDER granting 223 Motion for Extension of Deadlines for Disclosure of Rebuttal Expert Testimony in Response to Dell's Expert Disclosures. Signed by Magistrate Judge Charles Everingham on 2/7/2011. (ch, ) (Entered: 02/07/2011) |
| 02/08/2011 🔒 | 226 | SEALED MOTION *For Leave to File Its Second Amended Complaint* by Convolve, Inc.. (Attachments: # 1 Exhibit 1 Convolve Second Amended Complaint, # 2 Exhibit A to Convolve's Second Amended Complaint, # 3 Exhibit B to Convolve's Second Amended Complaint, # 4 Exhibit C to Convolve's Second Amended Complaint, # 5 Exhibit D to Convolve's Second Amended Complaint, # 6 Exhibit E to Convolve's Second Amended Complaint, # 7 Exhibit F to Convolve's Second Amended Complaint, # 8 Exhibit G to Convolve's Second Amended Complaint, # 9 Exhibit H to Convolve's Second Amended Complaint, # 10 Exhibit I to Convolve's Second Amended Complaint, # 11 Exhibit J to Convolve's Second Amended Complaint, # 12 Exhibit K to Convolve's Second Amended Complaint, # 13 Exhibit L to Convolve's Second Amended Complaint, # 14 Exhibit M to Convolve's Second Amended Complaint, # 15 Exhibit N to |

| | | |
|---|---|---|
| | | Convolve's Second Amended Complaint, # 16 Exhibit O to Convolve's Second Amended Complaint, # 17 Exhibit P to Convolve's Second Amended Complaint, # 18 Exhibit Q to Convolve's Second Amended Complaint, # 19 Exhibit R to Convolve's Second Amended Complaint, # 20 Exhibit S to Convolve's Second Amended Complaint, # 21 Exhibit T to Convolve's Second Amended Complaint, # 22 Exhibit 2 to Motion for Leave to File Its Second Amended Complaint, # 23 Exhibit 3 to Motion for Leave to File Its Second Amended Complaint, # 24 Exhibit 4 to Motion for Leave to File Its Second Amended Complaint, # 25 Exhibit 5 to Motion for Leave to File Its Second Amended Complaint, # 26 Exhibit 6 to Motion for Leave to File Its Second Amended Complaint, # 27 Text of Proposed Order to Motion for Leave to File Its Second Amended Complaint) (Thomas, Elizabeth) (Additional attachment(s) added on 2/9/2011: # 28 REVISED ORDER (REMOVING THE PROPOSED)) (ch, ). (Entered: 02/08/2011) |
| 02/10/2011 | 🔒 | (Court only) ***Motions terminated: 222 Joint MOTION to Expedite *Joint Motion to Expedite Briefing on Certain Pending Motions (Docket # 218, 219 and 220)*Joint MOTION to Expedite *Joint Motion to Expedite Briefing on Certain Pending Motions (Docket # 218, 219 and 220)* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Convolve, Inc., Western Digital Corporation, Dell Inc.. (ch, ) (Entered: 02/10/2011) |
| 02/10/2011 | 227 | RESPONSE to Motion re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines filed by Dell Inc.*. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of |

| | | Proposed Order Re: Docket No. 218, # 11 Text of Proposed Order Re: Docket No. 219, # 12 Text of Proposed Order Re: Docket No. 220)(Fulghum, Roger) (Entered: 02/10/2011) |
|---|---|---|
| 02/10/2011 | 228 | RESPONSE in Opposition re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Wessel, Bruce) (Entered: 02/10/2011) |
| 02/10/2011 | 229 | AFFIDAVIT in Opposition re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines Declaration of Thomas C. Werner filed by Western Digital Corporation.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Wessel, Bruce) (Entered: 02/10/2011) |
| 02/10/2011 | 230 | AFFIDAVIT in Opposition re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines Declaration of Jeffrey Homrig filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Wessel, |

| | | Bruce) (Entered: 02/10/2011) |
|---|---|---|
| 02/11/2011 | 231 | Additional Attachments to Main Document (Certificate of Service): 230 Affidavit in Opposition to Motion,, 229 Affidavit in Opposition to Motion,, 228 Response in Opposition to Motion,,... (Werner, Thomas) Modified on 2/11/2011 (sm, ). (Entered: 02/11/2011) |
| 02/14/2011 | 232 | REPLY to Response to Motion re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines Plaintiff's Combined Reply in Support of its Motions to Extend the Deadline for Disclosure of Expert Testimony on Issues for which a party bears the burden of proof and certain other deadlines (#218), continue the trial date and to amend the docket control order (#219), and to extend the deadline for fact discovery and to clarify the scope thereof (#220) (collectively docket # 218, 219 and 220) as to Defendant Dell Inc. (Docket No. 227) filed by Convolve, Inc.*. (Attachments: # 1 Exhibit L)(Albritton, Eric) (Entered: 02/14/2011) |
| 02/14/2011 | 233 | REPLY to Response to Motion re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof Plaintiff's Reply in Support of its Motion to Extend the Deadline for Fact Discovery and to Clarify the Scope thereof (Docket No. 220) as to Defendants Western Digital and Hitachi (Docket No. 228) filed by Convolve, Inc.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Errata G)(Albritton, Eric) (Entered: 02/14/2011) |
| 02/18/2011 | 234 | Unopposed MOTION to Withdraw as Attorney *Unopposed Motion to Withdraw Current and Former Attorneys of the* |

| | | *law firm Weil Gotshal & Manges* by Hitachi Global Storage Technologies, Inc.. (Attachments: # 1 Text of Proposed Order)(Homrig, Jeffrey) (Entered: 02/18/2011) |
|---|---|---|
| 02/18/2011 | 235 | SUR-REPLY to Reply to Response to Motion re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines filed by Dell Inc..* (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit Exhibit I, # 3 Exhibit Exhibit J, # 4 Exhibit Exhibit K, # 5 Exhibit Exhibit L, # 6 Exhibit Exhibit M, # 7 Exhibit Exhibit N, # 8 Exhibit Exhibit O)(Fulghum, Roger) (Entered: 02/18/2011) |
| 02/18/2011 | 236 | SUR-REPLY to Reply to Response to Motion re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control Order*, 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Attachments: # 1 Exhibit 4, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 8, # 6 Exhibit 9, # 7 Exhibit 10, # 8 Exhibit 11)(Wessel, Bruce) (Entered: 02/18/2011) |
| 02/18/2011 | 237 | AFFIDAVIT in Opposition re 220 Opposed MOTION for Extension of Time to Complete Discovery *Convolve's Opposed Motion To Extend The Deadline For Fact Discovery And To Clarify The Scope Thereof*, 219 Opposed MOTION to Continue *Partially Opposed Motion to Continue the Trial Date and To Amend the Docket Control* |

| | | |
|---|---|---|
| | | *Order,* 218 Opposed MOTION for Extension of Time to File *Partially Opposed Motion to Extend the Deadline For Disclosure of Expert Testimony And Certain Other Pending Deadlines Further Declaration of Thomas C. Werner filed by Western Digital Corporation.* (Attachments: # 1 Exhibit C)(Wessel, Bruce) (Entered: 02/18/2011) |
| 02/21/2011 | 238 | NOTICE of Disclosure by Convolve, Inc. *Rebuttal Expert Report of Dr. Val DiEuliis* (Thomas, Elizabeth) (Entered: 02/21/2011) |
| 02/22/2011 | 239 | ORDER granting 234 Motion to Withdraw as Attorney. Attorney Sudip Kundu; Patricia E Chow and Jason D Kipnis terminated as counsel for Hitachi Global Storage Technologies Inc. Signed by Magistrate Judge Charles Everingham on 2/22/2011. (ch, ) (Entered: 02/22/2011) |
| 02/23/2011 | 240 | ORDER granting in part and denying in part 140 Motion to Compel. Plaintiff is ordered to produce information from the New York litigation not restricted by that courts protective order. With respect to information covered by the New York courts protective order, Plaintiff is ordered to seek a waiver from the party who initially produced the protected discovery for production in this matter under this courts protective order within one week of this order. Should the corresponding New York party not cooperate, Plaintiff is ordered to disclose the partys name, and generally describe the nature of the information produced within three weeks of this order.. Signed by Magistrate Judge Charles Everingham on 2/23/11. (ehs, ) (Entered: 02/23/2011) |
| 02/24/2011 | 241 | APPLICATION to Appear Pro Hac Vice by Attorney Richard M Birnholz for Western Digital Corporation. (APPROVED, FEE PAID 2-326) (ehs, ) (Entered: 02/24/2011) |
| 02/24/2011 | 242 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of Western Digital Corporation (Smith, Melissa) (Entered: 02/24/2011) |
| 02/24/2011 | 243 | Opposed SEALED MOTION *to Amend Contentions* by Convolve, Inc.. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Text of Proposed Order Proposed Order, # 5 |

| | | |
|---|---|---|
| | | Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 1)(Thomas, Elizabeth) (Entered: 02/24/2011) |
| 02/25/2011 | 244 | NOTICE of Attorney Appearance by Joseph H Lee on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Lee, Joseph) (Entered: 02/25/2011) |
| 02/25/2011 | 245 | NOTICE by Dell Inc. *of Service of Defendants' Final Invalidity Contentions Pursuant to PR 3-6(a)(2)* (Fulghum, Roger) (Entered: 02/25/2011) |
| 02/28/2011 | 246 | NOTICE of Attorney Appearance by Deron R Dacus on behalf of Dell Inc. (Dacus, Deron) (Entered: 02/28/2011) |
| 02/28/2011 | 247 | RESPONSE in Opposition re 226 SEALED MOTION *For Leave to File Its Second Amended Complaint filed by Dell Inc..* (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 02/28/2011) |
| 02/28/2011 🔒 | 248 | SEALED RESPONSE to Motion re 226 SEALED MOTION *For Leave to File Its Second Amended Complaint* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Declaration of Jeffrey G. Homrig, # 3 Affidavit Declaration of Thomas C. Werner)(Lee, Joseph) (Entered: 02/28/2011) |
| 03/09/2011 | 249 | NOTICE by Western Digital Corporation *of Action in Related Action* (Attachments: # 1 Exhibit A)(Smith, Melissa) (Entered: 03/09/2011) |
| 03/10/2011 | 250 | NOTICE of Attorney Appearance by Jeremy Jason Lang on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Lang, Jeremy) (Entered: 03/10/2011) |
| 03/10/2011 | 251 | Joint MOTION to Amend/Correct *The Docket Control Order* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Joint Motion to Amend the Docket Control Order)(Anderson, A) (Entered: 03/10/2011) |
| 03/10/2011 | 252 | REPLY to Response to Motion re 226 SEALED MOTION *For Leave to File Its Second Amended Complaint as to Defendant Dell Inc. (Docket No. 247) filed by Convolve, Inc..* (Attachments: # 1 Exhibit 7 to Convolve, Inc.'s Reply in Support of its Motion for Leave to File its Second |

| | | Amended Complaint as to Defendant Dell Inc. Docket No. 247, # 2 Exhibit 8 to Convolve, Inc.'s Reply in Support of its Motion for Leave to File its Second Amended Complaint as to Defendant Dell Inc. Docket No. 247)(Anderson, A) (Entered: 03/10/2011) |
|---|---|---|
| 03/11/2011 | 253 | AMENDED DOCKET CONTROL ORDER, ( Discovery due by 4/15/2011., Expert Witness List due by 4/22/2011., Motions due by 6/7/2011., Proposed Pretrial Order due by 6/15/2011., Jury Selection set for 7/5/2011 09:00AM before Magistrate Judge Charles Everingham., Pretrial Conference set for 6/27/2011 01:30 AM before Magistrate Judge Charles Everingham.), Motions terminated: 251 Joint MOTION to Amend/Correct *The Docket Control Order* filed by Convolve, Inc... Signed by Magistrate Judge Charles Everingham on 3/11/11. (ehs, ) (Entered: 03/11/2011) |
| 03/11/2011 | 254 | REPLY to Response to Motion re 226 SEALED MOTION *For Leave to File Its Second Amended Complaint as to Defendants Hitachi and Western Digital (Docket No. 248) filed by Convolve, Inc..* (Attachments: # 1 Exhibit 7 to Convolve's Reply in Support of Its Motion for Leave to File its Second Amended Complaint as to Defendants Hitachi and Western Digital (Docket No. 248), # 2 Exhibit 8 to Convolve's Reply in Support of Its Motion for Leave to File its Second Amended Complaint as to Defendants Hitachi and Western Digital (Docket No. 248))(Anderson, A) (Entered: 03/11/2011) |
| 03/14/2011 | 255 | RESPONSE in Opposition re 243 Opposed SEALED MOTION *to Amend Contentions filed by Dell Inc..* (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 03/14/2011) |
| 03/14/2011 | 256 | ***FILED IN ERROR. PER ATTORNEY. PLEASE IGNORE.*** <br><br> AFFIDAVIT in Opposition re 243 Opposed SEALED MOTION *to Amend Contentions filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Lee, |

| | | Joseph) Modified on 3/15/2011 (ch, ). (Entered: 03/14/2011) |
|---|---|---|
| 03/14/2011 | 257 | RESPONSE in Opposition re 243 Opposed SEALED MOTION *to Amend Contentions filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Lee, Joseph) (Entered: 03/14/2011) |
| 03/15/2011 | | ***FILED IN ERROR. PER ATTORNEY Document # 256, Affidavit in Opposition. PLEASE IGNORE.*** <br><br> (ATTORNEY REFILED SEE # 257)(ch, ) (Entered: 03/15/2011) |
| 03/21/2011 | 258 | SUR-REPLY to Reply to Response to Motion re 226 SEALED MOTION *For Leave to File Its Second Amended Complaint filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Lee, Joseph) (Entered: 03/21/2011) |
| 03/23/2011 | 259 | APPLICATION to Appear Pro Hac Vice by Attorney Garland A Kelley for Western Digital Corporation. (APPROVED FEE PAID) 2-396 (ch, ) (Entered: 03/24/2011) |
| 03/25/2011 | 260 | SEALED REPLY to Response to Motion re 243 Opposed SEALED MOTION *to Amend Contentions* filed by Convolve, Inc.. (Attachments: # 1 Exhibit Exhibit 10) (Thomas, Elizabeth) (Entered: 03/25/2011) |
| 03/25/2011 | 261 | REPLY to Response to Motion re 243 Opposed SEALED MOTION *to Amend Contentions Reply in to Dell's Response filed by Convolve, Inc.*. (Thomas, Elizabeth) (Entered: 03/25/2011) |
| 03/30/2011 | 262 | Opposed MOTION Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Fulghum, Roger) (Additional attachment(s) added on 3/31/2011: # 7 Text of Proposed Order) (sm, ). (Entered: 03/30/2011) |

| 03/30/2011 | 263 | NOTICE of Attorney Appearance by Amanda Woodall on behalf of Dell Inc. (Woodall, Amanda) (Entered: 03/30/2011) |
| --- | --- | --- |
| 03/30/2011 | 264 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>Opposed MOTION Clarification re 262 Opposed MOTION Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device *[PROPOSED ORDER]* by Dell Inc.. (Pennington, Tammy) Modified on 3/31/2011 (sm, ). (Entered: 03/30/2011) |
| 03/31/2011 | | ***FILED IN ERROR, WRONG EVENT USED, THE DOCUMENT (PROPOSED ORDER) HAS BEEN ATTACHED TO #262 MOTION, THIS ENTRY (#264) IS NOW TERMINATED. Document # 264, Opposed Motion Clarification. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 03/31/2011) |
| 04/01/2011 | 265 | APPLICATION to Appear Pro Hac Vice by Attorney Marcus T Hall for Dell Inc.,Marcus T Hall for Dell Inc.. (APPROVED, FEE PAID 2-418) (ehs, ) (Entered: 04/01/2011) |
| 04/05/2011 | 266 | MOTION for Protective Order *To Preclude Discovery From Non-Testifying Experts* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Text of Proposed Order PROPOSED ORDER)(Thomas, Elizabeth) (Additional attachment(s) added on 4/5/2011: # 27 REVISED ORDER (REMOVED PROPOSED)) (ch, ). (Entered: 04/05/2011) |
| 04/05/2011 | 267 | NOTICE of Attorney Appearance by Kimball R Anderson on behalf of Dell Inc. (Anderson, Kimball) (Entered: 04/05/2011) |
| 04/05/2011 | 268 | SUR-REPLY to Reply to Response to Motion re 243 |

| | | Opposed SEALED MOTION *to Amend Contentions filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Homrig, Jeffrey) (Entered: 04/05/2011) |
|---|---|---|
| 04/07/2011 | 269 | SUR-REPLY to Reply to Response to Motion re 243 Opposed SEALED MOTION *to Amend Contentions Defendant Dell Inc's Sur-Reply to Plaintiff's Motion for Leave to Supplement Its Local Patent Rule 3-1 and 3-2 Disclosures, filed by Dell Inc..* (Fulghum, Roger) (Entered: 04/07/2011) |
| 04/12/2011 | 270 | NOTICE of Disclosure by Western Digital Corporation *of Second Amended Initial Disclosures* (Wessel, Bruce) (Entered: 04/12/2011) |
| 04/15/2011 🔒 | 271 | SEALED MOTION *To Compel Plaintiff Convolve, Inc. To Produce Agreements Relating To The '473 Patent And This Lawsuit And To Disclose Publicly Traded Entities With A Financial Interest In The Outcome Of This Case* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Werner, Thomas) (Entered: 04/15/2011) |
| 04/15/2011 🔒 | 272 | Opposed SEALED MOTION *Plaintiff Convolve, Inc.'s Motion to Compel Defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD to Supplement its Interrogatory Responses and Produce Deposition Witnesses* by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33-A, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Text of Proposed Order)(Albritton, Eric) (Entered: 04/15/2011) |

| 04/18/2011 | 273 | RESPONSE in Opposition re 262 Opposed MOTION Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device *Plaintiff's Opposition to Defendant Dell Inc.'s Motion for Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device filed by Convolve, Inc..* (Attachments: # 1 Exhibit Declaration of Marla Butler, # 2 Exhibit 1)(Albritton, Eric) (Entered: 04/18/2011) |
|---|---|---|
| 04/19/2011 | 274 | NOTICE of Attorney Appearance by Patricia Young on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Young, Patricia) (Entered: 04/19/2011) |
| 04/22/2011 🔒 | 275 | SEALED RESPONSE to Motion re 266 MOTION for Protective Order *To Preclude Discovery From Non-Testifying Experts filed by Western Digital Corporation.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y)(Wessel, Bruce) (Entered: 04/22/2011) |
| 04/22/2011 🔒 | 276 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 275 Sealed Response to Motion,, Proposed Order. (Wessel, Bruce) (Entered: 04/22/2011) |
| 04/22/2011 | 277 | NOTICE of Disclosure by Convolve, Inc. *for Expert Reports of Gregory K. Leonard, PH.D. and Dr. Kent D Van Liere* (Thomas, Elizabeth) (Entered: 04/22/2011) |
| 04/22/2011 | 278 | NOTICE of Disclosure by Convolve, Inc. *for Expert Report of Bruce McFarlane* (Thomas, Elizabeth) (Entered: 04/22/2011) |
| 04/23/2011 | 279 | NOTICE of Disclosure by Convolve, Inc. *for the Expert Report of Dr. Val DiEuliis* (Thomas, Elizabeth) (Entered: 04/23/2011) |
| 04/26/2011 | 280 | NOTICE of Disclosure by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation *for Expert Report of Michael D. Sidman* |

| | | (Homrig, Jeffrey) (Entered: 04/26/2011) |
|---|---|---|
| 04/26/2011 | 281 | NOTICE by Dell Inc. *Defendants Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi, Ltd and Western Digital Corporation's Compliance with Fed. R. Civ. P. 26 (a) Service of "Expert Report of Dr. A. Bruce Buckman on Validity of the '473 Patent"* (Fulghum, Roger) (Entered: 04/26/2011) |
| 04/28/2011 | 282 | NOTICE of Attorney Appearance by Christopher Scott Ponder on behalf of Dell Inc. (Ponder, Christopher) (Entered: 04/28/2011) |
| 04/28/2011 | 283 | Unopposed MOTION for Extension of Time to File Response/Reply as to 262 Opposed MOTION Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 04/28/2011) |
| 04/29/2011 | 284 | APPLICATION to Appear Pro Hac Vice by Attorney David A Schwarz for Western Digital Corporation. (APPROVED FEE PAID) 2-488 (ch, ) (Entered: 04/29/2011) |
| 04/29/2011 | 285 | ORDER granting 283 Motion for Extension of Time to File Reply on Dell Inc.s Motion for Clarification of the Claim Construction Order with Respect to Data Storage Device. Responses due by 5/2/2011. Signed by Magistrate Judge Charles Everingham on 4/29/11. (ehs, ) (Entered: 04/29/2011) |
| 05/02/2011 | 286 | NOTICE of Change of Address by A James Anderson (Anderson, A) (Entered: 05/02/2011) |
| 05/02/2011 | 287 | Unopposed MOTION for Extension of Time to File Response/Reply *Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants Motion to Compel Production (Docket No. 271)* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 05/02/2011) |
| 05/02/2011 | 288 | ****FILED IN ERROR, PLEASE IGNORE.*** <br><br> RESPONSE to Motion re 266 MOTION for Protective Order *To Preclude Discovery From Non-Testifying Experts* |

| | | |
|---|---|---|
| | | *Plaintiff's Reply in Support of its Motion for a Protective Order to To Preclude Discovery From Convolve, Inc.'s Non-Testifying Experts filed by Convolve, Inc..* (Albritton, Eric) Modified on 5/3/2011 (sm, ). (Entered: 05/02/2011) |
| 05/02/2011 | 289 | REPLY to Response to Motion re 262 Opposed MOTION Clarification of the Claim Construction Order with Respect to the Construction of Data Storage Device *filed by Dell Inc..* (Dacus, Deron) (Entered: 05/02/2011) |
| 05/03/2011 | | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 288, Response to Motion. PLEASE IGNORE.\*\*\*** |
| | | (sm, ) (Entered: 05/03/2011) |
| 05/03/2011 | 290 | REPLY to Response to Motion re 266 MOTION for Protective Order *To Preclude Discovery From Non-Testifying Experts Corrected Plaintiff Reply in Support of its Motion for a Protective Order to Preclude Discovery From Convolve, Inc.'s Non-Testifying Experts filed by Convolve, Inc..* (Albritton, Eric) (Entered: 05/03/2011) |
| 05/03/2011 | 291 | ORDER granting 287 Motion for Extension of Time to File Response to deft's motion to compel production. Responses due by 5/9/2011. Signed by Magistrate Judge Charles Everingham on 5/3/11. (ehs, ) (Entered: 05/03/2011) |
| 05/03/2011 | 292 | SEALED RESPONSE to Motion re 272 Opposed SEALED MOTION *Plaintiff Convolve, Inc.'s Motion to Compel Defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD to Supplement its Interrogatory Responses and Produce Deposition Witnesses filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit |

| | | 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Text of Proposed Order)(Homrig, Jeffrey) (Entered: 05/03/2011) |
|---|---|---|
| 05/04/2011 | 293 | Unopposed MOTION to Withdraw as Attorney , *Unopposed Motion to Withdraw and Substitute Counsel and Designation of Lead Counsel,* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/04/2011) |
| 05/05/2011 | 294 | ORDER granting 293 Motion to Withdraw as Attorney. Attorney Scott F Partridge terminated, Deron Dacus be substituted as Lead Counsel.. Signed by Magistrate Judge Charles Everingham on 5/5/11. (ehs, ) (Entered: 05/05/2011) |
| 05/06/2011 🔒 | 295 | Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 05/06/2011) |
| 05/09/2011 | 296 | Unopposed MOTION for Extension of Time to File Response/Reply as to 271 SEALED MOTION *To Compel Plaintiff Convolve, Inc. To Produce Agreements Relating To The '473 Patent And This Lawsuit And To Disclose Publicly Traded Entities With A Financial Interest In The Outcome Of This Case* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 05/09/2011) |
| 05/09/2011 | 297 | NOTICE of Disclosure by Convolve, Inc. *for Second Rebuttal Expert Report of Dr. Val DiEuliis* (Thomas, Elizabeth) (Entered: 05/09/2011) |
| 05/09/2011 | 298 | NOTICE of Disclosure by Convolve, Inc. *for Third Rebuttal Report of Dr. Val DiEuliis* (Thomas, Elizabeth) (Entered: 05/09/2011) |
| 05/10/2011 | 299 | ORDER granting 296 Motion for Extension of Time to File Response to Defendant's motion to compel production. Responses due by 5/11/2011. Signed by Magistrate Judge Charles Everingham on 5/10/11. (ehs, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 05/10/2011) |
| 05/10/2011 | | 300 | NOTICE of Disclosure by Western Digital Corporation (Wessel, Bruce) (Entered: 05/10/2011) |
| 05/10/2011 | | 301 | NOTICE by Dell Inc. *Notice of Disclosure of Expert Reports* (Fulghum, Roger) (Entered: 05/10/2011) |
| 05/10/2011 | | 302 | NOTICE of Disclosure by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. *Expert Report of Michael D. Sidman, Ph.D and Rebuttal Expert Report of Keith R. Ugone, Ph.D* (Homrig, Jeffrey) (Entered: 05/10/2011) |
| 05/11/2011 | 🔒 | 303 | SEALED RESPONSE to Motion re 271 SEALED MOTION *To Compel Plaintiff Convolve, Inc. To Produce Agreements Relating To The '473 Patent And This Lawsuit And To Disclose Publicly Traded Entities With A Financial Interest In The Outcome Of This Case* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order) (Albritton, Eric) (Entered: 05/11/2011) |
| 05/12/2011 | | 304 | NOTICE of Attorney Appearance by Harry Lee Gillam, Jr on behalf of Western Digital Corporation (Gillam, Harry) (Entered: 05/12/2011) |
| 05/16/2011 | 🔒 | 305 | Emergency SEALED MOTION *to Compel Disclosure* by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order)(Wessel, Bruce) (Entered: 05/16/2011) |
| 05/16/2011 | 🔒 | 306 | SEALED REPLY (PLAINTIFF CONVOLVE INC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT HITACHI GLOBAL STORAGE TECHNOLOGIES, INC. AND HITACHI LTD. TO SUPPLEMENT THEIR INTERROGATORY RESPONSES AND PRODUCE DEPOSITION WITNESSES) re 272 Opposed SEALED MOTION *Plaintiff Convolve, Inc.'s Motion to Compel Defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD to Supplement its Interrogatory Responses and Produce Deposition Witnesses* filed by Convolve, Inc..Attachments: # 1 Exhibit 41, # 2 |

| | | |
|---|---|---|
| | | Exhibit 42)(Albritton, Eric) (Entered: 05/16/2011) |
| 05/16/2011 | 307 | Unopposed MOTION *For Leave To Depose Lealon McKenzie and Randall Hampshire Outside Of The Discovery Period* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Anderson, A) (Entered: 05/16/2011) |
| 05/16/2011 | 🔒 308 | SEALED MOTION *, Defendants' Motion for Spoliation Sanctions Arising Out of Convolve's Destruction of Documents,* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Errata B, # 4 Errata C, # 5 Text of Proposed Order) (Fulghum, Roger) (Entered: 05/16/2011) |
| 05/17/2011 | 309 | ORDER granting 307 Motion for Leave to Depose Lealon McKenzie and Randall Hampshire. Signed by Magistrate Judge Charles Everingham on 5/17/11. (ehs, ) (Entered: 05/17/2011) |
| 05/18/2011 | 🔒 310 | SEALED ORDER - pending before the court is dfts Emergency Motion 305 Signed by Magistrate Judge Charles Everingham on 5/18/2011. (ch, ) Modified on 5/19/2011 (ch, ). Modified on 5/19/2011 (ch, ). (Entered: 05/18/2011) |
| 05/18/2011 | 311 | APPLICATION to Appear Pro Hac Vice by Attorney Trevor John Foster for Convolve, Inc. (APPROVED FEE PAID) 2-525. (ch, ) (Entered: 05/18/2011) |
| 05/18/2011 | 312 | APPLICATION to Appear Pro Hac Vice by Attorney Jennifer A Adler for Convolve, Inc. (APPROVED FEE PAID) 2-525. (ch, ) (Entered: 05/18/2011) |
| 05/20/2011 | 🔒 313 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>SEALED MOTION *of Plaintiff Convolve, Inc.'s Response and Memorandum of Law in Opposition to Defendants' Emergency Motion to Compel Disclosure (Docket No. 305)* by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Response to Defendants' Emergency Motion to Compel, # 2 Exhibit B to Convolve's Response to Defendants' Emergency Motion to Compel, # 3 Exhibit C to Convolve's Response to Defendants' Emergency Motion to Compel, # 4 Exhibit D to Convolve's Response to Defendants' Emergency Motion to Compel, # 5 Exhibit E to |

| | | |
|---|---|---|
| | | Convolve's Response to Defendants' Emergency Motion to Compel, # 6 Exhibit F to Convolve's Response to Defendants' Emergency Motion to Compel, # 7 Exhibit G to Convolve's Response to Defendants' Emergency Motion to Compel, # 8 Exhibit H to Convolve's Response to Defendants' Emergency Motion to Compel, # 9 Exhibit I to Convolve's Response to Defendants' Emergency Motion to Compel, # 10 Exhibit J to Convolve's Response to Defendants' Emergency Motion to Compel, # 11 Exhibit K to Convolve's Response to Defendants' Emergency Motion to Compel, # 12 Exhibit L to Convolve's Response to Defendants' Emergency Motion to Compel, # 13 Exhibit M to Convolve's Response to Defendants' Emergency Motion to Compel, # 14 Text of Proposed Order to Convolve's Response to Defendants' Emergency Motion to Compel) (Anderson, A) Modified on 5/23/2011 (sm, ). (Entered: 05/20/2011) |
| 05/20/2011 | 314 | Joint MOTION to Amend/Correct 253 Order, Set Deadlines/Hearings, Terminate Motions,,,,,, by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Halsey, Anna) (Entered: 05/20/2011) |
| 05/23/2011 | | ***FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE USING THE CORRECT EVENT, THIS MOTION IS NOW TERMINATED. Document # 313, Sealed Motion to emergency motion. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 05/23/2011) |
| 05/23/2011 | 315 | ORDER granting motion to amend deadlines. Discovery due by 5/20/2011., Motions due by 5/27/2011.), Motions terminated: 314 Joint MOTION to Amend/Correct 253 Order, Set Deadlines/Hearings, Terminate Motions,,,,,, filed by Convolve, Inc... Signed by Magistrate Judge Charles Everingham on 5/23/11. (ehs, ) (Entered: 05/23/2011) |
| 05/23/2011 | 🔒 316 | SEALED RESPONSE to Motion re 305 Emergency SEALED MOTION *to Compel Disclosure* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Response to Defendants' Emergency Motion to Compel, # 2 |

| | | | |
|---|---|---|---|
| | | | Exhibit B to Convolve's Response to Defendants' Emergency Motion to Compel, # 3 Exhibit C to Convolve's Response to Defendants' Emergency Motion to Compel, # 4 Exhibit D to Convolve's Response to Defendants' Emergency Motion to Compel, # 5 Exhibit E to Convolve's Response to Defendants' Emergency Motion to Compel, # 6 Exhibit F to Convolve's Response to Defendants' Emergency Motion to Compel, # 7 Exhibit G to Convolve's Response to Defendants' Emergency Motion to Compel, # 8 Exhibit H to Convolve's Response to Defendants' Emergency Motion to Compel, # 9 Exhibit I to Convolve's Response to Defendants' Emergency Motion to Compel, # 10 Exhibit J to Convolve's Response to Defendants' Emergency Motion to Compel, # 11 Exhibit K to Convolve's Response to Defendants' Emergency Motion to Compel, # 12 Exhibit L to Convolve's Response to Defendants' Emergency Motion to Compel, # 13 Exhibit M to Convolve's Response to Defendants' Emergency Motion to Compel, # 14 Text of Proposed Order to Convolve's Response to Defendants' Emergency Motion to Compel)(Anderson, A) (Entered: 05/23/2011) |
| 05/23/2011 | 🔒 | 317 | SEALED REPLY to Response to Motion re 305 Emergency SEALED MOTION *to Compel Disclosure* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit M, # 2 Exhibit N, # 3 Exhibit O, # 4 Exhibit P, # 5 Exhibit Q, # 6 Exhibit R, # 7 Exhibit S)(Wessel, Bruce) (Entered: 05/23/2011) |
| 05/26/2011 | | 318 | RESPONSE in Opposition re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT filed by Dell Inc.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Fulghum, Roger) (Entered: 05/26/2011) |
| 05/26/2011 | 🔒 | 319 | SEALED RESPONSE to Motion re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT* filed by Western Digital |

| | | | |
|---|---|---|---|
| | | | Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Text of Proposed Order)(Wessel, Bruce) (Additional attachment(s) added on 5/27/2011: # 12 REVISED ORDER REMOVING PROPOSED) (ch, ). (Entered: 05/26/2011) |
| 05/26/2011 | 🔒 | 320 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 272 Opposed SEALED MOTION *Plaintiff Convolve, Inc.'s Motion to Compel Defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD to Supplement its Interrogatory Responses and Produce Deposition Witnesses filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.*. (Attachments: # 1 Exhibit 45, # 2 Exhibit 46)(Homrig, Jeffrey) (Entered: 05/26/2011) |
| 05/26/2011 | 🔒 | 321 | SEALED RESPONSE to Motion re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O)(Homrig, Jeffrey) (Entered: 05/26/2011) |
| 05/27/2011 | | 322 | NOTICE of Hearing: Pretrial Conference RESET for 6/23/2011, 11:00 AM, in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (delat, ) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 323 | SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 324 | SEALED MOTION *Dell's Motion for Summary Judgment* |

| | | | |
|---|---|---|---|
| | | | *on Convolve's Claim of Willful Infringement for US Patent No. 6,314,473* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 325 | SEALED MOTION *, Defendants' Motion for Summary Judgment of Noninfringement of Claims 7-10, 14 and 15 of US Patent No. 6,314,473 Based on the "To The Data Storage Device" Limitation* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Errata A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 326 | SEALED MOTION *PLAINTIFF CONVOLVE, INC.S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, TO STRIKE THE EXPERT TESTIMONY AND EXPERT REPORT OF DR. JOHN LEVY* by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 327 | SEALED MOTION *PLAINTIFF CONVOLVE, INC.S DAUBERT MOTION TO EXCLUDE THAT PORTION OF THE EXPERT REPORT AND TESTIMONY OF W. CHRISTOPHER BAKEWELL WHICH RELIES ON THE WHITE LICENSES* by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 328 | SEALED MOTION *TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND PROPOSED EXPERT TESTIMONY OF CONVOLVE EXPERT BRUCE MCFARLANE* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Wessel, Bruce) (Entered: 05/27/2011) |
| 05/27/2011 | | 329 | MOTION Exclude the Expert Report of Dr. Gregory K. |

| | | | |
|---|---|---|---|
| | | | Leonard by Dell Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 330 | SEALED MOTION *Defendants' Motion for Partial Summary Judgment on Damages* by Dell Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 331 | **\*\*\*FILED IN ERROR, PLEASE IGNORE.\*\*\*** <br><br>**SEALED MOTION *Dell Inc's Motion for Summary Judgment of Noninfringement of Claims 7 and 10 of US Patent No. 6,314,473* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order) (Fulghum, Roger) Modified on 5/31/2011 (sm, ). (Entered: 05/27/2011)** |
| 05/27/2011 | 🔒 | 332 | SEALED MOTION *CORRECTED MOTION - Dell Inc's Motion for Summary Judgment of Noninfringement of Claims 7 and 10 of US Patent 6,314,473* by Dell Inc.. (Attachments: # 1 Affidavit Declaration of Tammy Pennington Rhodes, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Fulghum, Roger) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 333 | Joint SEALED MOTION *for Summary Judgment that the Asserted Claims of the '473 Patent are Invalid* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Text of Proposed Order) (Homrig, Jeffrey) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 334 | SEALED MOTION *To Exclude Survey And Expert Report* |

| | | | |
|---|---|---|---|
| | | | *Of Dr. Kent Van Liere For Failure To Comply With Federal Rules Of Evidence 702 And 403* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Affidavit Declaration of Anna Greenberg, # 19 Affidavit Declaration of Bradley Bowling, # 20 Text of Proposed Order)(Wessel, Bruce) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 335 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT* by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order)(Birnholz, Richard) Modified on 5/31/2011 (sm, ). (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 336 | SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order) (Birnholz, Richard) (Entered: 05/27/2011) |
| 05/27/2011 | 🔒 | 337 | SEALED MOTION *Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s Motion for Summary Judgment of Noninfringement* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Text of Proposed Order)(Homrig, Jeffrey) (Entered: 05/27/2011) |

| | | |
|---|---|---|
| 05/31/2011 | | **\*\*\*FILED IN ERROR, PER ATTY, ATTY HAS REFILED (SEE #332). Document # 331, Sealed Motion for Sum Jgm, terminated. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 05/31/2011) |
| 05/31/2011 | | **\*\*\*FILED IN ERROR, PER ATTY, ATTY HAS REFILED (SEE #336). Document # 335, Sealed Motion for sum jgm is now terminated. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 05/31/2011) |
| 05/31/2011 | 338 | MOTION to Strike *and Exclude the Expert Testimony and Expert Report of Seth T. Kaplan, Ph.D.* by Convolve, Inc.. (Attachments: # 1 Exhibit 1 to Convolve's Motion to Exclude Kaplan, # 2 Exhibit 2 to Convolve's Motion to Exclude Kaplan, # 3 Exhibit 3 to Convolve's Motion to Exclude Kaplan, # 4 Exhibit 4 to Convolve's Motion to Exclude Kaplan, # 5 Exhibit 5 to Convolve's Motion to Exclude Kaplan, # 6 Exhibit 6 to Convolve's Motion to Exclude Kaplan, # 7 Exhibit 7 to Convolve's Motion to Exclude Kaplan, # 8 Text of Proposed Order to Convolve's Motion to Exclude Kaplan)(Anderson, A) (Entered: 05/31/2011) |
| 06/02/2011 | 339 | SEALED RESPONSE to Motion re 308 SEALED MOTION *, Defendants' Motion for Spoliation Sanctions Arising Out of Convolve's Destruction of Documents,* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Response to Motion for Spoliation Sanctions, # 2 Exhibit B to Response to Motion for Spoliation Sanctions, # 3 Exhibit C to Response to Motion for Spoliation Sanctions, # 4 Exhibit D to Response to Motion for Spoliation Sanctions, # 5 Exhibit E to Response to Motion for Spoliation Sanctions, # 6 Exhibit F to Response to Motion for Spoliation Sanctions, # 7 Exhibit G to Response to Motion for Spoliation Sanctions, # 8 Text of Proposed Order to Response to Motion for Spoliation Sanctions)(Anderson, A) (Entered: 06/02/2011) |
| 06/06/2011 | 340 | Joint MOTION to Amend/Correct 253 Order, Set Deadlines/Hearings, Terminate Motions,,,,,, by Western |

| | | | |
|---|---|---|---|
| | | | Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 06/06/2011) |
| 06/06/2011 | 🔒 | 341 | SEALED REPLY; re 295 PLAINTIFF CONVOLVE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DR. A. BRUCE BUCKMAN'S AND DR. MICHAEL D. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Albritton, Eric) (Entered: 06/06/2011) |
| 06/07/2011 | | 342 | ORDER granting 340 Joint Motion to Amend/Correct Docket Control Order. Docket Control Order is Amended as follows herein. Proposed Joint Final Pretial Order 6/16/2011. Signed by Magistrate Judge Charles Everingham on 6/7/2011. (ch, ) (Entered: 06/07/2011) |
| 06/07/2011 | | 343 | ORDER REGARDING EXHIBITS - The Court enters this order sua sponte. Due to the voluminous exhibits expected to be tendered during the trial of this case, the Court ORDERS the following: (see order). Signed by Magistrate Judge Charles Everingham on 6/7/2011. (ch, ) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 344 | SEALED RESPONSE to Motion re 327 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S DAUBERT MOTION TO EXCLUDE THAT PORTION OF THE EXPERT REPORT AND TESTIMONY OF W. CHRISTOPHER BAKEWELL WHICH RELIES ON THE WHITE LICENSES* filed by Dell Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Fulghum, Roger) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 345 | SEALED RESPONSE to Motion re 326 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, TO STRIKE THE EXPERT TESTIMONY AND EXPERT REPORT OF DR. JOHN LEVY* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 |

| | | | |
|---|---|---|---|
| | | | Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order) (Wessel, Bruce) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 346 | SEALED RESPONSE to Motion re 323 SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order Proposed Order) (Homrig, Jeffrey) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 347 | SEALED RESPONSE to Motion re 330 SEALED MOTION *Defendants' Motion for Partial Summary Judgment on Damages* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 2 Exhibit 2 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 3 Exhibit 3 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 4 Exhibit 4 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 5 Exhibit 5 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 6 Exhibit 6 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 7 Exhibit 7 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 8 Exhibit 8 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 9 Exhibit 9 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 10 Exhibit 10 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 11 Exhibit 11 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 12 Exhibit 12 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 13 Exhibit 13 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 14 Exhibit 14 to Response in Opposition to Motion for Partial Summary Judgment on Damages, # 15 Text of Proposed Order to Response in Opposition to Motion for Partial Summary Judgment on Damages)(Anderson, A) (Entered: 06/07/2011) |
| | | | |

| 06/07/2011 | 🔒 | 348 | SEALED RESPONSE to Motion re 333 Joint SEALED MOTION *for Summary Judgment that the Asserted Claims of the '473 Patent are Invalid* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 2 Exhibit 2 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 3 Exhibit 3 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 4 Exhibit 4 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 5 Exhibit 5 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 6 Exhibit 6 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 7 Exhibit 7 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 8 Exhibit 8 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 9 Exhibit 9 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 10 Exhibit 10 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 11 Exhibit 11 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 12 Exhibit 12 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 13 Exhibit 13 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 14 Exhibit 14 Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid, # 15 Text of Proposed Order for Response in Opposition to Motion for Summary Judgment that Asserted Claims of the '473 Patent are Invalid) (Anderson, A) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 349 | SEALED RESPONSE to Motion re 323 SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF* |

| | | | |
|---|---|---|---|
| | | | *DANIEL J. SLOTTJE AND KEITH R. UGONE* filed by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order) (Wessel, Bruce) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 350 | SEALED RESPONSE and Memorandum of Law by Plaintiff Convolve, Inc. in Opposition to Motion re 324 SEALED MOTION *Dell's Motion for Summary Judgment on Convolve's Claim of Willful Infringement for US Patent No. 6,314,473* filed by Convolve, Inc.. (Attachments: # 1 Declaration of Bryan J. Vogel in Support of Convolve's Response and Memorandum of Law in Opposition, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Text of Proposed Order)(Vogel, Bryan) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 351 | SEALED RESPONSE to Motion re 328 SEALED MOTION *TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND PROPOSED EXPERT TESTIMONY OF CONVOLVE EXPERT BRUCE MCFARLANE* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1 to Opposition to Defendants' Motion to Exclude Portions of the Expert Report and Proposed Testimony of Convolve Expert Bruce McFarlane, # 2 Exhibit 2 to Opposition to Defendants' Motion to Exclude Portions of the Expert Report and Proposed Testimony of Convolve Expert Bruce McFarlane, # 3 Text of Proposed Order for Opposition to Defendants' Motion to Exclude Portions of the Expert Report and Proposed Testimony of Convolve Expert Bruce McFarlane)(Anderson, |

| | | | |
|---|---|---|---|
| | | | A) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 352 | SEALED RESPONSE and Memorandum of Law by Plaintiff Convolve, Inc. to Motion re 325 SEALED MOTION , *Defendants' Motion for Summary Judgment of Noninfringement of Claims 7-10, 14 and 15 of US Patent No. 6,314,473 Based on the "To The Data Storage Device" Limitation* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (Part 1 of 2), # 5 Exhibit 4 (Part 2 of 2), # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Text of Proposed Order)(Anderson, A) (Entered: 06/07/2011) |
| 06/07/2011 | 🔒 | 353 | SEALED RESPONSE by Plaintiff Convolve, Inc. in Opposition to Motion re 334 SEALED MOTION *To Exclude Survey And Expert Report Of Dr. Kent Van Liere For Failure To Comply With Federal Rules Of Evidence 702 And 403* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Text of Proposed Order)(Anderson, A) (Entered: 06/07/2011) |
| 06/07/2011 | | 354 | RESPONSE in Opposition re 329 MOTION Exclude the Expert Report of Dr. Gregory K. Leonard *filed by Convolve, Inc.*. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Anderson, A) (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 355 | SEALED RESPONSE to Motion re 337 SEALED MOTION *Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s Motion for Summary Judgment of Noninfringement* filed by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order to Response in Opp to Defs Hitachi's Motion for Summary Judgment of Noninfringement)(Thomas, Elizabeth) (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 356 | SEALED RESPONSE and Memorandum of Law by Plaintiff Convolve, Inc. to Motion re 332 SEALED MOTION *CORRECTED MOTION - Dell Inc's Motion for Summary Judgment of Noninfringement of Claims 7 and 10 of US Patent 6,314,473* filed by Convolve, Inc.. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Text of Proposed Order)(Anderson, A) (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 357 | SEALED RESPONSE to Motion re 336 SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* filed by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Response in Opposiiton to Western Digital Corporation's Motion for Summary Judgment of Noninfringement)(Thomas, Elizabeth) (Entered: 06/08/2011) |
| 06/08/2011 | | 358 | Additional Attachments to Main Document (EXHIBIT 2 contained in main document): 354 Response in Opposition to Motion.. (Anderson, A) Modified on 6/8/2011 (sm, ). (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 359 | SEALED ADDITIONAL ATTACHMENTS to Main Document (Exhibit 8 contained in main document): 352 Sealed Response to Motion,,. (Anderson, A) Modified on 6/8/2011 (sm, ). (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 360 | SEALED ADDITIONAL ATTACHMENTS to Main Document (Exhibit 1 contained in Main Document): 355 Sealed Response to Motion,. (Attachments: # 1 Exhibit 2 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 2 Exhibit 3 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 3 Exhibit 4 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 4 Exhibit 5 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 5 Exhibit 6 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 6 Exhibit 7 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 7 Exhibit 8 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 8 Exhibit 9 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 9 Exhibit 10 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 10 Exhibit 11 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 11 Exhibit 12 to |

| | | | |
|---|---|---|---|
| | | | Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 12 Exhibit 13 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 13 Exhibit 14 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 14 Exhibit 15 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 15 Exhibit 16 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 16 Exhibit 17 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 17 Exhibit 18 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 18 Exhibit 19 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 19 Exhibit 20 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 20 Exhibit 21 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 21 Exhibit 22 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 22 Exhibit 23 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 23 Exhibit 24 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 24 Exhibit 25 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 25 Exhibit 26 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 26 Exhibit 27 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 27 Exhibit 28 to Convolve's Opposition to Hitachi's Motion for Summary Judgment, # 28 Exhibit 29 to Convolve's Opposition to Hitachi's Motion for Summary Judgment)(Thomas, Elizabeth) Modified on 6/8/2011 (sm, ). (Entered: 06/08/2011) |
| 06/08/2011 | 🔒 | 361 | SEALED ADDITIONAL ATTACHMENTS to Main Document (Exhibit 1 contained in main document): 357 Sealed Response to Motion,. (Attachments: # 1 Exhibit 2 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 2 Exhibit 3 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 3 Exhibit 4 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 4 Exhibit 5 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 5 Exhibit 6 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 6 |

Exhibit 7 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 7 Exhibit 8 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 8 Exhibit 9 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 9 Exhibit 10 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 10 Exhibit 11 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 11 Exhibit 12 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 12 Exhibit 13 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 13 Exhibit 14 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 14 Exhibit 15 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 15 Exhibit 16 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 16 Exhibit 17 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 17 Exhibit 18 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 18 Exhibit 19 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 19 Exhibit 20 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 20 Exhibit 21 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 21 Exhibit 22 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 22 Exhibit 23 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 23 Exhibit 24 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 24 Exhibit 25 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 25 Exhibit 26 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 26 Exhibit 27 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 27 Exhibit 28 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 28 Exhibit 29 to Convolve's Opposition to Western Digital's Motion for Summary Judgment, # 29

| | | |
|---|---|---|
| | | Exhibit 30 to Convolve's Opposition to Western Digital's Motion for Summary Judgment)(Thomas, Elizabeth) Modified on 6/8/2011 (sm, ). (Entered: 06/08/2011) |
| 06/08/2011 | 362 | ORDER granting in part and denying in part 200 Sealed Motion; granting in part and denying in part 226 Sealed Motion; granting in part and denying in part 243 Sealed Motion. Signed by Magistrate Judge Charles Everingham on 6/8/2011. (ch, ) (Entered: 06/08/2011) |
| 06/08/2011 | 363 | ORDER granting 266 Motion for Protective Order to preclude discovery from plaintiff's non-testifying experts. Signed by Magistrate Judge Charles Everingham on 6/8/2011. (ch, ) (Entered: 06/08/2011) |
| 06/09/2011 | 364 | APPLICATION to Appear Pro Hac Vice by Attorney Tara S G Sharp for Convolve, Inc. (APPROVED FEE PAID) 2-546. (ch, ) (Entered: 06/09/2011) |
| 06/10/2011 | 365 | RESPONSE to Motion re 338 MOTION to Strike *and Exclude the Expert Testimony and Expert Report of Seth T. Kaplan, Ph.D. filed by Dell Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order) (Fulghum, Roger) (Entered: 06/10/2011) |
| 06/13/2011 🔒 | 366 | SEALED REPLY to Convolve's Response to Motion re 332 SEALED MOTION *CORRECTED MOTION - Dell Inc's Motion for Summary Judgment of Noninfringement of Claims 7 and 10 of US Patent 6,314,473 filed by Dell Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | 367 | REPLY to Response to Motion re 329 MOTION Exclude the Expert Report of Dr. Gregory K. Leonard *filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | 368 | REPLY to Response to Motion re 324 SEALED MOTION *Dell's Motion for Summary Judgment on Convolve's Claim of Willful Infringement for US Patent No. 6,314,473 filed by* |

| | | | |
|---|---|---|---|
| | | | *Dell Inc..* (Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | [369](#) | Defendants'SEALED REPLY to Response to Motion re [330](#) SEALED MOTION *Defendants' Motion for Partial Summary Judgment on Damages* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # [1](#) Exhibit M, # [2](#) Exhibit N, # [3](#) Exhibit O, # [4](#) Exhibit P, # [5](#) Exhibit Q) (Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | [370](#) | Defendants' SEALED REPLY to Response to Motion re [308](#) SEALED MOTION *, Defendants' Motion for Spoliation Sanctions Arising Out of Convolve's Destruction of Documents,* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | | [371](#) | REPLY to Response to Motion re [325](#) SEALED MOTION *, Defendants' Motion for Summary Judgment of Noninfringement of Claims 7-10, 14 and 15 of US Patent No. 6,314,473 Based on the "To The Data Storage Device" Limitation* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Fulghum, Roger) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | [372](#) | SEALED REPLY to Response to Motion re [328](#) SEALED MOTION *TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND PROPOSED EXPERT TESTIMONY OF CONVOLVE EXPERT BRUCE MCFARLANE* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # [1](#) Exhibit B, # [2](#) Exhibit C, # [3](#) Exhibit D, # [4](#) Exhibit E, # [5](#) Exhibit F) (Wessel, Bruce) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | [373](#) | SEALED REPLY to Response to Motion re [334](#) SEALED MOTION *To Exclude Survey And Expert Report Of Dr. Kent Van Liere For Failure To Comply With Federal Rules Of Evidence 702 And 403* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # [1](#) Evidentiary Objections to Tanquary and Thomas Declarations)(Wessel, Bruce) (Entered: 06/13/2011) |
| | | | |

| 06/13/2011 | 🔒 | 374 | SEALED REPLY to Response to Motion re 336 SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* filed by Western Digital Corporation. (Birnholz, Richard) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | 375 | SEALED REPLY to Response to Motion re 323 SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Thomas, Elizabeth) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | 376 | SEALED REPLY to Response to Motion re 323 SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Thomas, Elizabeth) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | 377 | SEALED REPLY In Support of Motion re 333 Joint SEALED MOTION *for Summary Judgment that the Asserted Claims of the '473 Patent are Invalid* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit P) (Homrig, Jeffrey) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | 378 | SEALED REPLY to Response to Motion re 326 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, TO STRIKE THE EXPERT TESTIMONY AND EXPERT REPORT OF DR. JOHN LEVY* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 10, # 2 Exhibit 11)(Thomas, Elizabeth) (Entered: 06/13/2011) |
| 06/13/2011 | 🔒 | 379 | SEALED REPLY In Support of its Motion re 337 SEALED MOTION *Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s Motion for Summary Judgment of Noninfringement* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit O, # 2 Exhibit P)(Lumish, Douglas) (Entered: 06/13/2011) |

| 06/13/2011 | 🔒 380 | SEALED REPLY to Response to Motion re 327 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S DAUBERT MOTION TO EXCLUDE THAT PORTION OF THE EXPERT REPORT AND TESTIMONY OF W. CHRISTOPHER BAKEWELL WHICH RELIES ON THE WHITE LICENSES* filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Thomas, Elizabeth) (Entered: 06/13/2011) |
|---|---|---|
| 06/14/2011 | 381 | Joint MOTION to Amend/Correct *The Docket Control Order* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Joint Motion to Amend the Docket Control Order)(Halsey, Anna) (Entered: 06/14/2011) |
| 06/15/2011 | 382 | ORDER granting 381 Motion to Amend/Correct. Deadline for Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine. Prior to initial pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine, deposition designations, and exhibit and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine, deposition designations, and exhibits is Friday, June 17, 2011. Signed by Magistrate Judge Charles Everingham on June 15, 2011. (jml) (Entered: 06/15/2011) |
| 06/15/2011 | 🔒 383 | Sealed Document. Plaintiff Convolve, Inc. Second Amended Complaint against Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., and Hitachi Ltd. Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T) Albritton, Eric) (Entered: 06/15/2011) |
| 06/15/2011 | 384 | SUR-REPLY to Reply to Response to Motion re 338 MOTION to Strike *and Exclude the Expert Testimony and Expert Report of Seth T. Kaplan, Ph.D.* filed by Convolve, Inc.. (Thomas, Elizabeth) (Entered: 06/15/2011) |
| 06/16/2011 | 385 | SUR-REPLY to Reply to Response to Motion re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF* |

| | | | |
|---|---|---|---|
| | | | *DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT filed by Dell Inc..* (Fulghum, Roger) (Entered: 06/16/2011) |
| 06/16/2011 | 🔒 | 386 | SEALED SUR-REPLY in Opposition to Motion re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lang, Jeremy) (Entered: 06/16/2011) |
| 06/16/2011 | | 387 | SUR-REPLY to Reply to Response to Motion re 295 Opposed SEALED MOTION *TO STRIKE PORTIONS OF DR. BUCKMAN'S AND DR. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT filed by Western Digital Corporation.* (Wessel, Bruce) (Entered: 06/16/2011) |
| 06/17/2011 | 🔒 | | (Court only) ***Reopen Document 305 Emergency SEALED MOTION *to Compel Disclosure* (jml, ) (Entered: 06/17/2011) |
| 06/17/2011 | | 388 | SUR-REPLY to Reply to Response to Motion re 327 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S DAUBERT MOTION TO EXCLUDE THAT PORTION OF THE EXPERT REPORT AND TESTIMONY OF W. CHRISTOPHER BAKEWELL WHICH RELIES ON THE WHITE LICENSES filed by Dell Inc..* (Attachments: # 1 Exhibit D)(Fulghum, Roger) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 389 | SEALED SUR-REPLY to Reply to Response to Motion re 325 SEALED MOTION *, Defendants' Motion for Summary Judgment of Noninfringement of Claims 7-10, 14 and 15 of US Patent No. 6,314,473 Based on the "To The Data Storage Device" Limitation filed by Convolve, Inc..* (Attachments: # 1 Exhibit 1 to Convolve's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment of NonInfringement of Claims 7-10, 14 and 15, # 2 Exhibit 2 to Convolve's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment of NonInfringement of Claims 7-10, 14 and 15, # 3 Exhibit 3 to Convolve's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment of NonInfringement of Claims 7-10, 14 and 15, # 4 Exhibit 4 to |

| | | | |
|---|---|---|---|
| | | | Convolve's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment of NonInfringement of Claims 7-10, 14 and 15)(Anderson, A) Modified on 6/20/2011 (sm, ). (Entered: 06/17/2011) |
| 06/17/2011 | | 390 | Joint MOTION to Amend/Correct *the Docket Control Order* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 391 | SEALED SUR-REPLY to Reply to Response to Motion re 333 SEALED MOTION *for Summary Judgment that the Asserted Claims of the '473 Patent are Invalid filed by Convolve, Inc.*. (Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 392 | SEALED SUR-REPLY to Reply to Response to Motion re 324 SEALED MOTION *Dell's Motion for Summary Judgment on Convolve's Claim of Willful Infringement for US Patent No. 6,314,473 filed by Convolve, Inc.*. (Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 393 | SEALED SUR-REPLY to Reply to Response to Motion re 330 SEALED MOTION *Defendants' Motion for Partial Summary Judgment on Damages filed by Convolve, Inc.*. (Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 394 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 323 SEALED MOTION *DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE filed by Western Digital Corporation*. (Attachments: # 1 Exhibit C)(Wessel, Bruce) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 395 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 326 SEALED MOTION *PLAINTIFF CONVOLVE, INC.S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, TO STRIKE THE EXPERT TESTIMONY AND EXPERT REPORT OF DR. JOHN LEVY filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation*. (Wessel, Bruce) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 396 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 323 SEALED MOTION *DAUBERT* |

| | | | |
|---|---|---|---|
| | | | *MOTION TO EXCLUDE THE EXPERT TESTIMONY AND STRIKE THE EXPERT REPORTS OF DANIEL J. SLOTTJE AND KEITH R. UGONE filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Homrig, Jeffrey) (Entered: 06/17/2011) |
| 06/17/2011 | | 397 | SUR-REPLY to Reply to Response to Motion re 329 MOTION Exclude the Expert Report of Dr. Gregory K. Leonard *filed by Convolve, Inc..* (Attachments: # 1 Exhibit 3 to Sur-Reply in Support of Opposition to Motion to Exclude Leonard)(Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 398 | SEALED SUR-REPLY to Reply to Response to Motion re 336 SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED)* SEALED MOTION *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (CORRECTED) filed by Convolve, Inc..* (Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 399 | SEALED SUR-REPLY to Reply to Response to Motion re 337 SEALED MOTION *Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s Motion for Summary Judgment of Noninfringement filed by Convolve, Inc..* (Anderson, A) (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 400 | S***DEFICIENT DOCUMENT, PLEASE IGNORE.***<br><br>SEALED MOTION *IN LIMINE* by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Text of Proposed Order)(Albritton, Eric) Modified on 6/20/2011 (sm, ). (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 401 | ****DEFICIENT DOCUMENT, PLEASE IGNORE.***<br><br>SEALED MOTION *IN LIMINE (Nos. 1 - 24)* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Text of Proposed Order) |

| | | | |
|---|---|---|---|
| | | | (Wessel, Bruce) Modified on 6/20/2011 (sm, ). (Entered: 06/17/2011) |
| 06/17/2011 | 🔒 | 402 | SEALED SUR-REPLY to Motion re 334 SEALED MOTION *To Exclude Survey And Expert Report Of Dr. Kent Van Liere For Failure To Comply With Federal Rules Of Evidence 702 And 403* filed by Convolve, Inc.. (Thomas, Elizabeth) (Entered: 06/17/2011) |
| 06/20/2011 | | | NOTICE of DEFICIENCY regarding the #400 and #401 Motions in limine submitted by Convolve, Inc., Dell Inc.. No certificate of conference included; exceeds the page limit. Correction should be made by 1 business day and refiled. These motions are now terminated. (sm, ) (Entered: 06/20/2011) |
| 06/20/2011 | | 403 | SUR-REPLY to Reply to Response to Motion re 338 MOTION to Strike *and Exclude the Expert Testimony and Expert Report of Seth T. Kaplan, Ph.D. filed by Dell Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Fulghum, Roger) (Entered: 06/20/2011) |
| 06/20/2011 | 🔒 | 404 | Opposed SEALED MOTION - *Defendants' Motions in Limine Nos. 1 - 24* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A - Excerpts from Singer Depo of March 22, 2011, # 2 Exhibit B - DiEuliis Report Excerpts, # 3 Exhibit C - Excerpts from Singer Depo of March 23, 2011, # 4 Exhibit D - CV-010948, # 5 Exhibit E - Dec 11 - 12 Meeting Minutes, # 6 Exhibit F - Expert Discovery Email, # 7 Exhibit G - 2011-05-19 DiEuliis, Val Minuscript, # 8 Exhibit H - 2011-05-20- DiEuliis, Val Minuscript, # 9 Exhibit I - Hitachi's Objections and Responses to Convolve's 2nd Set of Rogs, # 10 Exhibit J - Expert Report of Michael Sidman on Non-Infringement of Patent No. 6,314,473, # 11 Exhibit K - Dell CV 0023898, # 12 Exhibit L - Convolve's Responses to Hitachi's Second Interrogatories, # 13 Exhibit M - Attachments to Convolve's Contentions, # 14 Exhibit N - 2003 Letter, # 15 Exhibit O - IBM Subpoena, # 16 Text of Proposed Order)(Smith, Melissa) (Entered: 06/20/2011) |
| | | | |

| | | |
|---|---|---|
| 06/20/2011 | 405 | Unopposed MOTION for Leave to File Excess Pages *in Defendants' Motions in Limine Nos. 1 - 24* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 06/20/2011) |
| 06/20/2011 🔒 | 406 | Sealed Joint Pre-Trial Order. (Attachments: # 1 Exhibit A to Joint Pre-trial Order, # 2 Exhibit B to Joint Pre-trial Order, # 3 Exhibit C to Joint Pre-trial Order, # 4 Exhibit D to Joint Pre-trial Order, # 5 Exhibit E to Joint Pre-trial Order, # 6 Exhibit F to Joint Pre-trial Order)(Anderson, A) (Entered: 06/20/2011) |
| 06/20/2011 | 407 | Proposed Jury Verdict by Convolve, Inc.. (Anderson, A) Modified on 6/21/2011 (sm, ). (Entered: 06/20/2011) |
| 06/20/2011 | 408 | Proposed Jury Instructions by Convolve, Inc.. (Anderson, A) (Entered: 06/20/2011) |
| 06/20/2011 | 409 | Proposed Jury Instructions by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Lumish, Douglas) (Entered: 06/20/2011) |
| 06/20/2011 | 410 | Proposed Jury Verdict by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Lumish, Douglas) Modified on 6/21/2011 (sm, ). (Entered: 06/20/2011) |
| 06/21/2011 | 411 | NOTICE of Hearing: Pretrial Conference RESET for 6/23/2011, 03:30 PM, in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (delat, ) (Entered: 06/21/2011) |
| 06/21/2011 🔒 | 412 | SEALED MOTION *Plaintiff Convolve's Omnibus Motion in Limine* by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Text of Proposed Order) (Albritton, Eric) (Entered: 06/21/2011) |
| 06/21/2011 | 413 | Unopposed MOTION for Leave to File *Plaintiff Convolve's Unopposed Motion for Leave to Exceed Page Limit on its Omnibus Motion in Limine (Docket No. 412)* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, |

| | | |
|---|---|---|
| | | Eric) (Entered: 06/21/2011) |
| 06/21/2011 | | NOTICE FROM CLERK re 407 Proposed Findings of Fact. This entry has been modified to reflect that it is Convolve's Proposed Jury Verdict. (sm, ) (Entered: 06/21/2011) |
| 06/21/2011 | | NOTICE FROM CLERK re 410 Proposed Findings of Fact. Entry has been modified by clerk to reflect that it is a proposed jury verdict. (sm, ) (Entered: 06/21/2011) |
| 06/21/2011 | 414 | Supplemental MOTION in Limine *Concerning the Late-Identified Colligan Patent Application* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 06/21/2011) |
| 06/22/2011 | 415 | ORDER granting 390 Motion to Amend docket control order. Parties to file motions in Limine deadline has not changed. Parties to file Proposed Joint Pretrial Order, Proposed Jury Instructions and Joint Verdict Forms deadline extended to 7/20/11. Signed by Magistrate Judge Charles Everingham on 6/22/11. (ehs, ) (Entered: 06/22/2011) |
| 06/22/2011 | 416 | ORDER granting 405 Motion for Leave to File Excess Pages for Defendants Motions in Limine Nos. 1 24. ORDERED that the page limit for Defendants Motions in Limine Nos. 1 24 is exceeded by eleven (11) pages, bringing the page limit up to and including twenty-six (26) pages.. Signed by Magistrate Judge Charles Everingham on 6/22/11. (ehs, ) (Entered: 06/22/2011) |
| 06/22/2011 | 417 | Unopposed MOTION for Leave to File Excess Pages *in Defendants' Responses to Convolve's Motions in Limine Nos. 1-21* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Wessel, Bruce) (Entered: 06/22/2011) |
| 06/22/2011 | 418 | SEALED RESPONSE to Motion re 412 SEALED MOTION *Plaintiff Convolve's Omnibus Motion in Limine* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # |

| | | | |
|---|---|---|---|
| | | | 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order)(Wessel, Bruce) (Entered: 06/22/2011) |
| 06/22/2011 | | 419 | ORDER granting 414 Motion for leave to exceed the page limit on its Omnibus motion in Limine. Signed by Magistrate Judge Charles Everingham on 6/22/11. (ehs, ) (Entered: 06/22/2011) |
| 06/22/2011 | 🔒 | 420 | SEALED ORDER granting in part denying in part 271 Sealed Motion; graning in part denying in part 305 Sealed Motion (see order for details). Signed by Magistrate Judge Charles Everingham on 6/22/2011. (ch, ) Modified on 6/22/2011 (ch, ). (Entered: 06/22/2011) |
| 06/22/2011 | 🔒 | 421 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>Sealed -- Convolve's Objections To Defendants' Motions In Limine (Dkt. Nos. 404 and 415) (Attachments: # 1 Exhibit 1 to Convolve's Objections To Defendants' Motions In Limine (Dkt. Nos. 404 and 415), # 2 Exhibit 2 to Convolve's Objections To Defendants' Motions In Limine (Dkt. Nos. 404 and 415), # 3 Exhibit 3 to Convolve's Objections To Defendants' Motions In Limine (Dkt. Nos. 404 and 415), # 4 Exhibit 4 to Convolve's Objections To Defendants' Motions In Limine (Dkt. Nos. 404 and 415), # 5 Text of Proposed Order)(Thomas, Elizabeth) Modified on 6/23/2011 (sm, ). (Entered: 06/22/2011) |
| 06/22/2011 | | 422 | ***DEFICIENT DOCUMENT, PLEASE IGNORE.***<br><br>Unopposed MOTION for Leave to File *Plaintiff Convolve's Unopposed Motion for Leave to Exceed Page Limit on its Objections to Defendants' Motions in Limine (Dkt. Nos. 404 and 415)* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Thomas, Elizabeth) Modified on 6/23/2011 (sm, ). (Entered: 06/22/2011) |
| 06/23/2011 | | 423 | NOTICE by Convolve, Inc. *Plaintiff's Notice of Request for Daily Transcripts of Court Proceedings* (Albritton, Eric) (Entered: 06/23/2011) |
| 06/23/2011 | | 424 | NOTICE by Western Digital Corporation *of Request for Daily Transcripts of Court Proceedings* (Smith, Melissa) |

| | | (Entered: 06/23/2011) |
|---|---|---|
| 06/23/2011 | 425 | NOTICE by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. *of Request for Daily Transcript and Real Time Reporting of Court Proceedings* (Craft, Roger) (Entered: 06/23/2011) |
| 06/23/2011 | | NOTICE of DEFICIENCY regarding the #422 Motion to exceed page limit submitted by Convolve, Inc.. No atty signature (incomplete) and no certificate of service included. Correction should be made by 1 business day and refiled. This motion is now terminated. (sm, ) (Entered: 06/23/2011) |
| 06/23/2011 | | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 421, Sealed Document. PLEASE IGNORE.\*\*\*** <br><br> (sm, ) (Entered: 06/23/2011) |
| 06/23/2011 | 426 | SEALED RESPONSE - Convolve's Objections to Defendants' Motions in Limine (Dkt. Nos. 404 and 414) filed by Convolve, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 06/23/2011) |
| 06/23/2011 | 427 | Unopposed MOTION for Leave to File *Plaintiff Convolve's Unopposed Motion for Leave to Exceed Page Limits on its Objections to Defendants' Motions in Limine* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 06/23/2011) |
| 06/23/2011 | 428 | NOTICE by Dell Inc. *of Request for Daily Transcripts of Court Proceedings* (Fulghum, Roger) (Entered: 06/23/2011) |
| 06/23/2011 | 429 | NOTICE of Hearing: Evidentiary Hearing regarding Trial Exhibits and Deposition Designations set for 7/5/2011 11:00 AM (Immediately following Jury Selection) in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (jml) (Entered: 06/23/2011) |
| 06/23/2011 | 430 | SEALED SUR-REPLY to Motion (Dkt. No. 308) SEALED MOTION *, Defendants' Motion for Spoliation Sanctions Arising Out of Convolve's Destruction of Documents,* filed by Convolve, Inc.. (Attachments: # 1 Exhibit H, # 2 Exhibit |

| | | I, # 3 Exhibit J)(Thomas, Elizabeth) (Entered: 06/23/2011) |
|---|---|---|
| 06/23/2011 | 434 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Initial Pretrial Conference held on 6/23/2011. (Court Reporter Kim Julian, CSR.) (Attachments: # 1 Attorney Sign-in Sheet) (jml) (Entered: 06/24/2011) |
| 06/24/2011 | 431 | ORDER granting 417 Motion for Leave to File Excess Pages. The page limit for Defendants' Oppositions to Convolve's Motions in Limine be exceeded by seven (7) pages, bringing the page limit up to and including twenty-two (22) pages.. Signed by Magistrate Judge Charles Everingham on 6/24/11. (ehs, ) (Entered: 06/24/2011) |
| 06/24/2011 | 432 | ORDER granting 422 Unopposed MOTION for Leave to File *Plaintiff Convolve's Unopposed Motion for Leave to Exceed Page Limit on its Objections to Defendants' Motions in Limine (Dkt. Nos. 404 and 415)*Unopposed MOTION for Leave to File *Plaintiff Convolve's Unopposed Motion for Leave to Exceed Page Limit on its Objections to Defendants' Motions in Limine (Dkt. Nos. 404 and 415)* filed by Convolve, Inc.. Signed by Magistrate Judge Charles Everingham on 6/24/11. (ehs, ) (Entered: 06/24/2011) |
| 06/24/2011 | 433 | ORDER granting 427 Motion for Leave to exceed the page limit on its objections to Deft's Motion in Limine. Signed by Magistrate Judge Charles Everingham on 6/24/11. (ehs, ) (Entered: 06/24/2011) |
| 06/24/2011 | 435 | Sealed Document, Dell's Memorandum In Support of Oral Motion for Clarification of the Court's Ruling on Defendants' Motion in Limine No. 1, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Fulghum, Roger) (Entered: 06/24/2011) |
| 06/27/2011 | 436 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of PRETRIAL HEARING held on 6/23/11 before Judge Chad Everingham. Court Reporter/Transcriber: Kimberly Julian, Sunbelt Reporting,Telephone number: (713) 667-0763. (42 Pages)<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript.** |

| | | |
|---|---|---|
| | | **If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/21/2011. Redacted Transcript Deadline set for 8/1/2011. Release of Transcript Restriction set for 9/29/2011. (tja, ) (Entered: 06/27/2011) |
| 06/28/2011 | 437 | ORDER granting 272 Sealed Motion. The court ORDERS Hitachi to produce the witness(es) it designates in Hawaii at a mutually agreeable time and date during the week of either July 4, 2011 or July 11, 2011. The court will issue a separate order addressing Convolves motion to compel Hitachi to supplement its interrogatories.. Signed by Magistrate Judge Charles Everingham on 6/28/11. (ehs, ) (Entered: 06/28/2011) |
| 06/29/2011 | 438 | ORDER denying 295 Sealed Motion. The court DENIES Plaintiffs motion to strike such references. Although Hitachi and Western Digital have continued to offer the drives for Plaintiffs inspection, the court explicitly grants Plaintiff the opportunity to inspect the exact Hawk drive that Hitachi acquired and Dr. Sidman relied upon, as well as the WDAL2200 drive that Western Digital discovered. The court also grants Plaintiff the opportunity tosupplement its rebuttal expert reports. Any such supplements shall be limited to information gleaned from the inspection of the drives and shall be served by July 11, 2011.. Signed by Magistrate Judge Charles Everingham on 6/29/11. (ehs, ) (Entered: 06/29/2011) |
| 07/01/2011 | 439 | ***FILED IN ERROR. PER ATTORNEY. PLEASE IGNORE.***<br><br>MOTION in Limine *CONCERNING THE LATE-IDENTIFIED WESTERN DIGITAL '481 PATENT AND ITS PROSECUTION AND OBJECTION TO CONVOLVE* |

| | | |
|---|---|---|
| | | *EXHIBITS PTX-576 AND PTX-798* by Western Digital Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(Birnholz, Richard) Modified on 7/1/2011 (ch, ). (Entered: 07/01/2011) |
| 07/01/2011 | 440 | MOTION in Limine *CONCERNING THE LATE-IDENTIFIED WESTERN DIGITAL '481 PATENT AND ITS PROSECUTION AND OBJECTION TO CONVOLVE EXHIBITS PTX-576 AND PTX-798 (CORRECTED)* by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order) (Birnholz, Richard) (Additional attachment(s) added on 7/5/2011: # 5 REVISED PROPOSED ORDER) (sm, ). (Entered: 07/01/2011) |
| 07/01/2011 | | *****FILED IN ERROR. PER ATTORNEY Document # 439, Motion in Limine. PLEASE IGNORE.***** <br><br> (ch, ) (Entered: 07/01/2011) |
| 07/01/2011 | 441 | ORDER granting in part and denying in part 401 , 412 and 414 Sealed Motion in Limine. Signed by Magistrate Judge Charles Everingham on 7/1/11. (ehs, ) (Entered: 07/01/2011) |
| 07/01/2011 | 442 | NOTICE of Hearing: Jury Selection RESET for 7/5/2011, 01:30 PM, in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. Evidentiary hearing regarding trial exhibits and deposition designations to follow immediately after jury selection. (delat, ) (Entered: 07/01/2011) |
| 07/01/2011 | 443 | ***WITHDRAWN PER ORDER # 489 *** SEALED MOTION *Defendants' Motion to Strike the Portions of Convolve's Expert Reports That Are Based on Testing of Devices That Were Not Produced for Inspection* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Text of Proposed Order)(Fulghum, Roger) Modified on 7/15/2011 (ehs, ). (Entered: 07/01/2011) |
| 07/01/2011 | 444 | Agreed MOTION to Expedite *Briefing on Defendants' Motion to Strike Portions of Convolve's Expert Reports (Docket No. 443)* by Dell Inc., Hitachi Global Storage |

| | | | |
|---|---|---|---|
| | | | Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Fulghum, Roger) (Additional attachment(s) added on 7/5/2011: # 1 Text of Proposed Order) (sm, ). (Entered: 07/01/2011) |
| 07/05/2011 | | 445 | ORDER granting 262 Motion for clarification of the court's construction of the term "data storage device" ; denying 325 Sealed Motion for summary judgment. Signed by Magistrate Judge Charles Everingham on 7/5/11. (ehs, ) (Entered: 07/05/2011) |
| 07/05/2011 | | 446 | ORDER - the court GRANTS Defendants motion in limine to preclude all testimony and evidence related to Dell computers incorporating Seagate hard disk drives.. Signed by Magistrate Judge Charles Everingham on 7/5/11. (ehs, ) (Entered: 07/05/2011) |
| 07/05/2011 | | 447 | ORDER granting 444 Motion to Expedite briefing. Briefing schedule on Defendants Motion to Strike Portions of Convolves Expert Reports, Docket No. 443, be entered: Convolves Response to be filed Friday, July 8, 2011. Defendants Reply to be filed Sunday, July 10, 2011. Convolves Sur-Reply to be filed Wednesday, July 13, 2011.. Signed by Magistrate Judge Charles Everingham on 7/5/11. (ehs, ) (Entered: 07/05/2011) |
| 07/05/2011 | | 448 | ANSWER to Complaint, COUNTERCLAIM *Western Digital Corporation's Answer and Counterclaims to Convolve's Second Amended Complaint* against Convolve, Inc. by Western Digital Corporation.(Smith, Melissa) (Entered: 07/05/2011) |
| 07/05/2011 | | 449 | ANSWER to Complaint, COUNTERCLAIM *Dell Inc.'s Answer and Counterclaims to Convolve's Second Amended Complaint* against Convolve, Inc. by Dell Inc..(Fulghum, Roger) (Entered: 07/05/2011) |
| 07/05/2011 | 🔒 | 450 | DEFENDANT HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.S SEALED ANSWER TO CONVOLVE, INC.S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (Lang, Jeremy) (Entered: 07/05/2011) |
| 07/05/2011 | 🔒 | 451 | DEFENDANT HITACHI, LTD.S SEALED ANSWER TO |

| | | CONVOLVE, INC.S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (Lang, Jeremy) (Entered: 07/05/2011) |
|---|---|---|
| 07/05/2011 | 452 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Selection held on 7/5/2011, Evidentiary Hearing held on 7/5/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/06/2011) |
| 07/07/2011 | 453 | ORDER granting 440 Motion in Limine. Defendant Western Digital Corp.s Western Digital) supplemental motion in limine concerning the late identified Western Digital 481 Patent and its prosecution (Dkt. No. 440).. Signed by Magistrate Judge Charles Everingham on 7/7/11. (ehs, ) (Entered: 07/07/2011) |
| 07/07/2011 | 454 | ORDER denying 326 Sealed Motion to exclude or, in the alternative, to strike the expert testimony and expert report of Dr. John Levy. Signed by Magistrate Judge Charles Everingham on 7/7/11. (ehs, ) (Entered: 07/07/2011) |
| 07/07/2011 | 455 | ORDER denying 327 Sealed Motion. The court, however, notes that if Mr. Bakewell attempts to incorporate the royalty rates underlying the White licenses into his testimony in front of the jury, Dell must first establish the comparability of licenses. It is not sufficient to state that both the 473 Patent and the patents underlying the White licenses cover hard disk drive technology. Rather, Dell must establish the functionality enabled by the 473 Patent, as well as the functionality purportedly covered by the licensed patent, and compare their economic importance.. Signed by Magistrate Judge Charles Everingham on 7/7/11. (ehs, ) (Entered: 07/07/2011) |
| 07/07/2011 | 456 | NOTICE by Western Digital Corporation *Western Digital's Notice To Court Re Convolve's Willfulness Allegations and Western Digital's Proffered Willfulness Expert* (Attachments: # 1 SJM v. ACI, # 2 Tyco Healthcare v. Applied Med.)(Wessel, Bruce) (Entered: 07/07/2011) |
| 07/08/2011 | 457 | ORDER denying 324 Sealed Motion for summary judgment. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| | | |

| 07/08/2011 | 458 | ORDER denying 328 Sealed Motion to exclude portions of the expert report. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 | 459 | ORDER denying 329 Motion to exclude the expert report of Dr. Gregory K. Leonard. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 | 460 | ORDER denying 334 Sealed Motion to exclude the survey and expert report of Dr. Kent Van Liere. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 | 461 | ORDER denying 330 Sealed Motion motion for summary judgment. Signed by Judge Donald E. Walter on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 | 462 | ORDER granting in part and denying in part 338 Motion to Strike expert report and testimony. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 | 463 | ORDER granting in part and denying in part 323 Sealed Motion to exclude the expert testimony and strike the expert reports. Signed by Magistrate Judge Charles Everingham on 7/8/11. (ehs, ) (Entered: 07/08/2011) |
| 07/08/2011 🔒 | 464 | SEALED RESPONSE PLAINTIFF CONVOLVE, INC.S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE THE PORTIONS OF CONVOLVES EXPERT REPORTS THAT ARE BASED ON TESTING OF DEVICES THAT WERE NOT PRODUCED FOR INSPECTION (DOCKET NO. 443) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order) (Thomas, Elizabeth) (Entered: 07/08/2011) |
| 07/08/2011 | 465 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>**NOTICE by Convolve, Inc. re 456 Notice (Other), Notice (Other)** *PLAINTIFF CONVOLVE, INC.S RESPONSE TO WESTERN DIGITALS NOTICE TO THE COURT REGARDING WILLFULNESS (DOCKET NO. 456)* **(Thomas, Elizabeth) Modified on 7/11/2011 (sm, ).** |

| | | | |
|---|---|---|---|
| | | | **(Entered: 07/08/2011)** |
| 07/09/2011 | | 466 | Supplemental MOTION in Limine *on McFarlane Testimony Concerning Royalty Rate Reflected in Altec Lansing License* by Dell Inc.. (Attachments: # 1 Text of Proposed Order) (Fulghum, Roger) (Entered: 07/09/2011) |
| 07/10/2011 | 🔒 | 467 | SEALED MOTION *WESTERN DIGITAL'S SUPPLEMENTAL MOTION IN LIMINE TO LIMIT REFERENCES TO THE CENSTOR LICENSES BY CONVOLVE AND ITS WITNESSES* by Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Wessel, Bruce) (Entered: 07/10/2011) |
| 07/10/2011 | | 468 | REPLY to Response to Motion re 443 SEALED MOTION *Defendants' Motion to Strike the Portions of Convolve's Expert Reports That Are Based on Testing of Devices That Were Not Produced for Inspection filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Fulghum, Roger) (Entered: 07/10/2011) |
| 07/11/2011 | 🔓 | 469 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of PRE-TRIAL HEARING held on 7/5/11 before Judge Chad Everingham. Court Reporter/Transcriber: Shelly Holmes, CSR,Telephone number: (903) 663-5082. (66 Pages)<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/4/2011. Redacted Transcript Deadline set for 8/15/2011. Release of Transcript Restriction set for 10/14/2011. (tja, ) (Entered: 07/11/2011) |

| | | |
|---|---|---|
| 07/11/2011 | | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 465, Notice. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 07/11/2011) |
| 07/11/2011 | 470 | RESPONSE to 456 Notice (Other), Notice (Other) *PLAINTIFF CONVOLVE, INC.'S RESPONSE TO WESTERN DIGITAL'S NOTICE TO THE COURT REGARDING WILFULNESS (DOCKET NO. 456)* by Convolve, Inc.. (Thomas, Elizabeth) (Entered: 07/11/2011) |
| 07/12/2011 | 471 | ORDER denying 336 Sealed Motion for Summary Judgment of Non-Infringement. Court DENIES Western Digitals motion for summary judgment of non-infringement in its entirety. Signed by Magistrate Judge Charles Everingham on 7/12/2011. (ch, ) (Entered: 07/12/2011) |
| 07/12/2011 | 472 | ORDER denying 333 Sealed Motion for Summary Judgment. The court DENIES Defendants motion for summary judgment of invalidity in its entirety. (see order for details). Signed by Magistrate Judge Charles Everingham on 7/12/2011. (ch, ) (Entered: 07/12/2011) |
| 07/12/2011 | 473 | ORDER re 272 Opposed SEALED MOTION *Plaintiff Convolve, Inc.'s Motion to Compel Defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD to Supplement its Interrogatory Responses and Produce Deposition Witnesses* filed by Convolve, Inc.. The court DENIES Plaintiffs request that the court compel Hitachi to supplement its interrogatory responses.. Signed by Magistrate Judge Charles Everingham on 7/12/11. (ehs, ) (Entered: 07/12/2011) |
| 07/12/2011 | 474 | ORDER denying 332 Sealed Motion for summary judgment of non-infringement. Signed by Magistrate Judge Charles Everingham on 7/12/11. (ehs, ) (Entered: 07/12/2011) |
| 07/12/2011 | 475 | ORDER denying 337 Sealed Motion for summary judgment of noninfringement in its entirety.. Signed by Magistrate Judge Charles Everingham on 7/12/11. (ehs, ) (Entered: 07/12/2011) |
| 07/12/2011 | 484 | Minute Entry for proceedings held before Magistrate Judge |

| | | Charles Everingham: Evidentiary Hearing held on 7/12/2011. (Court Reporter Shelly Holmes, CSR.) (Attachments: # 1 Attorney Sign-in Sheet) (jml) (Entered: 07/14/2011) |
|---|---|---|
| 07/13/2011 | 476 | ORDER - The court sua sponte ORDERS that Plaintiff Convolve, Inc. will have fifteen hours to try its case and Defendants collectively will have eighteen hours to try their case. This time is exclusive of the parties opening statements and closing arguments, but inclusive of the parties respective direct examinations, cross examinations, and deposition designations. Signed by Magistrate Judge Charles Everingham on 7/13/2011. (ch, ) (Entered: 07/13/2011) |
| 07/13/2011 | 477 | STIPULATION *Stipulation of the Parties regarding Certain Physical Exhibits and Defendants' Motion to Strike Portions of Convolve's Expert Reports (Docket No. 443)* by Convolve, Inc.. (Albritton, Eric) (Entered: 07/13/2011) |
| 07/13/2011 🔒 | 478 | Emergency SEALED PATENT MOTION *to Compel Convolve, Inc. to Return Privileged Document HGSTC0006046291-7 Pursuant to the Protective Order* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E) (Young, Patricia) (Entered: 07/13/2011) |
| 07/13/2011 | 479 | Unopposed MOTION to Withdraw 443 SEALED MOTION *Defendants' Motion to Strike the Portions of Convolve's Expert Reports That Are Based on Testing of Devices That Were Not Produced for Inspection* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 07/13/2011) |
| 07/14/2011 | 480 | ORDER - pending before the Court is defendant Hitachi Global Storage Technologies, Inc. and Hitachi LTD.s emergency motion to compel plaintiff Convolve, Inc. to return certain privileged documents (Dkt. No. 478). The court ORDERS Convolve to respond to this motion by Friday, July 15, 2011.. Signed by Magistrate Judge Charles Everingham on 7/14/11. (ehs, ) (Entered: 07/14/2011) |
| | | |

| 07/14/2011 | 481 | ORDER - The court held exhibit hearings in this matter on June 23, 2011 and July 12, 2011. The court carried three objections. The courts rulings on these objections are set forth herein. Signed by Magistrate Judge Charles Everingham on 7/14/11. (ehs, ) (Entered: 07/14/2011) |
| 07/14/2011 | 482 | NOTICE of Hearing: Jury Trial set for 7/18/2011 08:30 AM in Mag Ctrm (Marshall) before Magistrate Judge Charles Everingham. (jml) (Entered: 07/14/2011) |
| 07/14/2011 | 483 | SEALED RESPONSE Convolve, Inc.'s Objections to Western Digital's Supplemental Motion in Limine to Limit References to the Censtor Licenses by Convolve and Its Witnesses Dkt. 467 filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Objections to Western Digital's Supplemental Motion in Limine, # 2 Exhibit B to Convolve's Objections to Western Digital's Supplemental Motion in Limine, # 3 Exhibit C to Convolve's Objections to Western Digital's Supplemental Motion in Limine, # 4 Text of Proposed Order to Convolve's Objections to Western Digital's Supplemental Motion in Limine)(Anderson, A) (Entered: 07/14/2011) |
| 07/14/2011 | 485 | Opposed SEALED MOTION - *Defendants' Supplemental Motion in Limine to Limit Reference Convolve's Litigation Financing, Except the 2003 and 2006 Private Placements Memoranda* - by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit - Explanation of Redactions, # 2 Exhibit - Defendants' JTX 1310, # 3 Exhibit - Defendants' JTX 1313)(Smith, Melissa) (Additional attachment(s) added on 7/15/2011: # 4 Text of Proposed Order) (sm, ). (Entered: 07/14/2011) |
| 07/14/2011 | 486 | SEALED RESPONSE Convolve, Inc.'s Objections to 466 Defendant Dell's Supplemental Motion in Limine on McFarlane Testimony Concerning Royalty Rate Reflected in Altec Lansing License filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Objections to Dell's Supplemental Motion in Limine, # 2 Exhibit B to Convolve's Objections to Dell's Supplemental Motion in Limine, # 3 Text of Proposed Order to Convolve's |

| | | | |
|---|---|---|---|
| | | | Objections to Dell's Supplemental Motion in Limine) (Anderson, A) (Entered: 07/14/2011) |
| 07/15/2011 | 🔒 | 487 | SEALED REPLY to Response to Motion re 466 Supplemental MOTION in Limine *on McFarlane Testimony Concerning Royalty Rate Reflected in Altec Lansing License* filed by Dell Inc.. (Attachments: # 1 Exhibit)(Fulghum, Roger) (Entered: 07/15/2011) |
| 07/15/2011 | 🔒 | 488 | SEALED RESPONSE-Convolve, Inc.'s Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda (Dkt. No. 485) filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda, # 2 Exhibit B to Convolve's Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda, # 3 Exhibit C to Convolve's Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda, # 4 Exhibit D to Convolve's Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda, # 5 Text of Proposed Order to Convolve's Objections to Defendants' Supplemental Motion In Limine Reference to Convolve's Litigation Financing, Except the 2003 and 2006 Private Placement Memoranda)(Anderson, A) (Entered: 07/15/2011) |
| 07/15/2011 | | 489 | ORDER withdrawing 443 Sealed Motion; granting 479 Motion to Withdraw. Defendants motion is GRANTED, and Defendants Motion to Strike Portions of Convolves Expert Reports (Docket No. 443) is WITHDRAWN.. Signed by Magistrate Judge Charles Everingham on 7/15/11. (ehs, ) (Entered: 07/15/2011) |
| 07/15/2011 | | 490 | ORDER - The court carries Plaintiffs objections until it can ascertain the manner in which Defendants plan to use Mr. Singers personal deposition testimony.. Signed by |

| | | |
|---|---|---|
| | | Magistrate Judge Charles Everingham on 7/15/11. (ehs, ) (Entered: 07/15/2011) |
| 07/15/2011 | 🔒 491 | SEALED RESPONSE-Convolve, Inc.'s Opposition to Hitachi's Emergency Motion To Compel Convolve to Return Privileged Document HGSTC0006046291-7 Pursuant to the Protective Order (Dkt. No. 478)filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 2 Exhibit B to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 3 Exhibit C to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 4 Exhibit D to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 5 Exhibit E to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 6 Exhibit F to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 7 Exhibit G to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 8 Exhibit H to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 9 Exhibit I to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 10 Exhibit J to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 11 Exhibit K to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 12 Exhibit L to Convolve's Opposition to Hitachi's Emergency Motion to Compel, # 13 Text of Proposed Order to Convolve's Opposition to Hitachi's Emergency Motion to Compel) (Thomas, Elizabeth) (Entered: 07/15/2011) |
| 07/15/2011 | 492 | Amended Trial Witness List by Convolve, Inc.. (Edwards, Stephen) (Entered: 07/15/2011) |
| 07/15/2011 | 493 | MOTION *for Preliminary Instruction on Invalidity Consistent with Microsoft v I4I* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 07/15/2011) |
| 07/17/2011 | 🔒 494 | SEALED REPLY to Response to Motion re 485 Opposed SEALED MOTION - *Defendants' Supplemental Motion in Limine to Limit Reference Convolve's Litigation Financing, Except the 2003 and 2006 Private Placements Memoranda* - filed by Western Digital Corporation. (Smith, Melissa) (Entered: 07/17/2011) |

| 07/17/2011 | 🔒 495 | SEALED PATENT REPLY to Response to PATENT Motion re 478 Emergency SEALED PATENT MOTION *to Compel Convolve, Inc. to Return Privileged Document HGSTC0006046291-7 Pursuant to the Protective Order filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Text of Proposed Order Amended Order, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit K)(Young, Patricia) (Entered: 07/17/2011) |
| --- | --- | --- |
| 07/18/2011 | 496 | Second Amended Trial Witness List by Convolve, Inc.. (Edwards, Stephen) (Entered: 07/18/2011) |
| 07/18/2011 | 497 | Exhibit List *(Trial)* by Convolve, Inc... (Thomas, Elizabeth) (Entered: 07/18/2011) |
| 07/18/2011 | 528 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/18/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/19/2011 | 498 | ORDER granting in part and denying in part 466 Motion in Limine. Signed by Magistrate Judge Charles Everingham on 7/19/2011. (ch, ) (Entered: 07/19/2011) |
| 07/19/2011 | 499 | ORDER denying 467 Sealed supplemental motion in limine to limit references to the Censtor Licenses by Plaintiff and its damages expert, Mr. Bruce McFarlane. The court DENIES Western Digitals motion. The court, however, notes that if Plaintiff establishes the comparability of the Censtor Licenses in front of the jury, it will render the licenses admissible for all purposes.. Signed by Magistrate Judge Charles Everingham on 7/19/11. (ehs, ) (Entered: 07/19/2011) |
| 07/19/2011 | 500 | ORDER granting 485 Sealed supplemental motion in limine to limit reference to Plaintiffs litigation financing, except the 2003 and 2006 private placement memoranda. The court ORDERS the parties to approach the bench before referencing any litigation financing evidence, including the 2003 and 2006 private placement memoranda.. Signed by Magistrate Judge Charles Everingham on 7/19/11. (ehs, ) (Entered: 07/19/2011) |
| 07/19/2011 | 501 | APPLICATION to Appear Pro Hac Vice by Attorney |

| | | |
|---|---|---|
| | | Kathleen B Barry for Dell Inc. (APPROVED FEE PAID) 2-620. (ch, ) (Entered: 07/19/2011) |
| 07/19/2011 | 502 | APPLICATION to Appear Pro Hac Vice by Attorney Gene C Schaerr for Dell Inc. (APPROVED FEE PAID) 2-620. (ch, ) (Entered: 07/19/2011) |
| 07/19/2011 | 503 | Additional Attachments to Main Document (Certificate of Service): 497 Exhibit List.. (Thomas, Elizabeth) Modified on 7/19/2011 (sm, ). (Entered: 07/19/2011) |
| 07/19/2011 | 🔒 | (Court only) ***Motions terminated: (Taken care of in #441) 404 Opposed SEALED MOTION - *Defendants' Motions in Limine Nos. 1 - 24* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation, Dell Inc.. (ch, ) (Entered: 07/19/2011) |
| 07/19/2011 | 529 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/19/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/20/2011 | 504 | Unopposed MOTION to Withdraw as Attorney by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Woodall, Amanda) (Entered: 07/20/2011) |
| 07/21/2011 | 505 | Unopposed MOTION to Withdraw as Attorney by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Parker, Joshua) (Entered: 07/21/2011) |
| 07/21/2011 | 506 | ORDER granting 413 Motion for Leave to Exceed the pages. Signed by Magistrate Judge Charles Everingham on 7/20/2011. (ch, ) (Entered: 07/21/2011) |
| 07/21/2011 | 507 | ORDER granting 504 Motion to Withdraw as Attorney. Attorney Amanda Woodall terminated as counsel for Dell Inc. Signed by Magistrate Judge Charles Everingham on 7/21/11. (ehs, ) (Entered: 07/21/2011) |
| 07/21/2011 | 531 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/21/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/22/2011 | 🔒 508 | ***SEALED PER ATTY<br><br>***DEFICIENT DOCUMENT. PLEASE IGNORE.*** |

| | | MOTION to Provide Jurors with Written Copies of Jury Instructions by Dell Inc.. (Attachments: # 1 Declaration of Shari Seidman Diamond, # 2 Text of Proposed Order) (Dacus, Deron) Modified on 7/22/2011 (ch, ). Modified on 7/22/2011 (ch, ). (Entered: 07/22/2011) |
|---|---|---|
| 07/22/2011 | | NOTICE of Deficiency regarding the 508 submitted by Dell Inc.. NO CERTIFICATE OF CONFERENCE. Correction should be made by one business day (ch, ) (Entered: 07/22/2011) |
| 07/22/2011 | 509 | MOTION to Provide Jurors with Written Copies of Jury Instructions by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Declaration of Shari Seidman Diamond, # 2 Text of Proposed Order)(Dacus, Deron) (Entered: 07/22/2011) |
| 07/22/2011 | 510 | ORDER denying 308 Moton for Spoliation Sanctions. Signed by Magistrate Judge Charles Everingham on July 22, 2011. (jml) (Entered: 07/22/2011) |
| 07/22/2011 | 532 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/22/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/24/2011 | 511 | REVISED Proposed Jury Instructions by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Dacus, Deron) Modified on 7/25/2011 (sm, ). (Entered: 07/24/2011) |
| 07/24/2011 | 512 | REVISED JURY VERDICT by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Dacus, Deron) Modified on 7/25/2011 (sm, ). Modified on 7/25/2011 (sm, ). (Entered: 07/24/2011) |
| 07/25/2011 | 513 | ORDER granting 505 Motion to Withdraw as Attorney. Amanda Woodall be withdrawn as counsel of Record andremoved from the electronic service list for this case. Signed by Magistrate Judge Charles Everingham on 7/25/11. (ehs, ) (Entered: 07/25/2011) |
| 07/25/2011 | 514 | Sealed Document - Defendants' Trial Brief re Laches |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1 - Excerpts from Deposition of Neil Singer 7-17-2002, # 2 Text of Proposed Order)(Smith, Melissa) (Entered: 07/25/2011) |
| 07/25/2011 | | **\*\*\* ( PLEASE IGNORE) FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 512, Proposed findings of fact. PLEASE IGNORE.\*\*\***<br><br>(sm, ) Modified on 7/25/2011 (sm, ). Modified on 7/25/2011 (sm, ). (Entered: 07/25/2011) |
| 07/25/2011 | | NOTICE FROM CLERK re 512 Proposed Findings of Fact and Notice of Docket Correction re #512. #512 is being modified by clerk, per atty, to reflect that it is revised Jury Verdict instead of findings of fact. Wrong event was used but case in trial and so will be revised like it was in previous filings. PLEASE DISREGARD PREVIOUS CLERK NOTICE OF DOCKET CORRRECTION re #512. (sm, ) (Entered: 07/25/2011) |
| 07/25/2011 | 515 | MOTION for Judgment as a Matter of Law by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 07/25/2011) |
| 07/25/2011 | 516 | MOTION for Judgment as a Matter of Law *on No Willful Infringement* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 07/25/2011) |
| 07/25/2011 | 517 | MOTION for Judgment as a Matter of Law *as a Matter of Law on Damages* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 07/25/2011) |
| 07/25/2011 | 518 | MOTION for Judgment as a Matter of Law *on Invalidity* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 07/25/2011) |
| 07/25/2011 | 519 | MOTION for Judgment as a Matter of Law *on Non-Infringement* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 07/25/2011) |
| 07/25/2011 | 520 | Opposed MOTION for Judgment as a Matter of Law by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. Responses due by 8/8/2011 (Attachments: # 1 Text of |

| | | Proposed Order)(Lang, Jeremy) (Entered: 07/25/2011) |
|---|---|---|
| 07/25/2011 | 533 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/25/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/26/2011 | 521 | Proposed Jury Instructions by Dell Inc.. (Fulghum, Roger) (Entered: 07/26/2011) |
| 07/26/2011 | 🔒 522 | SEALED MOTION *in Limine to Preclude Testimony From Dr. Neil Singer Regarding Delay ("This is the same motion given to the Court by hand during today's proceedings")* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 07/26/2011) |
| 07/26/2011 | 523 | JURY VERDICT. (jml) (Entered: 07/27/2011) |
| 07/26/2011 | 524 | Proposed Jury Instructions (by all parties) Refused by the Court on 7/26/11.(jml) (Entered: 07/27/2011) |
| 07/26/2011 | 🔒 525 | SEALED Jury Notes. (jml) (Entered: 07/27/2011) |
| 07/26/2011 | 534 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial completed on 7/26/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 07/27/2011 | 526 | Plaintiff's Final Trial Exhibit List. (jml) (Entered: 07/27/2011) |
| 07/27/2011 | 527 | Defendants' Final Trial Exhibit List. (jml) (Entered: 07/27/2011) |
| 07/27/2011 | 🔒 | (Court only) ***Staff notes Received Plaintiff's and Defendants' Trial Exhibits on Disks today. The Exhibits are located in the vault in the Clerk's office in Marshall. (jml) (Entered: 07/27/2011) |
| 07/29/2011 | 530 | Minute Entry for proceedings held before Magistrate Judge Charles Everingham: Jury Trial held on 7/29/2011. (Court Reporter Shelly Holmes, CSR.) (jml) (Entered: 07/29/2011) |
| 08/01/2011 | 535 | Joint MOTION to Amend/Correct *Deadlines* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Halsey, Anna) (Entered: 08/01/2011) |
| 08/02/2011 | 536 | ORDER granting 535 Motion to Amend deadlines. Answer |

| | | | |
|---|---|---|---|
| | | | to Defendants Counterclaims due August 5, 2011. Convolves Response to Defendants Trial Brief On Laches, due August 5, 2011 Defendants Reply In Support Of Its Trial Brief On Laches due, August 12, 2011.. Signed by Magistrate Judge Charles Everingham on 8/2/11. (ehs, ) (Entered: 08/02/2011) |
| 08/03/2011 | 🔒 | 537 | SEALED PATENT DOCUMENT Notice of Supplemental Evidence in Support of Emergency Motion by Hitachi Global Storage Technologies, Inc. and Hitachi Ltd. to Compel Convolve, Inc. to Return Privileged Document HGSTC0006046291-7 Pursuant to the Protective Order. (Attachments: # 1 Exhibit L, # 2 Exhibit M, # 3 Exhibit N, # 4 Exhibit O, # 5 Exhibit P, # 6 Exhibit Q, # 7 Exhibit R, # 8 Exhibit S)(Young, Patricia) (Entered: 08/03/2011) |
| 08/05/2011 | 🔒 | | (Court only) ***Staff notes Exhibit disks received from Defendants to replace prior disks. (jml) (Entered: 08/05/2011) |
| 08/05/2011 | | 538 | *Convolve, Inc.'s* ANSWER to 449 Answer to Complaint, Counterclaim *and Affirmative Defenses to Dell, Inc.'s Counterclaims* by Convolve, Inc..(Anderson, A) (Entered: 08/05/2011) |
| 08/05/2011 | | 539 | *Convolve, Inc.'s* ANSWER to 448 Answer to Complaint, Counterclaim *and Affirmative Defenses to Western Digital Corporation's Counterclaims* by Convolve, Inc..(Anderson, A) (Entered: 08/05/2011) |
| 08/05/2011 | 🔒 | 540 | SEALED Convolve, Inc.'s Answer and Affirmative Defenses to 451 Defendant Hitachi, Ltd's Sealed Answer to Convolve, Inc.'s Second Amended Complaint, Affirmative Defenses and Counterclaims. filed by Convolve, Inc. (Anderson, A) (Entered: 08/05/2011) |
| 08/05/2011 | 🔒 | 541 | SEALED Convolve, Inc.'s Answer and Affirmative Defenses to 450 Defendant Hitachi Global Storage Technologies, Inc.'s Sealed Answer to Convolve, Inc.'s Second Amended Complaint, Affirmative Defenses and Counterclaims. filed by Convolve, Inc.. (Anderson, A) (Entered: 08/05/2011) |
| 08/05/2011 | 🔒 | 542 | Sealed Document - Plaintiff Convolve, Inc.'s Response to 514 Defendants' Trial Brief Re: Laches.(Attachments: # 1 |

| | | Exhibit A to Convolve's Response to Defendants' Trial Brief Re: Laches, # 2 Text of Proposed Order to Convolve's Response to Defendants' Trial Brief Re: Laches)(Halsey, Anna) (Entered: 08/05/2011) |
|---|---|---|
| 08/09/2011 | 543 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/5/11 Jury Selection before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. **<P>NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 544 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/12/11 Exhibit Hearing before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. **<P>NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for |

| | | |
|---|---|---|
| | | 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 545 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/18/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 546 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/18/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 547 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/19/11 Morning Session before Judge |

| | | |
|---|---|---|
| | | Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 548 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/19/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 549 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/20/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS:** |

| | | |
|---|---|---|
| | | **The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 550 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/20/11 Afternoon Session before Judge 903/935-3868. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 551 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/21/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be** |

| | | |
|---|---|---|
| | | **made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 552 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/21/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 553 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/22/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 554 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/22/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 555 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/25/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that |

| | | |
|---|---|---|
| | | date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 556 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/25/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | 🔓 557 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/26/11 Morning Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for |

| | | | |
|---|---|---|---|
| | | | 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/09/2011 | | 558 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/26/11 Afternoon Session before Judge Chad Everingham. Court Reporter/Transcriber: S. Simmons/S. Holmes,Telephone number: 903/935-3868. <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/2/2011. Redacted Transcript Deadline set for 9/12/2011. Release of Transcript Restriction set for 11/10/2011. (lss, ) (Entered: 08/09/2011) |
| 08/12/2011 | | 559 | RESPONSE to 514 Sealed Document *Dell's Reply in Support of Defendants' Trial Brief on Laches,* by Dell Inc.. (Fulghum, Roger) (Entered: 08/12/2011) |
| 08/12/2011 | | 560 | SEALED RESPONSE to 514 Reply Of Defendants Western Digital And Hitachi In Support Of Defendants' Trial Brief Re: Laches filed by Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Wessel, Bruce) (Entered: 08/12/2011) |
| 08/15/2011 | | 561 | Joint MOTION to Amend/Correct *PARTIES JOINT MOTION REGARDING A PROPOSED POST-TRIAL BRIEFING SCHEDULE* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Thomas, Elizabeth) (Entered: 08/15/2011) |
| 08/16/2011 | | 562 | ORDER granting 561 Motion to Amend Post-Trial briefing schedule. Deadline for filing all post-trial motions due Motions Friday, August 19, 2011. Deadline for filing responsive briefs in opposition to post-trial motions due Thursday, September 1, 2011. Deadline for filing reply |

| | | | |
|---|---|---|---|
| | | | briefs in support of post-trial motions Thursday, September 8, 2011. Deadline for filing sur-reply briefs in opposition to post-trial motions, if necessary Wednesday, September 14, 2011. Signed by Magistrate Judge Charles Everingham on 8/16/11. (ehs, ) (Entered: 08/16/2011) |
| 08/18/2011 | 🔒 | 563 | SEALED RESPONSE TO NON-MOTION (Dkt. No. 537) - CONVOLVES RESPONSE TO HITACHIS NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF HITACHIS EMERGENCY MOTION TO COMPEL CONVOLVE TO RETURN PTX-744 (Thomas, Elizabeth) (Entered: 08/18/2011) |
| 08/19/2011 | | 564 | MOTION for Judgment as a Matter of Law *Renewed Motion for Judgment As A Matter of Law on Damages,* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 08/19/2011) |
| 08/19/2011 | | 565 | MOTION for Judgment as a Matter of Law *, Renewed Motion for Judgment as a Matter of Law on Non-Infringement,* by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 08/19/2011) |
| 08/19/2011 | 🔒 | 566 | Opposed SEALED MOTION *For Reconsideration Re: Leave to Disclose the Identity of the Public Company Investors in Convolve* by Western Digital Corporation. (Attachments: # 1 Exhibit A - , # 2 Exhibit B - # 3 Exhibit C - # 4 Exhibit D - Wessel LT Anderson, # 5 Exhibit E -# 6 Text of Proposed Order)(Smith, Melissa) Modified on 8/22/2011 (sm, ). (Entered: 08/19/2011) |
| 08/19/2011 | | 567 | MOTION for Judgment as a Matter of Law *, Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity* by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 08/19/2011) |
| 08/19/2011 | 🔒 | 568 | SEALED MOTION *Renewed Motion for Judgment as a Matter of Law on No Willful Infringement* by Dell Inc.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order) (Fulghum, Roger) (Entered: 08/19/2011) |
| 08/19/2011 | ⬦ | 569 | MOTION Entry of Final Judgment by Dell Inc.. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 08/19/2011) |
| 08/19/2011 | 🔒 | 570 | Opposed SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure* by Western Digital Corporation. (Attachments: # 1 Exhibit A - NY 8-16-11 Order, # 2 Text of Proposed Order)(Birnholz, Richard) (Entered: 08/19/2011) |
| 08/19/2011 | 🔒 | 571 | SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Text of Proposed Order)(Lang, Jeremy) (Entered: 08/19/2011) |
| 08/19/2011 | | 572 | MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Text of Proposed Order Judgment)(Anderson, A) (Entered: 08/19/2011) |
| 08/19/2011 | | 573 | Unopposed MOTION for Leave to File Excess Pages *on Convolve's Motion for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Anderson, A) (Entered: 08/19/2011) |
| 08/19/2011 | | 574 | ***FILED IN ERROR, PER ATTY, PLEASE IGNORE.***<br><br>PROPOSED BILL OF COSTS filed by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Bill of Costs, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10 - Part I, # 11 Exhibit Exhibit 10 - Part II, # 12 Exhibit Exhibit 10 - Part III, # 13 |

| | | |
|---|---|---|
| | | Exhibit Exhibit 11, # 14 Exhibit Exhibit 12, # 15 Exhibit Exhibit 13, # 16 Exhibit Exhibit 14, # 17 Exhibit Exhibit 15, # 18 Exhibit Exhibit 16, # 19 Exhibit Exhibit 17, # 20 Exhibit Exhibit 18, # 21 Exhibit Exhibit 19, # 22 Exhibit Exhibit 20, # 23 Exhibit Exhibit 21, # 24 Exhibit Exhibit 22, # 25 Exhibit Exhibit 23, # 26 Exhibit Exhibit 24, # 27 Exhibit Exhibit 25, # 28 Exhibit Exhibit 26)(Anderson, A) Modified on 8/22/2011 (sm, ). (Entered: 08/19/2011) |
| 08/22/2011 | 575 | ORDER granting 573 Motion for Leave to File Excess Pages for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys Fees, and Prejudgment Interest. Signed by Magistrate Judge Charles Everingham on 8/22/11. (ehs, ) (Entered: 08/22/2011) |
| 08/22/2011 | | **\*\*\*FILED IN ERROR PER ATTY, WRONG EVENT USED, ATTY WILL REFILE. Document # 574, Proposed bill of costs. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 08/22/2011) |
| 08/22/2011 | 576 | Opposed MOTION FOR COSTS UNDER 28 U.S.C. § 1920 *AND MEMORANDUM IN SUPPORT THEREOF* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order Bill of Costs, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10 - Part 1, # 11 Exhibit 10 - Part 2, # 12 Exhibit 10 - Part 3, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26) (Anderson, A) (Additional attachment(s) added on 8/23/2011: # 29 Text of Proposed Order) (sm, ). (Entered: 08/22/2011) |
| 08/22/2011 | 577 | PROPOSED BILL OF COSTS filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B Part I, # 3 Exhibit B Part II, # 4 Exhibit B Part III, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Anderson, A) (Entered: 08/22/2011) |
| 09/01/2011 | 578 | SEALED RESPONSE to Motion re 566 Opposed SEALED |

| | | | MOTION For Reconsideration Re: Leave to Disclose the Identity of the Public Company Investors in Convolve filed by Convolve, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order)Albritton, Eric) (Entered: 09/01/2011) |
| 09/01/2011 | | 579 | RESPONSE to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *Defendants' Joint Response to Convolve Inc's Motion for Entry of Judgment on the Jury Verdict and for Pre-Judgment Interest filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fulghum, Roger) (Additional attachment(s) added on 9/1/2011: # 3 Text of Proposed Order) (sm, ). (Entered: 09/01/2011) |
| 09/01/2011 | 🔒 | 580 | SEALED RESPONSE to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest-- Dell's Opposition to Convolve Inc's Motion for Enhanced Damages and Attorneys' Fees, filed by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Fulghum, Roger) (Entered: 09/01/2011) |
| 09/01/2011 | | 581 | RESPONSE in Opposition re 576 Opposed MOTION FOR COSTS UNDER 28 U.S.C. § 1920 *AND MEMORANDUM IN SUPPORT THEREOF filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation*. (Attachments: # 1 Text of Proposed Order) (Fulghum, Roger) (Entered: 09/01/2011) |
| 09/01/2011 | | 582 | RESPONSE to Motion re 569 MOTION Entry of Final Judgment *Plaintiff Convolve, Inc.'s Response to Dell's Motion for Entry of Final Judgment (Dkt. No. 569) filed by Convolve, Inc.*. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Anderson, A) (Entered: 09/01/2011) |
| 09/01/2011 | 🔒 | 583 | SEALED RESPONSE to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest filed by Western Digital Corporation. (Birnholz, Richard) (Entered: 09/01/2011) |

| 09/01/2011 | 584 | Unopposed MOTION for Leave to File Excess Pages *Opposition to Convolve, Inc.s Motion for Entry of Judgment on the Jury Verdict and Enhanced Damages Attorneys Fees, and Prejudgment Interest* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Lee, Joseph) (Entered: 09/01/2011) |
| 09/01/2011 | 585 | RESPONSE in Opposition re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd..* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Lee, Joseph) (Entered: 09/01/2011) |
| 09/01/2011 | 586 | SEALED RESPONSE PLAINTIFF CONVOLVE, INC.S RESPONSE TO DEFENDANTS RENEWEDMOTION FOR JUDGMENT AS A MATTER OF LAW ON INVALIDITY (DOCKET NO. 567)filed by Convolve, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Anderson, A) (Entered: 09/01/2011) |
| 09/01/2011 | 587 | SEALED RESPONSE PLAINTIFF CONVOLVE, INC.'S RESPONSE TO DELL'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES (DOCKET NO. 564) filed by Convolve, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order) (Anderson, A) (Entered: 09/01/2011) |
| 09/01/2011 | 588 | SEALED RESPONSE Plaintiff Convolve, Inc.'s Response And Memorandum of Law In Opposition To Defendant Dell Inc.'s Renewed Motion for Judgment as a Matter of Law on Noninfringement (Docket No. 565) filed by Convolve, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Anderson, A) (Entered: 09/01/2011) |
| 09/01/2011 | 589 | SEALED RESPONSE Plaintiff Convolve, Inc.'s Response and Memorandum of Law in Opposition to Defendant Dell, Inc.'s SEALED MOTION Renewed Motion for Judgment as a Matter of Law on No Willful Infringement filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Anderson, A) (Entered: 09/01/2011) |

| | | | |
|---|---|---|---|
| 09/01/2011 | 🔒 | 590 | SEALED RESPONSE to Motion re 570 Opposed SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure*Opposed SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure* filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Anderson, A) (Entered: 09/01/2011) |
| 09/01/2011 | 🔒 | 591 | ***FILED IN ERROR, PER ATTY, PLEASE IGNORE****<br><br>SEALED RESPONSE to Motion re 571 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* filed by Convolve, Inc. (Attachments: # 1 Text of Proposed Order)(Anderson, A) Modified on 9/2/2011 (sm, ). (Entered: 09/02/2011) |
| 09/02/2011 | 🔒 | 592 | SEALED RESPONSE in opposition to 571 Motion for Judgment filed by Convolve, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Anderson, A) Modified on 9/2/2011 (sm, ). (Entered: 09/02/2011) |
| 09/02/2011 | | | ***FILED IN ERROR, PER ATTY, ATTY HAS REFILED (SEE #592). Document # 591, Sealed Response. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 09/02/2011) |
| 09/02/2011 | | 593 | ORDER granting 584 Motion for Leave to File Excess Pages on Opposition of Pltf's motion for entry of judgment on the Jury Verdict and Damages, Attorneys Fees, and Prejudgment Interest. Signed by Magistrate Judge Charles Everingham on 9/2/11. (ehs, ) (Entered: 09/02/2011) |
| 09/08/2011 | | 594 | REPLY to Response to Motion re 568 SEALED MOTION *Renewed Motion for Judgment as a Matter of Law on No Willful Infringement* filed by Dell Inc.. (Fulghum, Roger) (Entered: 09/08/2011) |
| 09/08/2011 | | 595 | REPLY to Response to Motion re 564 MOTION for |

| | | | |
|---|---|---|---|
| | | | Judgment as a Matter of Law *Renewed Motion for Judgment As A Matter of Law on Damages, filed by Dell Inc..* (Fulghum, Roger) (Entered: 09/08/2011) |
| 09/08/2011 | 🔒 | 596 | SEALED REPLY to Response to Motion re 570 Opposed SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure*Opposed SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure* filed by Western Digital Corporation. (Birnholz, Richard) (Entered: 09/08/2011) |
| 09/08/2011 | | 597 | REPLY to Response to Motion re 567 MOTION for Judgment as a Matter of Law *, Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity* filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Fulghum, Roger) (Entered: 09/08/2011) |
| 09/08/2011 | | 598 | REPLY to Response to Motion re 565 MOTION for Judgment as a Matter of Law *, Renewed Motion for Judgment as a Matter of Law on Non-Infringement, filed by Dell Inc..* (Fulghum, Roger) (Entered: 09/08/2011) |
| 09/08/2011 | | 599 | REPLY to Response to Motion re 569 MOTION Entry of Final Judgment *filed by Dell Inc..* (Fulghum, Roger) (Entered: 09/08/2011) |
| 09/08/2011 | 🔒 | 600 | SEALED REPLY to Response to Motion re 572 In Support of Convolve's MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest As to Defendant Dell Inc. filed by Convolve, Inc.. (Attachments: # 1 Exhibit N to Convolve's Reply In Support of Its Motion for Enhanced Damages and Attorneys' Fees as to Defendant Dell Inc., # 2 Exhibit O to Convolve's Reply In Support of Its Motion for Enhanced Damages and Attorneys' Fees as to Defendant Dell Inc.) (Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 🔒 | 601 | SEALED REPLY to Response to Motion re 572 In Support of Convolve's MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest as to Defendant Western Digital Corp. |

| | | |
|---|---|---|
| | | filed by Convolve, Inc. (Attachments: # 1 Exhibit N to Convolve's Reply In Support of Its Motion for Enhanced Damages and Attorneys' Fees as to Defendant Western Digital Corp.)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 602 | REPLY to Response to Motion re 576 Opposed MOTION FOR COSTS UNDER 28 U.S.C. § 1920 *AND MEMORANDUM IN SUPPORT THEREOF filed by Convolve, Inc.*. (Attachments: # 1 Exhibit 27 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 2 Exhibit 28 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 3 Exhibit 29 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 4 Exhibit 30 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 5 Exhibit 31 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 6 Exhibit 32 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920, # 7 Exhibit 33 to Convolve's Reply and MOL In Support of Its Motion for Costs Under 28 U.S.C. Section 1920)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 603 | MOTION for Leave to File Excess Pages by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Convolve's Motion to Exceed Page Limit)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 604 | REPLY to Response to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *As to Hitachi filed by Convolve, Inc.*. (Attachments: # 1 Exhibit N to Convolve's Response In Support of Its Motion for Enhanced Damages and Attorneys' Fees as to Hitachi, # 2 Exhibit O to Convolve's Response In Support of Its Motion for Enhanced Damages and Attorneys' Fees as to Hitachi)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 605 | Unopposed MOTION for Leave to File Excess Pages by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Motion to Exceed Page Limit)(Anderson, A) (Entered: |

| | | |
|---|---|---|
| | | 09/08/2011) |
| 09/08/2011 | 606 | REPLY to Response to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *filed by Convolve, Inc.*. (Attachments: # 1 Exhibit N to Convolve's Reply In Support Of Its Motion for Entry of Judgment and Prejudgment Interest, # 2 Exhibit O to Convolve's Reply In Support Of Its Motion for Entry of Judgment and Prejudgment Interest)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 607 | Unopposed MOTION for Leave to File Excess Pages by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order for Motion to Exceed Page Limit)(Anderson, A) (Entered: 09/08/2011) |
| 09/08/2011 | 608 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>**Additional Attachments to Main Document: 577 Proposed Bill of Costs.. (Attachments: # 1 Exhibit A to Convolve's Amended Bill of Costs, # 2 Exhibit B I to Convolve's Amended Bill of Costs, # 3 Exhibit B II to Convolve's Amended Bill of Costs, # 4 Exhibit B III to Convolve's Amended Bill of Costs, # 5 Exhibit C to Convolve's Amended Bill of Costs, # 6 Exhibit D to Convolve's Amended Bill of Costs, # 7 Exhibit E to Convolve's Amended Bill of Costs)(Anderson, A) Modified on 9/9/2011 (sm, ). (Entered: 09/08/2011)** |
| 09/08/2011 | 🔒 609 | SEALED REPLY to Response to Motion re 566 Opposed SEALED MOTION *For Reconsideration Re: Leave to Disclose the Identity of the Public Company Investors in Convolve* filed by Western Digital Corporation. (Attachments: # 1 Exhibit F, # 2 Bray decision, # 3 S&T Oil decision, # 4 Visto decision)(Wessel, Bruce) (Entered: 09/08/2011) |
| 09/08/2011 | 610 | Unopposed MOTION for Leave to File Excess Pages by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Lang, Jeremy) (Entered: 09/08/2011) |
| 09/08/2011 | 🔒 611 | SEALED REPLY to Response to Motion re 571 SEALED |

| | | |
|---|---|---|
| | | MOTION *FOR JUDGMENT AS A MATTER OF LAW* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lang, Jeremy) (Entered: 09/08/2011) |
| 09/09/2011 | | **\*\*\*FILED IN ERROR, CANNOT USE THIS EVENT - ATTY MUST FILE AN AMENDED PROPOSED BILL OF COSTS. Document # 608, Additional Attachment to main document. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 09/09/2011) |
| 09/09/2011 | 612 | AMENDED PROPOSED BILL OF COSTS filed by Convolve, Inc.. (Attachments: # 1 Exhibit A to Amended Bill of Costs, # 2 Exhibit B I to Amended Bill of Costs, # 3 Exhibit B II to Amended Bill of Costs, # 4 Exhibit B III to Amended Bill of Costs, # 5 Exhibit C to Amended Bill of Costs, # 6 Exhibit D to Amended Bill of Costs, # 7 Exhibit E to Amended Bill of Costs)(Anderson, A) (Entered: 09/09/2011) |
| 09/12/2011 | 613 | ORDER granting 603 Motion for Leave to File Excess Page limit on its Reply And Memorandum Of Law In Support Of Its Motion Costs Under 28 U.S.C. § 1920. Signed by Magistrate Judge Charles Everingham on 9/12/11. (ehs, ) (Entered: 09/12/2011) |
| 09/12/2011 | 614 | ORDER granting 605 Motion for Leave to File Excess Page limit on its Reply In Support Of Its Motion for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys Fees, and Prejudgment Interest As To Defendants Hitachi Global Storage Technologies, Inc. And Hitachi, Ltd.. Signed by Magistrate Judge Charles Everingham on 9/12/11. (ehs, ) (Entered: 09/12/2011) |
| 09/12/2011 | 615 | ORDER granting 607 Motion for Leave to File Excess Page on its Reply And Memorandum Of Law In Support Of Its Motion for Entry of Judgment on the Jury Verdict And Prejudgment Interest. Signed by Magistrate Judge Charles Everingham on 9/12/11. (ehs, ) (Entered: 09/12/2011) |
| 09/12/2011 | 616 | ORDER granting 610 Motion for Leave to File Excess Page Limit on Their Reply in Support of Their Motion for |

| | | | |
|---|---|---|---|
| | | | Judgment as a Matter of Law. Signed by Magistrate Judge Charles Everingham on 9/12/11. (ehs, ) (Entered: 09/12/2011) |
| 09/14/2011 | 🔒 | 617 | SEALED REPLY to Response to Motion re 572 , Dell's Sur-Reply to Convolve Inc's MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest filed by Dell Inc.. (Attachments: # 1 Exhibit A)(Fulghum, Roger) (Entered: 09/14/2011) |
| 09/14/2011 | | 618 | SUR-REPLY to Reply to Response to Motion re 576 Opposed MOTION FOR COSTS UNDER 28 U.S.C. § 1920 *AND MEMORANDUM IN SUPPORT THEREOF filed by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fulghum, Roger) (Entered: 09/14/2011) |
| 09/14/2011 | | 619 | SUR-REPLY to Reply to Response to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *filed by Western Digital Corporation.* (Birnholz, Richard) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 620 | SEALED REPLY to Response to Motion re 565 , Plaintiff Convolve, Inc.'s Sur-Reply in Support of its Response and Memorandum of Law in Opposition to Defendant Dell Inc.'s MOTION for Judgment as a Matter of Law *, Renewed Motion for Judgment as a Matter of Law on Non-Infringement,* filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | | 621 | SUR-REPLY to Reply to Response to Motion re 569 MOTION Entry of Final Judgment *in Support of Its Response in Opposition to Defendant Dell Inc. filed by Convolve, Inc..* (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 622 | SEALED REPLY to Response to Motion re 567 , Convolve, Inc.'s Sur-Reply in Support of its Response to Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity,filed by Convolve, Inc.. (Attachments: # 1 Exhibit C to Convolve's Sur-Reply In Support of its Response to Defendants' Renewed JMOL on Invalidity)(Anderson, A) |

| | | | |
|---|---|---|---|
| | | | (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 623 | SEALED REPLY to Response to Motion re 571 , Convolve, Inc.'s Sur-Reply in Support of its Response and Memorandum of Law in Opposition to Defendants Hitachi Global Storage Technologies, Inc. and Hitachi, Ltd.'s SEALED MOTION FOR JUDGMENT AS A MATTER OF LAW, filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 624 | SEALED REPLY to Response to Motion re 568 , Convolve, Inc.'s Sur-Reply in Support of its Response to Dell's SEALED MOTION Renewed Motion for Judgment as a Matter of Law on No Willful Infringement, filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 625 | SEALED REPLY to Response to Motion re 570 , Convolve, Inc.'s Sur-Reply in Support of its Response and Memorandum of Law in Opposition to Defendant Western Digital Corporation's Opposed SEALED MOTION For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 626 | SEALED REPLY to Response to Motion re 564 , Convolve, Inc.'s Response to Dell's MOTION Renewed Motion for Judgment As A Matter of Law on Damages, filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 627 | SEALED SUR-REPLY to Reply to Response to Motion re 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Lee, Joseph) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | 628 | SEALED REPLY to Response to Motion re 566 , Convolve, Inc.'s Sur-Reply in Support of its Response and Memorandum of Law in Opposition to Defendant Western Digital's Motion For Reconsideration Re: Leave to Disclose the Identity of the Public Company Investors in Convolve, filed by Convolve, Inc.. (Anderson, A) (Entered: 09/14/2011) |
| 09/16/2011 | | 629 | NOTICE by Dell Inc. *Dell's Notice of Authority Pertaining* |

| | | |
|---|---|---|
| | | *to New Authority Cited in Plaintiff's Sur-Reply on Willfulness* (Fulghum, Roger) (Entered: 09/16/2011) |
| 10/04/2011 | 630 | MISC. ORDER 11-1 REASSIGNING CASE. Case reassigned to Judge David Folsom for all further proceedings. Magistrate Judge Charles Everingham no longer assigned to case. Signed by Judge David Folsom on 10-3-11. (jml, ) (Entered: 10/04/2011) |
| 11/15/2011 | 631 | Unopposed MOTION to Withdraw as Attorney *J. JASON LANG* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order Order) (Lumish, Douglas) (Entered: 11/15/2011) |
| 11/16/2011 | 632 | ORDER granting 631 Motion to Withdraw as Attorney. Attorney Jeremy Jason Lang terminated as counsel for defts Hitachi Global Storage Tech Inc and Hitachi Ltd.. Signed by Judge David Folsom on 11/16/11. (ehs, ) (Entered: 11/16/2011) |
| 11/30/2011 | 633 | NOTICE of Change of Address by Douglas E Lumish (Lumish, Douglas) (Entered: 11/30/2011) |
| 12/19/2011 | | Case reassigned to Judge Rodney Gilstrap per Misc. Order 11-2. Judge David Folsom no longer assigned to the case. (mjc, ) (Entered: 12/20/2011) |
| 01/03/2012 | 634 | ORDER assigning case to Judge Roy S Payne by consent of the parties for all further proceedings and entry of judgment. Signed by Judge Rodney Gilstrap on 1/3/12. (ehs, ) (Entered: 01/04/2012) |
| 02/03/2012 | 635 | NOTICE of Change of Address by Deron R Dacus (Dacus, Deron) (Entered: 02/03/2012) |
| 02/16/2012 | 636 | Unopposed MOTION to Withdraw as Attorney by Dell Inc.. (Attachments: # 1 Text of Proposed Order)(Ponder, Christopher) (Entered: 02/16/2012) |
| 02/21/2012 | 637 | ORDER granting 636 Motion to Withdraw as Attorney. Attorney Christopher Scott Ponder terminated as counsel for Dell Inc. Signed by Magistrate Judge Roy S Payne on 2/21/2012. (ch, ) (Entered: 02/21/2012) |
| 07/06/2012 | 638 | NOTICE of Change of Address by Jack Wesley Hill (Hill, |

| | | Jack) (Entered: 07/06/2012) |
|---|---|---|
| 08/23/2012 | 639 | Unopposed MOTION to Withdraw as Attorney *Plaintiff's Unopposed Motion to Withdraw Trevor J. Foster as Counsel of Record and Terminate CM/ECF Notices* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 08/23/2012) |
| 08/24/2012 | 640 | ORDER granting 639 Motion to Withdraw as Attorney. Attorney Trevor John Foster terminated. Signed by Magistrate Judge Roy S Payne on 8/24/2012. (ch, ) (Entered: 08/24/2012) |
| 09/04/2012 | 641 | Unopposed MOTION to Withdraw as Attorney *Plaintiff's Unopposed Motion to Withdraw Ailis Burpee as Counsel and discontinue CM/ECF notices* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 09/04/2012) |
| 09/07/2012 | 642 | ORDER granting 641 Motion to Withdraw as Attorney. Attorney Ailis Burpee terminated of record for the Plaintiff. Signed by Magistrate Judge Roy S Payne on 9/7/12. (ehs, ) (Entered: 09/07/2012) |
| 09/17/2012 | 643 | Unopposed MOTION to Withdraw as Attorney *Garland A. Kelley* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Werner, Thomas) (Entered: 09/17/2012) |
| 09/19/2012 | 644 | ORDER granting 643 Motion to Withdraw as Attorney. Attorney Garland A Kelley terminated as counsel for deft Western Digital Corporation's. Signed by Magistrate Judge Roy S Payne on 9/18/12. (ehs, ) (Entered: 09/19/2012) |
| 09/19/2012 | 645 | Unopposed MOTION to Withdraw as Attorney *Kip Glasscock* by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Glasscock, Harold) (Entered: 09/19/2012) |
| 09/21/2012 | 646 | ORDER granting 645 Motion to Withdraw as Attorney. Attorney Harold Kip Glasscock, Jr terminated. Signed by Magistrate Judge Roy S Payne on 9/20/2012. (ch, ) (Entered: 09/21/2012) |
| 09/28/2012 | 647 | ORDER finding as moot 493 MOTION for Preliminary |

| | | |
|---|---|---|
| | | Instruction on Invalidity Consistent with Microsoft v I4I by Dell Inc. (No document attached.) Signed by Magistrate Judge Roy S Payne on September 28, 2012. (jml) (Entered: 09/28/2012) |
| 09/28/2012 | 648 | ORDER finding as moot 509 MOTION to Provide Jurors with Written Copies of Jury Instructions by Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (No document attached.) Signed by Magistrate Judge Roy S Payne on September 28, 2012.(jml) (Entered: 09/28/2012) |
| 03/28/2013 | 649 | ORDER finding as moot 522 Sealed Motion in Limine. Signed by Magistrate Judge Roy S. Payne on March 28, 2013. (no document attached) (Payne, Roy) (Entered: 03/28/2013) |
| 03/28/2013 | 650 | ORDER denying 515 Motion for Judgment as a Matter of Law; denying 516 Motion for Judgment as a Matter of Law; denying 518 Motion for Judgment as a Matter of Law; denying 519 Motion for Judgment as a Matter of Law; denying 520 Motion for Judgment as a Matter of Law. Signed by Magistrate Judge Roy S. Payne on March 28, 2013. (jml) (Entered: 03/28/2013) |
| 05/30/2013 | 651 | NOTICE of Change of Address by Douglas E Lumish (Lumish, Douglas) (Entered: 05/30/2013) |
| 06/03/2013 | 652 | Unopposed MOTION to Withdraw as Attorney *filed on behalf of Joseph H. Lee, Joseph Shear and Patricia Young* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 06/03/2013) |
| 06/04/2013 | 653 | ORDER granting 652 Motion to Withdraw as Attorney. Attorney Patricia Young; Joseph H Lee and Joseph Shear terminated as counsel for Defendants Hitachi Global Storage Technologies, Inc. and Hitachi Ltd.. Signed by Magistrate Judge Roy S. Payne on 6/4/13. (ehs, ) (Entered: 06/04/2013) |
| 06/10/2013 | 654 | NOTICE by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. re 571 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW*, 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, |

| | | |
|---|---|---|
| | | Attorneys' Fees, and Prejudgment Interest *Hitachi's Notice of Supplemental Authority* (Attachments: # 1 Exhibit 1) (Lumish, Douglas) (Entered: 06/10/2013) |
| 06/21/2013 | 655 | Unopposed MOTION to Withdraw as Attorney *Plaintiff's Unopposed Motion to Withdraw Elizabeth Thomas as Counsel of Record* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 06/21/2013) |
| 06/24/2013 | 656 | ORDER granting 655 Motion to Withdraw as Attorney. Attorney Elizabeth V Thomas terminated. Signed by Magistrate Judge Roy S. Payne on 6/24/2013. (ch, ) (Entered: 06/24/2013) |
| 07/01/2013 | 🔒 | (Court only) ***Motions terminated: 478 Emergency SEALED PATENT MOTION *to Compel Convolve, Inc. to Return Privileged Document HGSTC0006046291-7 Pursuant to the Protective Order* filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd. (Denied on 7/18/11 in open court, see Dkt. No. 545 at 3:20-24.) (rsp2) (Entered: 07/01/2013) |
| 08/06/2013 | 🔒 | (Court only) ***Motions terminated: 517 MOTION for Judgment as a Matter of Law *as a Matter of Law on Damages* filed by Dell Inc. (Denied in open court, see Dkt. 557 at 36:10-19). (rsp2) (Entered: 08/06/2013) |
| 09/13/2013 | 657 | Unopposed MOTION to Substitute Attorney by Western Digital Corporation. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/13/2013) |
| 10/24/2013 | 658 | ORDER granting 657 Motion to Substitute Attorney. Attorney Thomas C Werner; Bruce A Wessel; Richard M Birnholz and David A Schwarz terminated as counsel for Defendant Western Digital Corporation.. Signed by Magistrate Judge Roy S. Payne on 10/24/13. (ehs, ) (Entered: 10/24/2013) |
| 01/17/2014 | 659 | MEMORANDUM ORDER -. Signed by Magistrate Judge Roy S. Payne on 1/17/2014. (ch, ) (Entered: 01/17/2014) |
| 05/20/2014 | 660 | ORDER directing filing of brief for Convolve, Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western |

| | | | |
|---|---|---|---|
| | | | Digital Corporation. Signed by Magistrate Judge Roy S. Payne on 5/20/2014. (rsp2) (Entered: 05/20/2014) |
| 05/30/2014 | 🔒 | 661 | Sealed Document. PLAINTIFF CONVOLVE, INC.S SUPPLEMENTAL BRIEF PURSUANT TO THE COURTS MAY 20, 2014 ORDER (DOCKET NO. 660) (Attachments: # 1 Exhibit A - Convolve Trial Transcripts July 18 Aftn, # 2 Exhibit B - PTX0612, # 3 Exhibit C - PTX0197, # 4 Exhibit D - PTX0525, # 5 Exhibit E - Convolve Trial Transcript July 25, 2011 Morn, # 6 Exhibit F - PTX0494, # 7 Exhibit G - PTX0114, # 8 Exhibit H - US6314473, # 9 Exhibit I - Convolve Trial Transcript July 21, Morn, # 10 Exhibit J - Convolve Trial Transcript July 25 Aftn, # 11 Exhibit K - PTX0069, # 12 Exhibit L - PTX0068, # 13 Exhibit M - PTX0744, # 14 Exhibit N - PTX0032)(Albritton, Eric) (Entered: 05/30/2014) |
| 06/06/2014 | | 662 | NOTICE of Attorney Appearance by Joseph H Lee on behalf of Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation (Lee, Joseph) (Entered: 06/06/2014) |
| 06/06/2014 | 🔒 | 663 | SEALED PATENT RESPONSE by Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd. to 661 Sealed Document,, *filed by Western Digital Corporation, Hitachi Global Storage Technologies, Inc., Hitachi Ltd.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Findlay, Eric) (Entered: 06/06/2014) |
| 07/25/2014 | | 664 | MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on Non-Infringement (Docket No. 565)* by Dell Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A)(Fulghum, Roger) (Entered: 07/25/2014) |
| 07/25/2014 | | 665 | MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on No Willful Infringement* by Dell Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A)(Fulghum, Roger) (Entered: 07/25/2014) |
| 07/28/2014 | | 666 | NOTICE by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation re 570 Opposed |

| | | |
|---|---|---|
| | | SEALED MOTION *For Judgment As A Matter of Law (Renewed) Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure*, 571 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW*, 572 MOTION for Entry of Judgment on the Jury Verdict and Enhanced Damages, Attorneys' Fees, and Prejudgment Interest *Notice of Supplemental Authority* (Attachments: # 1 Exhibit A) (Findlay, Eric) (Entered: 07/28/2014) |
| 08/06/2014 | 667 | MOTION for Leave to File *Motion for Leave to Supplement Their Motions for Judgment as a Matter of Law of No Infringement and to Join Defendant Dell Inc.'s Motion (Dkt. No. 665) in Requesting Leave to Supplement Their Motions for Judgment as a Matter of Law of No Willful Infringement* by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Findlay, Eric) (Entered: 08/06/2014) |
| 08/11/2014 | 668 | RESPONSE in Opposition re 664 MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on Non-Infringement (Docket No. 565) PLAINTIFF CONVOLVE, INC.S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DELL INC.S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON NON-INFRINGEMENT (DOCKET NO. 664) filed by Convolve, Inc..* (Attachments: # 1 Exhibit 1 - Excerpt from 20110726AM Trans_NonInfr, # 2 Text of Proposed Order Proposed Order - Motion for Leave - Noninfringement) (Albritton, Eric) (Entered: 08/11/2014) |
| 08/11/2014 | 669 | RESPONSE in Opposition re 665 MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on No Willful Infringement PLAINTIFF CONVOLVE, INC.S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT INC.S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON NO WILLFUL INFRINGEMENT (DOCKET NO. 665) filed by Convolve, Inc..* (Attachments: # 1 Exhibit 1 - Excerpt from 20110726AM Trans_Willful, # 2 Text of Proposed Order |

| | | Proposed Order - Motion for Leave - Willfulness)(Albritton, Eric) (Entered: 08/11/2014) |
|---|---|---|
| 08/20/2014 | 670 | REPLY to Response to Motion re 665 MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on No Willful Infringement filed by Dell Inc..* (Fulghum, Roger) (Entered: 08/20/2014) |
| 08/20/2014 | 671 | REPLY to Response to Motion re 664 MOTION for Leave to File *to Supplement Its Motion for Judgment as a Matter of Law on Non-Infringement (Docket No. 565) filed by Dell Inc..* (Fulghum, Roger) (Entered: 08/20/2014) |
| 08/25/2014 | 672 | RESPONSE in Opposition re 667 MOTION for Leave to File *Motion for Leave to Supplement Their Motions for Judgment as a Matter of Law of No Infringement and to Join Defendant Dell Inc.'s Motion (Dkt. No. 665) in Requesting Leave to Supplement Their Motions for Judgment as a filed by Convolve, Inc..* (Attachments: # 1 Exhibit 1 - 20110726 Trial Excerpt)(Albritton, Eric) (Entered: 08/25/2014) |
| 09/05/2014 | 673 | REPLY to Response to Motion re 667 MOTION for Leave to File *Motion for Leave to Supplement Their Motions for Judgment as a Matter of Law of No Infringement and to Join Defendant Dell Inc.'s Motion (Dkt. No. 665) in Requesting Leave to Supplement Their Motions for Judgment as a filed by Hitachi Global Storage Technologies, Inc., Hitachi Ltd., Western Digital Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Findlay, Eric) (Entered: 09/05/2014)* |
| 02/11/2015 | 674 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 02/11/2015. (nkl, ) (Entered: 02/11/2015) |
| 02/11/2015 | 675 | ORDER denying 566 Sealed Motion. Signed by Magistrate Judge Roy S. Payne on 02/11/2015. (nkl, ) (Entered: 02/11/2015) |
| 02/11/2015 | 676 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 02/11/2015. (nkl, ) (Entered: 02/11/2015) |
| 02/11/2015 | 677 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 02/11/2015. (nkl, ) (Entered: 02/11/2015) |
| 02/11/2015 | 678 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 02/11/2015. (nkl, ) (Entered: 02/11/2015) |

| 02/19/2015 | 679 | Unopposed MOTION to Withdraw as Attorney *and Request for Termination of Electronic Notices* by Convolve, Inc.. (Attachments: # 1 Text of Proposed Order)(Ward, Thomas) (Entered: 02/19/2015) |
| 03/03/2015 | 680 | ORDER granting in part and denying in part 664 Motion for Leave to File; granting in part and denying in part 665 Motion for Leave to File; granting in part and denying in part 667 Motion for Leave to File. Signed by Magistrate Judge Roy S. Payne on 03/02/2015. (nkl, ) (Entered: 03/03/2015) |
| 03/03/2015 | 681 | ORDER granting 679 Motion to Withdraw as Attorney. Attorney Jack Wesley Hill and Thomas John Ward, Jr terminated. Signed by Magistrate Judge Roy S. Payne on 03/02/2015. (nkl, ) (Entered: 03/03/2015) |
| 03/12/2015 | 682 | MOTION Reconsideration and Entry of Judgment in Favor of Dell on Collateral Estoppel Grounds or in the Altrenative, Clarification of March 3, 2015 Order re 680 Order on Motion for Leave to File,,,,, by Dell Inc.. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Text of Proposed Order) (Fulghum, Roger) (Entered: 03/12/2015) |
| 03/13/2015 | 683 | NOTICE OF APPEAL - FEDERAL CIRCUIT by Dell Inc.. Filing fee $ 505, receipt number 0540-5098903. (Fulghum, Roger) (Entered: 03/13/2015) |
| 03/13/2015 | 684 | NOTICE OF APPEAL - FEDERAL CIRCUIT by Hitachi Global Storage Technologies, Inc., Hitachi Ltd.. Filing fee $ 505, receipt number 0540-5099566. (Findlay, Eric) (Entered: 03/13/2015) |
| 03/13/2015 | 685 | NOTICE OF APPEAL - FEDERAL CIRCUIT by Western Digital Corporation. Filing fee $ 505, receipt number 0540-5099604. (Findlay, Eric) (Entered: 03/13/2015) |
| 03/16/2015 |  | Transmission of Notice of Appeal, 659 Memorandum Order, 674 Memorandum Order, 676 Memorandum Order, 680 Order, 211 Memorandum Opinion and Order, 445 Order, 650 Order, and Certified Copy of Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 683 Notice of Appeal - FEDERAL CIRCUIT (dlc, ) (Entered: 03/16/2015) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## <u>MEMORANDUM ORDER</u>

After a nine-day trial, the jury found that Plaintiff had proved that the asserted claims of the '473 Patent were infringed. Before the Court is Dell's Renewed Motion for Judgment as a Matter of Law on Non-Infringement (Dkt. No. 565, filed August 19, 2011, the "Motion") and Dell's Renewed Motion for Judgment as a Matter of Law on No Willful Infringement (Dkt. No. 568, filed August 19, 2011, the "Willfulness JMOL").

## APPLICABLE LAW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the

record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## DISCUSSION

Defendant moves for judgment as a matter of law that it does not infringe the asserted claims. (Mot. at 1.)

**Direct Infringement**

>    *1.    Outputting Commands*

Dell alleges that it fails to meet any portion of the "outputting commands" limitation, but its argument is actually premised on two positions: first, that Convolve failed to show "transformation" of an input signal; and second, that Convolve failed to show a decrease in "chosen unwanted frequencies." (Mot. at 1; *cf.* Mot. at 8.)

Dell's first argument is unavailing. It relies in part, on Dr. DiEuliis' trial testimony:

Q. So are there different parameters in the Western Digital product that are used
for mode 0, performance mode, and mode 3, the quiet mode?
A. There are different values of the parameters which are used. Just as I said, if I
changed the 2 to a 4 in that calculation I gave you, you would get different
numbers. That's -- that's what I'm talking about. There are different values of the
parameters.
Q. And if you change the value of the parameter, does that change the shape of
the input signal?

A. The calculation produces a different number each time, and that means that there's a different current sent to the VCM [voice coil motor] over the course of the seek, which means that the shape of the input signal has been changed … ."

(Trial Tr. 7/18/11 Aftn. at 39:15-40:4.)  Dell contends that Dr. DiEuliis' "assertion was mere wordplay," and that performing a calculation on an input signal to determine an output signal is not a "transformation", but instead "the generation of a completely different signal."  (Dkt. 598 at 2.)  It is entirely unclear to the Court what Dell would consider a transformation, given that it also argues that filters and slew-rate limiting also do not necessarily suffice as a transformation.  (Id. at 2-3.)  The Court finds that it was entirely reasonable for a jury to accept Dr. DiEuliis' position regarding the "transformation" requirement, as well as the other evidence presented on this point.  The only evidence Dell cites to counter this testimony is Dr. Buckman's conclusory statement that "Dell computers don't transform input signals."  (Dkt. 598 at 3, citing Trial Tr. 7/22/11 Aftn. at 116:25-117:1.)  Additionally, Convolve presented additional ways that the accused systems meet the "transformation" requirement.  (See, e.g., Dkt. 588 at 4-5.)

Dell's next argument regarding "outputting commands" is that Convolve has failed to show "selection of unwanted frequencies."  In making this argument, Dell essentially demands that Convolve show an **explicit and intentional** selection command.  (See, e.g., Mot. at 6-7, Dkt. 598 at 3.)  The Court first notes that it already addressed and rejected the essence Dell's position during the claim construction process:  "Further, the specification provides no support for a user intentionally choosing specific frequencies to reduce, and provides only a user interface where frequencies are chosen implicitly through preference for speed or quiet operation. Defendants' construction would thus exclude the embodiments of the specification. Accordingly, the Court rejects this

limitation to the claim." (Dkt. 211 at 29.) Convolve's position is essentially that by virtue of choosing the quiet mode, a user selects a particular frequency for reduction. Dell has provided no basis, in either the facts of this case or through case law, to conclude that a selection of a frequency is so narrow as to only be met by an explicit (presumably numerical) designation of a frequency. On the contrary, the Court finds that the jury's conclusion was reasonable and supported by the evidence presented by Convolve at trial. Similarly, Dell has failed to show that the jury had an insufficient evidentiary basis to support the remaining findings attacked in this motion, some of which are addressed in only summary, conclusory format. (Mot. at 8.)

2. *User Interface*

Dell also claims that Convolve failed to show that Dell directly performs the "user interface" limitation. Neither party disputes that, in accordance with the Court's claim construction ruling, the user interface at issue must be "accessible to an end user." Rather, Dell's arguments are actually targeted toward the "altering" and "outputting" steps. (*See* Mot. at 10, "[t]he Court's construction clearly requires the actions of an end-user to alter settings in the user interface.") For example, claim 7 states in part:

> altering settings in the user interface for one of the seek time and the acoustic noise level of the data storage device in inverse relation;

With respect to the "altering" step at issue here, Convolve argues that it can – and did – show that the Dell system can infringe that step without needing to include proof of an end-user performing the "altering" step. Dell misconstrues this position to mean that Convolve makes the argument that an end-user is not triggering the actions, but that is not what is argued by

Convolve. Rather, the crux of the issue here is whether the claim language recited in the "altering" and "outputting" steps can be met without requiring proof of a user's actions.[1]

The claim language recited in the "altering" and "outputting" steps does not recite action by an end user. In order to prove direct infringement of the "altering" step, for example, Convolve needed to prove that Dell's system "alter[s] settings in the user interface for one of the seek time and the acoustic noise level of the data storage device in inverse relation." Convolve does not appear to argue, as alleged by Dell, that an end-user is absolutely not involved at the origin of this command, but rather that such an end-user is not included in the actual language of the altering step, and thus, Convolve need not prove the involvement of an end-user in order to show that the limitation is met. Thus, while there is little dispute that an end user *might* be the one triggering a given action, the relevant question here is whether Dell's system performs the altering step.[2] At trial, Convolve presented evidence that Dell's systems do, in fact, alter settings in the manner described by claims 7 and 10. Dell essentially relies entirely on its "end user" involvement argument, and thus, fails to address the sufficiency of Convolve's evidence that the accused Dell systems perform all steps of the asserted claims. Nevertheless, the Court has reviewed the trial testimony and finds that a reasonable jury could have relied upon the evidence

---

[1] The Court notes that although it addresses this question independently here, a virtually identical argument was rejected during claim construction: "Defendants' proposed construction, however, goes too far. The negative limitation of Defendants' proposed construction would exclude a manufacturer that used the same interface accessible to the end user to configure its devices. The portion of the summary of the invention that Defendants use for support in their argument that the user interface must be accessible to an end user provides no support for their argument that manufacturers who use the same interface to configure their drives are absolved from infringement. Accordingly, the Court declines to add this limitation." (Dkt. 211 at 15-16.)

[2] Dell places a great deal of emphasis on the requirement of "end user accessibility." As noted above, there is no dispute between the parties that the "user interface" must – as required by the Court's claim construction – be accessible to an end user. Dell posits the question that unless the end user is performing the "altering" and "outputting" steps through the user interface, "why have a user interface at all?" (Dkt 596 at 4.) In doing so, Dell entirely misses the point –an end user might very well use the user interface to trigger the altering and outputting steps, but *the claim language does not include such a requirement*, and as such, the divided infringement problem Dell attempts to create is illusory.

at trial to find infringement of the claims addressed by Dell's JMOL. The evidence for claims 8, 9, 14, and 15 was similarly sufficient.

Accordingly, the Court finds that Dell has failed to show that that a reasonable jury would not have a legally sufficient evidentiary basis to find for Convolve on the issue of direct infringement of the asserted claims.

**Indirect Infringement**

                *1.     Knowledge of Infringement*

Dell contends that Convolve failed to show that Dell had knowledge of the asserted patent and knowledge that the induced acts constitute patent infringement. There is little reasonable dispute that sufficient evidence was presented for a reasonable jury to find that Dell was aware of Convolve and its technology generally. (*See, e.g.,* Dkt. 588 at 11-12.) Similarly, a substantial amount of evidence was produced at trial to suggest that Dell was aware of the asserted patent. (*Id.*) The remaining issue, then, is whether Dell had knowledge that the allegedly induced acts constitute patent infringement. Dell essentially asks this Court to require a smoking gun, and find that a jury is obligated to ignore a substantial amount of circumstantial evidence presented at trial. This Court declines to do so, and notes that while Convolve must prove knowledge that the induced acts constitute patent infringement, it is perfectly entitled to do so by presenting circumstantial evidence at trial. Convolve did so, by presenting evidence of internal Dell discussions regarding the litigation risk of implementing the technology in question, and also that Dell was aware of Convolve's position that the technology in question infringed its patents – a position that was proved correct at trial. (*Id*. at 13.) A jury may have reasonably relied on this evidence to find that Dell knew that the induced acts constituted patent infringement.

In its reply, Dell makes the argument that the evidence cited by Convolve is "relevant only to the possibility that Dell itself might be risking direct infringement when it implemented the AAM standard" and "[t]his evidence says nothing about infringement by Dell's customers." (Dkt. 598 at 5.)  It is unclear to this Court how Dell contends it could be aware that performing a given set of acts would constitute infringement, explicitly instruct its customers to perform those acts, and then claim that it wasn't aware that those acts would constitute infringement on the part of its customers.  A reasonable jury could infer from the evidence presented at trial that Dell had knowledge that its customers' acts would constitute infringement.

### 2. Substantial Non-Infringing Uses

Dell claims that Convolve failed to show that the accused Dell products have no substantial non-infringing uses.  In doing so, Dell urges the Court to analyze the hard-drives as a whole.  Convolve, in turn, asks the Court to analyze the AAM firmware and code as the accused systems.

In support of its proposition, Dell cites *Hodosh v. Block Drug Co., Inc.*, 833 F.2d 1575, 1578 (Fed. Cir. 1987), alleging that it requires the Court to focus on "the thing sold" to determine whether substantial non-infringing uses exist.  However, as Convolve notes, the Federal Circuit in *Ricoh Co., Ltd. v. Quanta Computer Inc.*, has addressed a similar interpretation of *Hodosh* to the one propounded by Dell, and found that "[i]t does not follow from *Hodosh* that the inclusion of a component with substantial noninfringing uses in a product that contains other components useful only to infringe a process patent can or should defeat liability for contributory infringement under § 271(c)."  550 F.3d 1325, 1339-1340 (Fed. Cir. 2008).  In other words, an infringer cannot escape liability simply by packaging an infringing item with other non-infringing items.  In reply, Dell cites *Fujitsu Ltd. v. Netgear Inc.*.  However, in that case, the Federal Circuit's conclusion entirely supports Convolve's position: "[w]e agree … that the

component at issue here is the specific hardware and software that performs fragmentation." 620 F.3d 1321, 1330 (Fed. Cir. 2010). The *Fujitsu* Court also stated that "[w]hether a user activates fragmentation is relevant to the extent of direct infringement, but does not establish substantial noninfringing uses. Therefore, the undisputed facts establish that the fragmentation software does not have substantial noninfringing uses and we cannot affirm summary judgment of noninfringement on this basis." *Id*. at 1331.

Just as in *Fujitsu*, the AAM functionality here is a "separate and distinct feature" of a larger product, and Convolve's infringement case turned on that functionality. *Id*. at 1330-31. Convolve presented evidence to show that the AAM feature does not have substantial noninfringing uses, and Dell has not, and does not in its briefing, even attempt to rebut Convolve on this point, instead relying solely on its argument that the drives should be analyzed as a whole.

**Contributory Infringement**

Dell next contends that Dell computer systems are not a "component especially made or adapted for use in a way that infringes," because they are *systems*, and not *components*. (Mot. at 14-15.) The distinction drawn by Dell appears to this Court to be a purely semantic one, without any factual or legal basis. Convolve presented evidence at trial that Dell's computer systems were components especially made or adapted for use in a way that infringes, and this Court finds that the jury was reasonable to rely on that evidence to find that the asserted claims were contributorily infringed.

For the reasons set forth above, the Court holds that the jury's finding that Plaintiff met its burden of proving infringement was reasonable and supported by substantial evidence. Defendant Dell's motion for judgment as a matter of law on the grounds that the asserted claims are not infringed is DENIED.

**Willful Infringement**

Finally, Dell contends that Dell failed to establish willful infringement by clear and convincing evidence. To show willful infringement, "[a] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). Once the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* Since the close of initial briefing, the Federal Circuit issued a decision in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1005, 1008 (Fed. Cir. June 14, 2012). *Bard* clarified the law with regard to willful infringement. Specifically, the *Bard* court "[held] that the objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to *de novo* review." 682 F.3d at 1007-1008. The evidence presented at trial in this case shows that "a reasonable person would have considered there to be a high likelihood of infringement of a valid patent." *Id.* Accordingly, the Court finds that the objective prong is met.

The jury's finding that the subjective prong was met was supported by a plethora of evidence. (*See, e.g.*, Dkt. 589 at 3-5.) Accordingly, Dell has failed to show that the jury lacked a legally sufficient evidentiary basis on which to find for Convolve on the subjective prong.

Because the objective and subjective prongs of willfulness are both met, Dell's motion for judgment as a matter of law on the grounds that the asserted claims are not willfully infringed is DENIED.

## CONCLUSION

Having found that Defendant is not entitled to judgment as a matter of law on the grounds raised in their motion and is not otherwise entitled to a new trial, Dell's Renewed Motion for Judgment as a Matter of Law on Non-Infringement (Dkt. No. 565) and Dell's Renewed Motion for Judgment as a Matter of Law on No Willful Infringement (Dkt. No. 568) are **DENIED**.

**SIGNED this 11th day of February, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

CONVOLVE, INC.                        §
                                      §
v.                                    §          Case No. 2:08-CV-244-RSP
                                      §
DELL INC., et al.                     §

## <u>MEMORANDUM ORDER</u>

After a nine-day trial, the jury found that Defendants had failed to prove that the asserted claims of the '473 Patent were invalid. Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity (Dkt. No. 567, filed August 19, 2011).

## APPLICABLE LAW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## DISCUSSION

Defendants move for judgment as a matter of law that the asserted claims are invalid as anticipated or as obvious. (Mot. at 1.) Patents are presumed valid and overcoming this presumption requires clear and convincing evidence. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1354 (Fed. Cir. 2010) (en banc). A patent claim is invalid as anticipated if the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention by the applicant. 35 U.S.C. § 102(a) (2006). Anticipation requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen, Inc. v. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009). Anticipation is a question of fact. *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008).

A patent claim is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. 103(a) (2011). "Obviousness is a question of law based on underlying factual findings: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective

indicia of nonobviousness." *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966). Although the Court must determine the ultimate legal question of obviousness, the Court must presume that the jury resolved all underlying factual disputes in favor of the verdict and must accept the jury's findings if supported by substantial evidence. 688 F.3d at 1356-57.

**The Honda Application**

Defendants first rely on the "Honda Application," an application that was before the Patent Office during the prosecution of the '473 Patent, as allegedly invalidating prior art. At trial, Defendants relied on the testimony of their expert, Dr. Sidman, to prove that the asserted claims are invalid over the Honda Application.

The first question is whether the Honda Application qualifies as prior art. It is undisputed that the Honda Application published after the November 20, 1998 provisional application upon which the '473 Patent relies. Thus, Defendants allege that "the question is whether the November 1998 Provisional Application provided a written description for the 'user interface' limitation." (Mot. at 4.) The Court's claim construction, in Defendants' own words, "construed 'user interface' to require 'control … accessible to the end user that allows a person to alter operational parameters," also noting that "switches and jumpers on the outside of [an end user's] drive" would fall within such a construction. (*Id.*) In arguing that the Provisional Application does not support the '473 Patent, Defendants contend that because "the November 1998 Provisional Application did not discuss switches or jumpers," the written description requirement is not met. (*Id.*) Defendants misinterpret the effect of the Court's claim construction ruling and how it interacts with the written description requirement. Under Defendants' interpretation of the written description requirement, a patent's specification would have to spell out, in excruciating detail, **every** device, mechanism, system, and implementation that could possibly

- 3 -

fall within the scope of the claims. This does not comport with well-established case law. The written description requirement "does not have to provide *in haec verba* support for the claimed subject matter at issue." *Crown Operations Int'l, Ltd. v. Solutia Inc.,* 289 F.3d 1367, 1376, 62 USPQ2d 1917, 1922 (Fed. Cir. 2002). The question, instead, is whether the application "convey[s] with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession of the invention." *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1332 (Fed. Cir. 2008). The jury was presented with evidence that it did, and also presented with a plethora of evidence that suggested an even earlier priority date than provided by the Provisional Application. (*See, e.g.*, 7/25 PM Tr. at 128:14-130:10, 29:13-31:2; 7/19 AM Tr. at 113:23-114:13, 121:14-22, 122:10-123:5.)

The Court also finds that a reasonable jury could conclude that the Honda Application did not anticipate or render obvious the asserted claims even if considered as prior art. Defendants relied almost exclusively on the testimony of their expert, Dr. Sidman, to make their invalidity case as to the Honda Application. A reasonable jury may have disregarded Dr. Sidman's brief, often conclusory statements that the Honda application disclosed each element of the asserted claims. (*See, e.g.*, 7/25 PM Tr. at 5:8-17; *see also* 7/25 AM Tr. at 134:7-136:2 ("They're all there, all the claim limitations – first set of claim limitations of the other asserted claims, 8, 9, 10, 14, and 15. They're all there."))

Finally, Defendants contend that the Court improperly excluded testimony, arguing that "Federal Circuit precedent explicitly holds that expert testimony is not always necessary to present an invalidity defense." (Mot. at 9.) In so arguing, Defendants mischaracterize this Court's ruling. This Court allowed Mr. Nishida's fact testimony, but properly excluded his testimony that attempted to fill gaps or explain what his work would mean to one of ordinary

skill in the art, as he was not a proper expert witness.  (*See, e.g.*, 7/22 AM Tr. at 90:12-22.)

Defendants also fail to show that any prejudice was suffered by this ruling, as they had the

opportunity to address the same issues through a valid expert witness.  (*Id.* at 90:21-22.)

**The Seagate Prior Art**

Defendants also rely on the "Seagate Prior Art" – specifically, the Seagate Hawk 2 and

Hawk 2LP hard drives – as allegedly invalidating prior art.  The parties' briefing focuses largely

on the user interface limitations of the asserted claims.

At trial, Defendants' expert agreed that to be invalidating prior art, a reference must

disclose a "user interface that is accessible to an end user."  (7/25 AM Tr. at 51:8-12.)  The jury

was presented with ample evidence suggesting that even if a user interface existed in the Hawk

drives, it may not have been "accessible to an end user."  (*See, e.g.*, 7/22 PM Tr. at 53:9-17,

67:12-17; 7/25 AM Tr. at 14:9-11, 55:7-10; 7/25 PM Tr. at 17:6-12; 20:6-24.)  Other evidence

was also presented that may have lead a reasonable juror to question whether the functionality

addressed by Defendants was present and functional during the time period alleged by

Defendants.  (*See, e.g.*, 7/25 PM Tr. at 133:15-23, 135:24-139:8, 155:15-17, 135:24-139:8.)

Finally, two of the witnesses relied upon by Defendants for the Seagate Prior Art had an interest

in the outcome of the litigation, which may have led a reasonable jury to discount their

credibility – which, for one of the witnesses, may have also taken a hit from allegedly

inconsistent statements.  (7/22 PM Tr. at 42:9-43:2, 68:10-15, 44:5-52:17.)

**The Koizumi Patent**

Defendants also claim that the Koizumi Patent renders the asserted claims invalid as

anticipated and obvious.  Defendants allege that "Dr. Sidman pointed to the exact text in which

the Koizumi patent recites reducing seek noise," but Dr. Sidman's testimony was an

interpretation of a passage of Koizumi that did not explicitly state "reducing seek noise" as

Defendants' Motion implies. (*See* 7/25 AM Tr. at 130:14-131:17.) A reasonable jury may have not agreed with Dr. Sidman's conclusory interpretation that Koizumi's actual recitation of a "low noise mode" was referring to reducing seek noise. (*Id.*) In fact, the jury was presented with evidence that showed that the Patent Office had, on multiple occasions, been presented with the same arguments advanced by Defendants at trial, and wholly rejected those theories of anticipation and obviousness. (*See, e.g.*, 7/20 AM Tr. at 38:11-39:19; 7/25 PM Tr. at 140:13-142:5; 24:4-17.) In view of this evidence, a reasonable jury could find that the Koizumi patent failed to anticipate or render obvious the asserted claims.

Defendants also allege that Mr. Tsuneta and Mr. Yamamoto's testimony was improperly excluded, but abandon that argument as to Mr. Yamamoto when Plaintiff notes that no objection to his testimony was ever sustained. (*See* Defs. Reply at 4, FN 2.) The Court's limitation of Mr. Tsuneta's testimony as to his personal intent when writing the Koizumi patent specification was entirely proper. (7/22 AM Tr. at 104:5-14.)

**Caviar Lite AL2200 and Maxtor Quasar**

Defendants also allege that the asserted claims are obvious in view of the WD Caviar Lite AL2200 disk drive combined with either "the knowledge of one of ordinary skill in the art" or one of the other items in their briefing. (Mot. at 17.)

At trial, Defendants' expert agreed that to be invalidating prior art, a reference must disclose a "user interface that is accessible to an end user." (7/25 AM Tr. at 51:8-12.) At trial, Defendants relied in part on compatibility with a specification that included an AAM command, but Defendants' witness, Mr. Buckman, was unable to recall when the standard began to include that command, only that "the evolving ATA standard that became ATA was what they were shooting to comply with." (*See, e.g.*, 7/25 AM Tr. at 59:14-60:1 ("I don't recall when AAM came in.") This alone could very well cause a reasonable jury to disregard Defendants' reliance

on WD's purported attempt to comply with the ATA standard. A reasonable juror might also conclude from Western Digital's own witness's statement that "I don't believe we were" able to accept a software settable switch as late as 2000 that it was unlikely that such capability existed earlier. (*See* 7/25 PM Tr. at 126:19-127:18.)

Defendants also allege that the asserted claims are obvious in view of the Maxtor Quasar disk drive combined with either "the knowledge of one of ordinary skill in the art" or one of the other items in their briefing. (Mot. at 20.)

Defendants point to little more than Dr. Buckman's conclusory testimony to support their allegations of obviousness. (7/25 AM Tr. at 29:13-30:9; 30:10-20; 30:21-31:9.) A reasonable jury may have disregarded Dr. Buckman's allegations as unsupported by any evidence. Further, Dr. Buckman's testimony appeared to not be targeted to a "user interface that is accessible to an **end user**," which Dr. Buckman himself testified must be present in order to invalidate the asserted claims. (7/25 AM Tr. at 51:8-12.) Plaintiff's expert countered Dr. Buckman's testimony with his own opinion that providing such functionality would "absolutely not" have been obvious to a person of ordinary skill in the art. (7/25 PM Tr. at 132:12-133:14.)

Therefore, the Court holds that the jury's finding that Defendants failed to meet their burden of proving invalidity was reasonable and supported by substantial evidence. Defendants' motion for judgment as a matter of law on the grounds that the asserted claims are invalid is DENIED.

**CONCLUSION**

Having found that Defendants are not entitled to judgment as a matter of law on the grounds raised in their motion and are not otherwise entitled to a new trial, Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity (Dkt. No. 567, filed August 19, 2011) is **DENIED**.

**SIGNED this 17th day of January, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## <u>MEMORANDUM ORDER</u>

After a nine-day trial, the jury found that Plaintiff had proved that the asserted claims of the '473 Patent were infringed.  Before the Court is Dell's Renewed Motion for Judgment as a Matter of Law on Damages (Dkt. No. 564, filed August 19, 2011).

## APPLICABLE LAW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ."  Fed. R. Civ. P. 50(a) & (b).  "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence.  *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012).  A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted).  In other words, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant."  *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## DISCUSSION

Dell first asks for judgment as a matter of law on Convolve's entire damages claim as to Dell.  (Mot. at 1.)

Dell first contends that "the Western Digital and Hitachi paid-up, lump sum royalty awards preclude a separate recovery from Dell for infringement by *the same* hard disk drives incorporated in the accused Dell computer systems," and presents the same argument as to patent exhaustion.  (*Id.* (*emphasis added*)).  This statement belies the flaw in Dell's position:  it contends that Convolve cannot recover twice as to *the same* hard disk drives.  But the jury's verdict here does not represent a double recovery on the same drives.  Instead, the awards against Western Digital and Hitachi covered all infringing drives **not** sold to Dell.  (*See* Dkt. 587 at 1-2.)

Faced with this fact, Dell abandons its fact-specific double recovery theory entirely in its reply, and instead contends that, as a matter of law, the lump sum award to Western Digital and Hitachi gives them a "blanket license." (Dkt. 595 at 1-2.) Dell cites *Glenayre Elecs., Inc. v. Jackson* in support of its position, claiming it stands for the proposition that any award in a patent infringement case "cover[s] all sales of any products sold by Western Digital and Hitachi, whether those products were accused or not." (*Id.*, *citing* 443 F.3d 851, 866 (Fed. Cir. 2006).) *Glenayre* says nothing of the sort, and Dell's tortured reading of that case conflicts with both

logic and the law. In *Glenayre*, the Court found that "a party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering *that very use* have already been collected from the maker and seller of that product." 443 F.3d at 864. The Court's finding in *Glenayre* was an uncontroversial one, and does not conflict with what happened in this case.

The other case cited by Dell as supporting its position, *Personal Audio, LLC v. Apple, Inc.*, also does not stand for the position Dell advances. There, although the Court did find that the defendant had a "fully paid up license to the patents-in-suit, covering all past and future use of the patented technology in [Defendant's] products," it did so only after 24 pages of thorough, fact-intensive analysis of the facts presented at trial and the language contained in the jury instructions and verdict, and did not make a single finding that approaches the remarkable proposition that, as a matter of law, any lump sum award in a patent case covers all products made by a company, regardless of whether they are accused in the case. *See* Case. No. 9:09-cv-00111, Dkt. 492.

Here, Convolve has not collected damages covering any portion of Dell's use from any party, and all of the evidence and expert testimony was explicitly premised on a specific set of accused products: for Western Digital and Hitachi, that set of accused products was all infringing drives <u>not sold to Dell</u>.[1] Dell's position that an award in a patent case regarding a narrow set of accused devices results in a blanket license that extends to *all* products made by a company, regardless of the facts of the case, is incorrect and cannot support judgment as a matter of law as to the entirety of the damages award in this case.

---

[1] Notably, Dell's own damages expert testified, in very explicit fashion, that he believed that $1.4 million dollars was an appropriate award for this group of devices if Dell were found to infringe.

Dell next asks the Court to grant judgment as a matter of law as to presuit damages, contending that a failure to mark bars those damages.  Dell contends that Quantum possessed a license to the '473 patent and was thus required to mark to preserve presuit damages.  Convolve does not dispute that none of the Quantum drives in question were ever marked with the '473 patent, but contends that marking was not required because the Quantum license did not cover the '473 patent.  The record contains testimony from multiple witnesses that the technology embodied by the '473 patent was not covered by the Quantum license.  (*See*, *e.g*., Dkt. 587 at 2-3.)  The jury found this testimony and the other evidence of record convincing, and the Court finds that Dell has not shown to this Court that it lacked a sufficient evidentiary basis to do so.  Accordingly, judgment as a matter of law is inappropriate as to presuit damages.

## CONCLUSION

Having found that Defendant is not entitled to judgment as a matter of law on the grounds raised in their motion and are not otherwise entitled to a new trial, Dell's Renewed Motion for Judgment as a Matter of Law on Damages (Dkt. No. 564) is **DENIED**.

**SIGNED this 11th day of February, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## ORDER

Before the Court are the parties' Motions to Supplement the JMOL Briefing (Dkt. Nos. 664, 665, 667).  The Motions are **GRANTED** to the extent they encompass cases decided subsequent to the close of briefing, but **DENIED** as to any remainder or any new issues raised therein.

**SIGNED this 2nd day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

CONVOLVE, INC.                        §
                                      §
                                      §
vs.                                   §          CASE NO. 2:08-CV-244-CE
                                      §
                                      §
DELL, INC., et al.                    §

MEMORANDUM OPINION AND ORDER

After considering the submissions and the arguments of counsel, the court issues the

following order concerning the claim construction issues:

I.    Introduction

In this case, plaintiff Convolve, Inc. contends that Defendants[1] infringe claims 1 and 7-15 of

U.S. Patent No. 6,314,473 ("the '473 patent"). The patent addresses noise associated with the

operation of data storage devices and specifically addresses the seek noise of disk drive data storage

devices.[2] The asserted claims include independent claims directed toward a user interface, two

methods for controlling a data storage device, two *Beauregard* claims, and three apparatus claims.

One of the independent apparatus claims is directed to a disk drive and the remaining two are

directed to an apparatus for controlling operation of a data storage device. Defendants are in the

_____

[1]       Defendants include Dell, Inc. ("Dell"), Western Digital Corporation ("WD"),
Hitachi Global Storage Technologies, Inc., and Hitachi LTD. (collectively "Hitachi").

[2]       This is a point of some contention between the parties. The patent uses non-
limiting language when discussing storage devices and the sort of noise the patent sought to
reduce, but the disclosure of the specification is tightly focused on disk drives and seek time
noise.

business of manufacturing and/or selling hard disk drives.[3]

This memorandum addresses the parties' claim construction disputes. The memorandum will first briefly summarize the subject matter of the patents before addressing the merits of the parties' claim construction positions.

## II.    Technical Summary

The patent-in-suit relates to control methods for data storage devices, specifically hard disk drives. In hard disk drives, data is written onto a thin magnetic coating on the surface of the disks inside the drive, called platters. On each platter, data is arranged in very narrow concentric rings called tracks. A platter may have thousands or tens of thousands of tracks for each inch of its radius. To read and write to these tracks, the drive uses a very small inductor[4] that can detect the magnetic polarization of each bit in each track. The disk also uses a very small electromagnet to change the magnetic polarization of the bits in the track one at a time.[5] The inductor and electromagnet are on a structure called the "head" which both accesses data from and writes data to the platter. The head is located on a mechanical structure called the "arm." A disk drive using multiple platters on the same axis will have multiple heads, typically on the same arm. To write data precisely, disk drives employ two motors. One motor, called the spindle, spins the platters, allowing the head to cover the entire platter area while traversing only over a line or arc. The spindle tends to spin at a single speed

---

[3]     Defendant Dell sells disk drives as part of computer systems. The remaining defendants manufacture and sell disk drives separately.

[4]     In most cases, the inductor is a conductive loop or coil around a material with high relative permeability.

[5]     The inductor and the electromagnet may be the same structure or may be different structures.

to allow for predictable operation. The second motor, called the voice coil motor, moves the arm across the spinning platters. The voice coil motor is controlled by a microcontroller or processor using feedback from the position of the arm. When the microcontroller receives a command indicating that the drive needs to write or read data to or from a particular portion of the drive, the microcontroller will execute a series of commands, in the form of currents to the voice coil motor which cause the head to move towards the target track. At all times, the head and/or arm sends positional information to the microcontroller. When the head nears the target track, the microcontroller computes and sends new commands to the voice coil motor to slow and stop the head, adjusting it to read/write over the target track as necessary. This process of moving the head from one track to another is called a "seek" or "seek operation."

The time necessary to retrieve data from a data storage device is important. Because the same file or many related files that must be read at approximately the same time may be scattered across different tracks of the drive, a hard disk drive may have to perform many seek operations for any action the user of a computer wishes to perform. The time required to perform a seek operation can be multiplied many times over and result in a drive or computer seeming slow and unresponsive.

At the same time, fast seek operations can be noisy. The process of rapidly moving and stopping the head can cause the arm to vibrate and, depending on the impulse applied to the arm, create sound at various frequencies. This sound, considered noise, detracts from the usefulness of hard disk drives in certain environments where noise would be an unwelcome distraction to the user.

The patent-in-suit deals principally with audible noise generated by data storage devices, specifically the seek noise of hard disk drives. By altering the commands sent to the voice coil

motor, and ultimately the position[6] of the head over time, the patented methods and devices reduce the amount of extraneous noise produced as a result of the seek operation. As a byproduct, these methods also increase the seek time, creating a trade-off between seek noise and seek time.

The patent's abstract provides:

> Techniques are provided herein for reducing vibrations in various modes of a dynamic system. One such technique comprises incorporating vibration limiting and sensitivity constraints into a partial fraction expansion model of the system so as to reduce vibrations to specific levels. Another technique comprises shaping a command determined using the partial fraction expansion equation model to produce a desired output. The entire command may be shaped or only selected portions thereof which produce vibrations. Another technique involves commanding in current to produce saturation in voltage. By doing this, it is possible to command voltage switches. The times at which the switches occur can be set to reduce system vibrations. Other techniques are also provided. These include varying transient portions at the beginning, middle, and/or end of a move and using Posicast inputs, among others.

Claim 1 is directed toward a user interface for controlling a data storage device:

> 1. User interface for operatively working with a processor to affect operation of a data storage device, the user interface comprising:
>
> means for providing settings for controlling one of a seek time of the data storage device and an acoustic noise level of the data storage device in inverse relation;
>
> means for indicating to the data storage device that one of the seek time settings of the data storage device and the acoustic noise level settings of the data storage device has been altered; and
>
> means for causing the processor to output commands to the data storage device to alter seek trajectory shape by shaping input sigals to to the data storage dice to reduce selected unwanted frequencies from a plurality of frequencies in accordance with the

---

[6]     As well as the time derivatives of the position of the head, e.g. the velocity of the head, the acceleration of the head, etc.

altered settings in the user interface.

Claim 7 is directed toward a method for controlling a data storage device:

> 7. A method of controlling operation of a data storage device, comprising:
>
> generating a user interface, the user interface controlling one of a seek time of the data storage device and an acoustic noise level of the data storage device;
>
> altering settings in the user interface for one of the seek time and the acoustic noise level of the data storage device in inverse relation; and
>
> outputting commands to the data storage device to alter seek trajectory shape by shaping input signals to the data storage device to reduce selected unwanted frequencies from a plurality of frequencies in accordance with the altered set in the user interface.

Claim 8 is directed toward computer-executable process steps stored on a computer-readable medium for controlling a data storage device:

> 8. Computer-executable process steps stored on a computer-readable medium, the computer-executable process steps to control operation of a data storage device, the computer-executable process steps comprising:
>
> code to generate a user interface, the user interface controlling one of a seek time of the data storage device and an acoustic noise level of the data storage device;
>
> code to alter settings in the user interface for one of the seek time and the acoustic noise level of the data storage device in inverse relation; and
>
> code to output commands to the data storage device causing the data storage device to alter seek trajectory shape by shaping input signals to the data storage device to reduce selected unwanted frequencies from a plurality of frequencies in accordance with the altered settings in the user interface.

5

Claim 11 is directed toward a disk drive:

> 11. A disk drive operatively controlled by a user interface, said user interface providing settings capable of altering one of a seek time of the disk drive and acoustic noise level of the disk drive in inverse relation, and indicating to the disk drive that one of the seek time settings of the disk drive and the acoustic noise level settings of the disk drive has been altered, the disk drive comprising:
>
> means for performing a seek operation, the seek operation generating a plurality of frequencies; and
>
> means for outputting commands to alter seek trajectory shape by shaping input signals to the means for performing the seek operation to reduce selected unwanted frequencies from said plurality of frequencies in accordance with the altered settings in the user interface.

## III. General Principles Governing Claim Construction

"A claim in a patent provides the metes and bounds of the right which the patent confers on the patentee to exclude others from making, using or selling the protected invention." *Burke, Inc. v. Bruno Indep. Living Aids, Inc.*, 183 F.3d 1334, 1340 (Fed. Cir. 1999) (quoting *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989)). Claim construction is an issue of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996).

To ascertain the meaning of claims, the court looks to three primary sources: the claims, the specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) (quoting *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1561 (Fed. Cir. 1991)). Under the patent law, the specification must contain a written description of the invention that enables one of ordinary skill in the art to make and use the invention. 35 U.S.C. § 112; *id.* at 978. A patent's claims "must be read in view of the specification,

6

of which they are a part." *Markman*, 52 F.3d at 979. "For claim construction purposes, the description may act as a sort of dictionary, which explains the invention and may define terms used in the claims." *Id*. "One purpose for examining the specification is to determine if the patentee has limited the scope of the claims." *Watts v. XL Sys., Inc.*, 232 F.3d 877, 882 (Fed. Cir. 2000).

Nonetheless, it is the function of the claims, not the specification, to set forth the limits of the patentee's claims. Otherwise, there would be no need for claims. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). The patentee is free to be his own lexicographer, but any special definition given to a word must be clearly set forth in the specification. *Intellicall, Inc. v. Phonometrics*, 952 F.2d 1384, 1388 (Fed. Cir. 1992). And, although the specification may indicate that certain embodiments are preferred, particular embodiments appearing in the specification will not be read into the claims when the claim language is broader than the embodiments. *Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048, 1054 (Fed. Cir. 1994). This court's claim construction decision must be informed by the Federal Circuit's decision in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc). In *Phillips*, the court set forth several guideposts that courts should follow when construing claims. In particular, the court reiterated that "the *claims* of a patent define the invention to which the patentee is entitled the right to exclude." *Id.* at 1312 (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)) (emphasis added). To that end, the words used in a claim "are generally given their ordinary and customary meaning." *Id*. (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application."

7

*Id.* at 1313. This principle of patent law flows naturally from the recognition that inventors are usually persons who are skilled in the field of the invention. *Id.* The patent is addressed to and intended to be read by others skilled in the particular art. *Id.*

The primacy of claim terms notwithstanding, *Phillips* made clear that "the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313. Although the claims themselves may provide guidance as to the meaning of particular terms, those terms are part of "a fully integrated written instrument." *Id.* at 1315 (quoting *Markman*, 52 F.3d at 978). Thus, the *Phillips* court emphasized the specification as being the primary basis for construing the claims. *Id.* at 1314-17. The Supreme Court stated long ago that "in case of doubt or ambiguity it is proper in all cases to refer back to the descriptive portions of the specification to aid in solving the doubt or in ascertaining the true intent and meaning of the language employed in the claims." *Bates v. Coe*, 98 U.S. 31, 38 (1878). In addressing the role of the specification, the *Phillips* court quoted with approval its earlier observations from *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998):

> Ultimately, the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim. The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction.

*Phillips*, 415 F.3d at 1316. Consequently, *Phillips* emphasized the important role the specification plays in the claim construction process.

The prosecution history also continues to play an important role in claim interpretation. The prosecution history helps to demonstrate how the inventor and the PTO understood the patent. *Id.*

8

at 1317. Because the file history, however, "represents an ongoing negotiation between the PTO and the applicant," it may lack the clarity of the specification and thus be less useful in claim construction proceedings. *Id*. Nevertheless, the prosecution history is intrinsic evidence. *Id.* That evidence is relevant to the determination of how the inventor understood the invention and whether the inventor limited the invention during prosecution by narrowing the scope of the claims. *Id.*

*Phillips* rejected any claim construction approach that sacrificed the intrinsic record in favor of extrinsic evidence, such as dictionary definitions or expert testimony. *Id.* The *en banc* court condemned the suggestion made by *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002), that a court should discern the ordinary meaning of the claim terms (through dictionaries or otherwise) before resorting to the specification for certain limited purposes. *Phillips*, 415 F.3d at 1319-24. The approach suggested by *Texas Digital*—the assignment of a limited role to the specification—was rejected as inconsistent with decisions holding the specification to be the best guide to the meaning of a disputed term. *Id*. at 1320-21 (quoting *Vitronics*, 90 F.3d at 1582). According to *Phillips*, reliance on dictionary definitions at the expense of the specification had the effect of "focus[ing] the inquiry on the abstract meaning of words rather than on the meaning of claim terms within the context of the patent." *Id*. at 1321. *Phillips* emphasized that "[t]he patent system is based on the proposition that the claims cover only the invented subject matter." *Id.* What is described in the claims flows from the statutory requirement imposed on the patentee to describe and particularly claim what he or she has invented. *Id*. The definitions found in dictionaries, however, often flow from the editors' objective of assembling all of the possible definitions for a word. *Id*. at 1321-22.

*Phillips* does not preclude all uses of dictionaries in claim construction proceedings. *Phillips*,

415 F.3d at 1322. Instead, the court assigned dictionaries a role subordinate to the intrinsic record. *Id.* at 1317-19. In doing so, the court emphasized that claim construction issues are not resolved by any "magic formula." *Id.* at 1324. The court did not impose any particular sequence of steps for a court to follow when it considers disputed claim language. *Id.* at 1323-25. Rather, *Phillips* held that a court must attach the appropriate weight to the intrinsic sources offered in support of a proposed claim construction, bearing in mind the general rule that the claims measure the scope of the patent grant. *Id.* at 1324.

The patents-in-suit include claim limitations that are argued to fall within the scope of 35 U.S.C. § 112, ¶ 6. "An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure. . . in support thereof, and such claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof." 35 U.S.C. § 112, ¶ 6. When a claim uses the term "means" to describe a limitation, a presumption inheres that the inventor used the term to invoke § 112, ¶ 6. *Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007). "This presumption can be rebutted when the claim, in addition to the functional language, recites structure sufficient to perform the claimed function in its entirety." *Id., citing Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1375 (Fed. Cir. 2003). By contrast, when a claim term does not use "means," the term is presumptively not subject to § 112, ¶ 6. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1369 (Fed. Cir. 2002); *MIT v. Abacus Software*, 462 F.3d 1344, 1353 (Fed. Cir. 2006). A limitation lacking the term "means" may overcome the presumption if it is shown that "the claim term fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function." *MIT*, 462 F.3d at 1353, *quoting CCS Fitness*, 288 F.3d. at 1369. "What

10

is important is whether the term is one that is understood to describe structure, as opposed to a term that is simply a nonce word or a verbal construct that is not recognized as the name of structure and is simply a substitute for the term 'means for.'" *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1360 (Fed. Cir. 2004).

Once the court has concluded the claim limitation is a means-plus-function limitation, the first step in construing a means-plus-function limitation is to identify the recited function. *See Micro Chem., Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999). The second step in the analysis is to identify in the specification the structure corresponding to the recited function. *Id.* The "structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim." *Medical Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1210 (Fed. Cir. 2003), *citing B. Braun v. Abbott Labs*, 124 F.3d 1419, 1424 (Fed. Cir. 1997). The patentee must clearly link or associate structure with the claimed function as part of the quid pro quo for allowing the patentee to express the claim in terms of function pursuant to § 112, ¶ 6. *See id.* at 1211; *see also Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1377 (Fed. Cir. 2001). The "price that must be paid" for use of means-plus-function claim language is the limitation of the claim to the means specified in the written description and equivalents thereof. *See O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997). "If the specification does not contain an adequate disclosure of the structure that corresponds to the claimed function, the patentee will have 'failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112,' which renders the claim invalid for indefiniteness." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1382 (Fed. Cir. 2009), *quoting In re Donaldson Co.*, 16 F.3d 1189, 1195 (Fed. Cir. 1994) (en banc). It is

11

important to determine whether one of skill in the art would understand the specification itself to disclose the structure, not simply whether that person would be capable of implementing the structure.  *See Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1382 (Fed. Cir. 1999); *Biomedino*, 490 F.3d at 953.  Fundamentally, it is improper to look to the knowledge of one skilled in the art separate and apart from the disclosure of the patent.  *See Medical Instrumentation*, 344 F.3d at 1211-12.  "[A] challenge to a claim containing a means-plus-function limitation as lacking structural support requires a finding, by clear and convincing evidence, that the specification lacks disclosure of structure sufficient to be understood by one skilled in the art as being adequate to perform the recited function."  *Budde*, 250 F.3d at 1376-77.

At issue in this case is whether certain claims of the patents-in-suit are indefinite.  A claim is invalid for indefiniteness if it fails to particularly point out and distinctly claim the subject matter that the applicant regards as the invention.  35 U.S.C. § 112, ¶ 2.  To prevail on an indefiniteness argument, the party seeking to invalidate a claim must prove "by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008).  The primary purpose of the definiteness requirement is to ensure public notice of the scope of the patentee's legal right to exclude, such that interested members of the public can determine whether or not they infringe.  *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005); *Halliburton*, 514 F.3d at 1249; *Honeywell Int'l Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003).  Courts apply the general principles of claim construction in their efforts to construe allegedly indefinite claim terms.  *Datamize,* 417 F.3d at 1348; *Young v. Lumenis, Inc.*, 492

12

F.3d 1336, 1346 (Fed. Cir. 2007). A claim is indefinite only when a person of ordinary skill in the art is unable to understand the bounds of the claim when read in light of the specification. *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1371 (Fed. Cir. 2008). A determination of claim indefiniteness is a conclusion of law. *Exxon Research & Eng'g Co. v. United States,* 265 F.3d 1371, 1375-76 (Fed. Cir. 2001); *Datamize,* 417 F.3d at 1347.

A claim is indefinite only if the claim is "insolubly ambiguous" or "not amenable to construction." *Exxon,* 265 F.3d at 1375; *Young*, 492 F.3d at 1346; *Halliburton*, 514 F.3d at 1249; *Honeywell*, 341 F.3d at 1338-39. A court may find a claim indefinite "only if reasonable efforts at claim construction prove futile." *Datamize*, 417 F.3d at 1347. A claim term is not indefinite solely because the term presents a difficult claim construction issue. *Id.*; *Exxon*, 265 F.3d at 1375; *Honeywell*, 341 F.3d at 1338. "If the meaning of the claim is discernable, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, ... the claim [is] sufficiently clear to avoid invalidity on indefiniteness grounds." *Exxon*, 265 F.3d at 1375; *Halliburton*, 514 F.3d at 1249.

Bearing these standards in mind, the Court now considers the terms presented for construction.

## IV. Agreed Terms

- The parties agree that "acoustic noise level" means "Acoustic noise generated as a result of the seek operation." The term "acoustic noise level" appears in claims 1 and 7-15 of the patent-in-suit.

- The parties agree that "operatively controlled" means "being controlled." The term "operatively controlled" appears in claim 11 of the patent-in-suit.

•     The parties agree that "seek operation" means "movement of the disk drive head from an initial position to rest at a position where the head can perform a read/write operation on a particular track of a magnetic disk." The term "seek operation" appears in claim 11 of the patent-in-suit.

•     The parties agree that the means-plus-function term "means for providing settings for controlling one of a seek time of the data storage device and a seek acoustic noise level of the data storage device in inverse relation" has a function of "providing settings for controlling one of a seek time of the data storage device and a seek acoustic noise level of the data storage device in inverse relation," but disagree as to the associated structure. The term appears in claim 1 of the patent-in-suit.

•     The parties agree that the means-plus-function term "means for indicating to the data storage device that one of the seek time settings of the data storage device and the seek acoustic noise level settings of the data storage device has been altered" has a function of "indicating to the data storage device that one of the seek time settings of the data storage device and the seek acoustic noise level settings of the data storage device has been altered." This term appears in claim 1 of the patent-in-suit.

•     The parties agree that the means-plus-function term "means for performing a seek operation" has a function of "performing a seek operation." The term "means for performing a seek operation" appears in claim 11 of the patent-in-suit.

## V.    Disputed Terms

The parties' principal disagreements relate to which processors may carry out the steps of the claims and send commands to the voice coil motor, whether adequate structure is disclosed to support the patent's means-plus-function claims, whether terms reciting "code" contain sufficient structure or require construction under 35 U.S.C. § 112 ¶ 6, whether the term "user interface" requires action by an end user, and whether various terms as used in the claims are indefinite.

### A.    User Interface Claim Terms

The parties dispute several aspects of the term "user interface" as it appears in the asserted claims of the '473 patent. The parties' disagreements relate, generally, to whether the user interface must be accessible to the user, whether a specific processor must be used for the user interface, and

14

whether someone other than an end user can practice the method claims that require a user interface.

### 1. User Interface

- Plaintiff's proposed construction: "software, hardware, firmware, or a combination thereof that allows a person, directly or indirectly, to alter parameters"

- Defendants' proposed construction: "control (e.g., a graphical user interface and/or mechanical switch(es)) through which an end-user alters operational parameters. Devices that are configured by the manufacturer are not configured by a 'user interface.'"

The term "user interface" appears in asserted claims 1 and 7-15 of the '473 patent. The parties' principal disagreement over this term is whether devices configured by the manufacturer are configured by a "user interface." Upon a review of the intrinsic record and the briefing of the parties, the Court concludes that neither party's proposed construction adequately defines the term.

Plaintiff's proposed construction would cover the situation where a manufacturer configured its own devices but did not allow users to alter those settings. Defendants argue, the summary of the invention teaches,[7] and common sense requires that a user interface must be capable of interfacing with the user. The "user interface" of the claims must be accessible to the end user.

Defendants' proposed construction, however, goes too far. The negative limitation of Defendants' proposed construction would exclude a manufacturer that used the same interface accessible to the end user to configure its devices. The portion of the summary of the invention that Defendants use for support in their argument that the user interface must be accessible to an end user provides no support for their argument that manufacturers who use the same interface to configure

---

[7] "The present invention ... [provides] a GUI and/or mechanical switch(es) through which an end-user may alter operational parameters of a disk drive." 4:6-8.

15

their drives are absolved from infringement. Accordingly, the Court declines to add this limitation.

Defendants also object to the use of "directly or indirectly" in Plaintiff's proposed construction. Defendants argue that this construction would allow unrelated user interfaces, such as a computer's "on" button or its power cord, to be the user interface of the claim. The Court does not read "directly or indirectly" to be that encompassing, but also finds the phrase to be superfluous to Plaintiff's proposed construction.[8] For example, in claim 1, the user interface must include a means for providing settings, a means for indicating its settings, and a means for implementing its settings. Similarly, in claims 7-10 and 15 the user interface must be "generated" or "provided." In claim 11 and its dependent claims, the user interface must provide settings. In claim 15, a processor must control settings "through a user interface." Plaintiff's proposed construction would not allow an "on" button or power cord to serve as the "user interface" of the claims because neither a button nor a power cord could meet the necessary limitations.

Defendants also argue that Plaintiff disclaimed "firmware" when traversing a rejection involving the Ray reference during reexamination. The Court reviewed the reexamination prosecution history and found no surrender of claim scope. The patentee argued that Ray did not, in fact, provide a user interface. Ray replaced the microcode resident on the drive with microcode that implemented two different seek algorithms, alternating every 256 seeks automatically. Ray did not implement this altered microcode using a host computer or accessing the drive itself, but by using a specialized utility to reprogram the DSP on the disk drive. Further, Ray had no means to alter the settings of the drive but by reprogramming the DSP again. The distinction between Ray and

---

[8]    "Directly or indirectly" neither narrows nor expands the scope of the construction proposed by Plaintiff.

the claims at issue was not that Ray used firmware but that Ray had no user interface, and to the extent Ray had a user interface, it was not used to alter seek time and noise level as required by the patent.

After reviewing the parties' arguments and the intrinsic record, the Court construes "user interface" to mean "control (e.g. software, hardware, firmware, or a combination thereof) accessible to the end user that allows a person to alter operational parameters." If, for example, an end user had to replace a ROM chip in order to alter settings, open the hard drive enclosure, or purchase a specialized device and write code to alter the drive's settings, that would not constitute a user interface because those methods are not accessible to the end user or require additional devices. If, on the other hand, a user could access switches or jumpers on the outside of his drive, or through a host computer access a utility that allowed him to select different settings as required by the remainder of the claims, that would constitute a user interface because those methods typically are accessible to the end user.

### 2. User Interface for Operatively Working With a Processor to Affect Operation of a Data Storage Device

- Plaintiff's proposed construction: "user interface" and "data storage device" should be construed, but this term requires no further construction

- Defendants' proposed construction: "a user interface to affect operation of a data storage device that is generated by, and running on, an external host processor such as a PC, and not on a processor that is part of the data storage device itself"

This term appears in asserted claim 1 of the '473 patent. Plaintiff contends that this term requires no further construction beyond its component terms while Defendants seek to limit this term

to user interfaces generated by and running on processors external to the disk drive. In making this argument, Defendants rely on a strained reading of the patentee's response to an office action rejecting the asserted claims over Ray during reexamination. As noted in this Court's construction of "user interface," Ray did not disclose a user interface as covered by the claims of the '473 patent. Additionally, Ray made no mention of a user interface of any kind "operatively working with a processor" on a data storage device. Rather, Ray replaced the resident microcode on a disk drive with new microcode that automatically alternated between two different seek modes. This court reads no disclaimer of scope into the patentee's remarks characterizing and distinguishing Ray on these grounds. Accordingly, the Court declines to import Defendants' proposed negative limitation and declines to construe this term, aside from construing its disputed component terms.

### 3. Generat[e/ing] a User Interface

- Plaintiff's proposed construction: This term should not be construed beyond the construction of "user interface;" alternatively, this term should mean "bringing a user interface into existence."

- Defendants' proposed construction: "generat[e/ing] and run[ning] a user interface on an external host processor such as a PC, and not on a processor that is part of the disk drive itself"

This term appears in asserted claims 7, 8, and 9 of the '473 patent. As with the previous term, Plaintiff seeks no construction while Defendants argue that a disclaimer when the patentee traversed the patent office's rejection over Ray should read an additional limitation into the claim. As above, the Court disagrees with Defendants' interpretation of the prosecution history and declines to construe this term.

18

### 4. A Disk Drive Operatively Controlled by a User Interface

- Plaintiff's proposed construction: no further construction is necessary beyond the construction of the term's component parts; "disk drive" should have its ordinary meaning.

- Defendants' proposed construction: "A disk drive operatively controlled by a user interface generated by, and running on, an external host processor such as a PC, and not on a processor that is part of the disk itself"

This term appears in asserted claim 11 of the '473 patent. As with the previous two terms, Plaintiff seeks no construction while Defendants argue that a disclaimer when the patentee traversed the patent office's rejection over Ray should read an additional limitation into the claim. As above, the Court disagrees with Defendants' interpretation of the prosecution history and declines to construe this term.

### 5. Providing a User Interface

- Plaintiff's proposed construction: no further construction is required beyond the Court's construction of "user interface;" if the court construes this term, it should be defined to mean "supplying, or making available, a user interface"

- Defendants' proposed construction: "providing a user interface generated by, and running on, an external host processor such as a PC, and not on a processor that is part of the data storage device itself"

This term appears in asserted claims 10 and 14 of the '473 patent. As with the previous three terms, Plaintiff seeks no construction while Defendants argue that a disclaimer when the patentee traversed the patent office's rejection over Ray should read an additional limitation into the claim. As above, the Court disagrees with Defendants' interpretation of the prosecution history and declines

19

to construe this term.

**6.      Altering settings in the user interface/operating the user interface**

•       Plaintiff's proposed construction: neither term needs to be construed beyond the Court's construction of "user interface"

•       Defendants' proposed construction: "the end user [altering settings in the user interface/operating the user interface]"

This term appears in asserted claim 7 (as "altering...") and 10 (as "operating...") of the '473 patent.  Plaintiff seeks no construction beyond the construction of "user interface" while Defendants seek to require these limitations to be practiced by an "end user."  Defendants seek to require these actions be performed by the end user because, in their interpretation, a user interface is only a user interface when being used by an end user.  The Court disagrees with this interpretation.  Although the user interface must be accessible to an end user, someone other than the end user may operate the user interface.  If a manufacturer alters settings on its drives using the same interface accessible to end users, it is altering the settings in the user interface and/or operating the user interface.  If, on the other hand, a manufacturer uses some other method to configure the drive, it is not altering settings in the user interface or operating the user interface.  Because the Court's construction of "user interface" includes the requirement that it be accessible to end users, no further construction is necessary.  Accordingly, the Court declines to construe these terms beyond its construction of "user interface."

**B.      Disk Drive/Data Storage Device Terms**

The parties disagree on several aspects of the claim terms related to the device upon which the disclosed input shaping techniques operate.  These disputes include whether the term "data

storage device" is limited to "disk drive" and whether the processors which are typically included with disk drives constitute part of the disk drives or data storage devices of the claims.

### 1. Data Storage Device

•     Plaintiff's proposed construction: "the computer disk drive, including all electronic and mechanical components, which receives shaped commands from a processor, which may be integrated into the drive"

•     Defendants' proposed construction: "a device for storing data"

The term "data storage device" appears in asserted claims 1, 7 through 10, 14, and 15 of the '473 patent. Plaintiff seeks to limit this term to essentially what is disclosed in the specification in figures 10A and 10B. The specification, however, contains one passage that strongly supports a broader construction than Plaintiff now seeks.[9] Defendants therefore argue that Plaintiff's proposed construction is too narrow. Defendants' position is, however, inconsistent with the terms the parties have construed by agreement. The agreed constructions appear influenced by the fact that the overall thrust of the patent, as reflected by the balance of the specification, is directed to the problem of seek time and acoustic noise in magnetic disk drives.

The parties agreed to define "[seek] acoustic noise" as "acoustic noise generated as a result of the seek operation" and "seek operation" as "movement of the disk drive head from an initial

---

[9]
        Moreover, although the invention has been described in the context of computer disk drives, it may apply equally to other types of data storage devices (of which a computer disk drive is one), including, but not limited to, optical drives, tape drives, dual-activated disk drives, and holographic storage media devices which read from, and write to, data storage media other than magnetic disks.

'473 patent, 43:1-7

21

position to rest at a position where the head can perform a read/write operation on a particular track of a magnetic disk." "[Seek] acoustic noise" appears in every asserted claim, so by the parties' agreed construction "seek operation" also appears in each asserted claim. By the parties' agreed construction of "seek operation," a "data storage device" must comprise a disk drive head and a magnetic disk, and the head must be able to move across the surface of the disk and read and write data. In light of this agreement between the parties concerning other terms in the claims, the Court construes "data storage device" to mean "a device for storing data comprising a magnetic disk and a disk drive head wherein the disk drive head is operative to move across the surface of the disk and read and write data." The Court declines to construe "data storage device" to require a processor because, in the specification, the patentee never described a processor as being part of a disk drive. Instead, the patentee described a processor *dedicated to* a disk drive as a possible embodiment or part of a possible embodiment of processor 73 depicted in Figure 10B, the disk drive engine. Figure 10A, the only depiction of a disk drive, discloses no processor.

### 2. Output[ting] Commands to the Data Storage Device [Causing The Data Storage Device] to Alter Seek Trajectory Shape by Shaping Input Signals to the Data Storage Device

- Plaintiff's proposed construction: "send[ing] shaped input signals to the data storage device to alter the seek trajectory shape, where such input signals may originate from within the device"

- Defendants' proposed construction: "send[ing] shaped input signals to the data storage device to alter the seek trajectory shape"

This term appears in asserted claims 1, 7 through 10, 14, and 15 of the '473 patent. The parties' primary dispute regarding this term, and those related to it, is whether the shaped input

signals must originate from outside the data storage device. Defendants rely on the use of the phrase "to the data storage device" in arguing that these claims require that the signals sent to the disk drive be shaped. The parties agree that, in the specification, only the processor/controller 73 of disk drive engine 10, depicted in figure 10B, provides the shaped input signals. They disagree as to whether processor/controller 73 is part of the data storage device. The patent explains that processor/controller comprises the processor of the host computer, or, in the alternative, a separate controller "*dedicated to* the disk drive" which receives commands from the processor of the host computer. 10:5-8. During prosecution, the patentee also argued that the invention covered a disk drive engine wherein a combination of the host computer processor and a controller dedicated to the disk drive performed the input signal shaping. The patent makes no distinction between disk drives wherein the dedicated controller is attached to and sold with the disk drive and disk drives that are not sold with dedicated controllers.

In view of the Court's construction of data storage device, which does not require the source of input signals to be present, the additional limitation proposed by Plaintiff is unnecessary. Plaintiff and Defendants' constructions are otherwise similar. Therefore, the Court adopts Defendants' construction and defines this term to mean "send[ing] shaped input signals to the data storage device to alter seek trajectory shape."

### 3. Outputting Commands to Alter Seek Trajectory Shape by Shaping Input Signals to the Means for Performing the Seek Operation

- Plaintiff's proposed construction: "sending shaped input signals to the means for performing the seek operation to alter the seek trajectory shape, where such input signals may originate from within the disk drive"

- Defendants' proposed construction: "sending shaped input signals to the means for performing the seek operation to alter the seek trajectory shape"

This term appears in asserted claim 11 of the '473 patent, and, by incorporation, in asserted dependent claims 12 and 13. The parties' principal disagreement is whether the term "where such input signals may originate from within the disk drive" should be added to their otherwise agreed construction. The Court finds Plaintiff's additional language superfluous based on its construction of "means for performing a seek operation." Accordingly, the Court adopts Defendants' proposed construction and construes this term to mean "sending shaped input signals to the means for performing the seek operation to alter the seek trajectory shape."

### 4. Seek Time of the [Data Storage Device/Disk Drive]

- Plaintiff's proposed construction: "the time it takes for the disk drive head to move from an initial position to rest at a position where the head can perform a read/write operation on a particular track of the disk; seek time includes both move time plus settle time"

- Defendants' proposed construction: "the time it takes for a head to move from an initial position to rest at a position where the head can perform a read/write operation"

This term appears in asserted claims 1, 7 through 12, 14, and 15 of the '473 patent. The parties' constructions are essentially in agreement, and both essentially incorporate the agreed construction for "seek operation." Accordingly, the Court construes "seek time of the [data storage device/disk drive] to mean "the time it takes to complete a seek operation."

### C. Frequency Terms

During prosecution, the patentee submitted claims directed both to "vibrations" as well as to "frequencies." The patentee ultimately canceled claims directed to "vibrations" while his claims

24

using the term "frequency" issued. Plaintiff now seeks to construe "frequencies" as "vibrations that can be characterized in terms of cycles per second." Defendants ask the Court to hold that these terms are indefinite. Plaintiff also seeks a construction wherein a frequency is "reduced" when the amplitude of the vibration at that frequency is reduced. Defendants do not seek to construe the term "reduce," but do seek to exclude "smoothing" from the methods used to reduce frequencies. Neither party has sought a construction for "smoothing."

### 1.  Frequencies[10]

- Plaintiff's proposed construction: vibrations that can be characterized in terms of cycles per second

- Defendants' proposed construction: indefinite

"Frequencies" appears in each asserted claim of the '473 patent, either directly or as a term in a dependent claim's parent claim. Plaintiff argues that the term "frequencies" should be construed to mean vibrations characterized in terms of cycles per second, i.e. frequencies. Defendants argue that, because the patentee used "vibrations" in the specification but "frequencies" in its claim, Plaintiff should not be allowed to rewrite its claims during construction.

The art of the patent is electrical engineering, and specifically, control theory. A person of ordinary skill in electrical engineering would be familiar with the term "frequency," and know that, generally, "frequency" refers to the number of cycles per second of a wave. That person would know that, to give the term context, he must look to the specification to know what medium propagated or generated the wave. In the field of the invention, frequencies are often used to characterize

---

[10]  The parties did not identify "frequencies" as a separate term to be construed, but their dispute over its construction underlies several other disputed terms. The Court synthesized the parties' proposed construction from their positions on other disputed terms.

alternating current signals, electromagnetic radiation, and mechanical oscillation or vibration. The disclosure of the '473 patent deals exclusively with mechanical vibrations – the vibration of the arm of a disk drive and the associated vibration of air that constitutes acoustic noise. The Court concludes that one of ordinary skill in the art, reading the claims in light of the specification, would know that "frequencies" referred to mechanical vibrations characterized in terms of cycles per second.

Defendants' argument, however, is not without force. Defendants maintain that, because the specification refers to the vibrations of the arm of the disk drive as "vibrations at a plurality of frequencies" and not merely "frequencies," the patentee knew the difference in meaning between the terms and chose to use the vague and possibly indefinite "frequencies" in his claims. In support of the proposition that the Court should not rescue the patentee from his clearly chosen claim language, Defendants cite *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004). However, in *Chef Am.*, the claim terms were clear and susceptible to only one meaning, without any ambiguity. Here, by contrast, the term "frequency" clearly communicates an oscillation, but one of ordinary skill in the art must look to the specification to learn what is oscillating. Unlike in *Chef Am.*, Plaintiff's proposed construction would not change the claim from one with a clear meaning that lacks practical application to one with a clear meaning that has practical application, but from a claim that, in isolation, lacks meaning but, when construed in context, has a clear meaning. Accordingly, the Court construes "frequencies" to mean "vibrations which can be characterized by cycles per second."

### 2. Unwanted Frequencies

• Plaintiff's proposed construction: "those frequencies, i.e. vibrations that can be characterized

in terms of cycles per second, which are undesired"

- Defendants' proposed construction: indefinite

The term "unwanted frequencies" appears in all asserted claims of the '473 patent, either directly or in the parent of a dependent claim. The Court's construction of "frequencies" resolves any indefiniteness argument in this term related to that term, leaving only "unwanted" as a potential source of indefiniteness. Plaintiff's construction, which essentially substitutes "undesired" for "unwanted," offers no clarity. Defendants argue that the use of the term "unwanted vibrations" in the patent does not give meaning to the term "unwanted frequencies" in the asserted claims. The Court disagrees with this argument, having found that one of ordinary skill in the art would know that the "frequencies" of the claims refer to the "vibrations" of the specification. Defendants also argue that the term "unwanted" makes these claims indefinite, citing *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005).

In *Datamize*, the Federal Circuit held invalid for indefiniteness a claim containing the term "aesthetically pleasing." The Federal Circuit explained that "some objective standard" must be provided to notify the public of the patentee's right to exclude. *Id.* Defendants argue that the term "unwanted" leaves the public without an objective standard to determine the limits of the claims of the '473 patent. The Court disagrees. A difficult issue of claim construction does not, *ipso facto*, result in a holding of indefiniteness. *Datamize*, 417 F.3d at 1347 (citing *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001)). Unlike in *Datamize*, where the claim required a necessarily subjective "aesthetically pleasing" test of the accused instrumentality, or worse, a test of whether the accused infringer intended to make an aesthetically pleasing product, the specification of the '473 patent clearly identifies what frequencies or vibrations are unwanted. There

27

is no evident arbitrary distinction between "good" acoustic noise and "bad" acoustic noise in the '473 specification. Rather, all acoustic noise generated by the seek operation of the data storage device is "unwanted," and the disclosed invention provides different methods for trading off seek time against seek acoustic noise. Accordingly, the Court concludes that one of ordinary skill in the art reading the claims in light of the specification would know which frequencies were unwanted. The Court construes "unwanted frequencies" to mean "those frequencies which produce audible noise."

### 3.   Reduce Selected Unwanted Frequences [From a Plurality of Frequencies]

•   Plaintiff's proposed construction: "Decrease the amplitude of at least the chosen unwanted frequencies"

•   Defendants' proposed construction: "Reduce intentionally chosen frequencies identified as unwanted, but not by smoothing"

This term appears in asserted claims 1, 7 through 11, 14, and 15 of the '473 patent. The parties disagree whether "[reducing] ... frequencies" requires a reduction in amplitude, whether the frequencies must be intentionally chosen, and whether this reduction can be accomplished by "smoothing." Neither party has defined smoothing.

In light of the Court's construction of "frequency" to mean "vibrations that can be characterized by cycles per second," the parties' amplitude dispute becomes clear. A vibration at a certain frequency can be "reduced" only by reducing its amplitude. Defendants make no argument against Plaintiff's "amplitude" position in their briefing. Accordingly, the Court will construe "[reducing] ... frequencies" to mean "reducing the amplitude of vibrations which can be

28

characterized in terms of cycles per second."

In support of their argument that the term "selected" requires that some subset of unwanted frequencies be intentionally chosen, Defendants cite the '473 patent's voluminous prosecution history. The only support they cite, however, is a quote from the New York court's claim construction[11] and a passage from an office action that is shortly followed by the patentee's argument that "reducing selected unwanted frequencies" must mean "reducing any unwanted frequencies." Plaintiff did not disclaim claim scope to limit "selected" to mean "intentionally chosen." Further, the specification provides no support for a user intentionally choosing specific frequencies to reduce, and provides only a user interface where frequencies are chosen implicitly through preference for speed or quiet operation. Defendants' construction would thus exclude the embodiments of the specification. Accordingly, the Court rejects this limitation to the claim. Plaintiff's construction essentially replaces "selected" with "chosen." Although the Court sees little difference between "chosen" and "selected," the parties appear to agree that "chosen" is the superior construction.

Defendants also seek to insert the limitation "but not by smoothing." In support of their argument, they cite a cancelled claim wherein "input shaping" and "filtering" were listed in the alternative. However, the summary of the invention section states that one of the disclosed techniques "comprises shaping (e.g., convolving or filtering) [an input] command." 2:66-3:1. Further, the specification's brief description of Figures 15-20 refer to various filters as a "shaping techniques" (4:41-59) and section 5.3 explicitly states that filters should be used in conjunction with

---

[11]        Convolve has a separate case pending in the United States District Court for the Southern District of New York. *See Convolve, Inc., et al. v. Compaq Computer Corp., et al.*, 1:00-cv-5141. The New York court's construction of this term is consistent with the construction presently adopted. *Id.*, Dkt. No. 397 at 28.

the newly disclosed techniques to achieve the aims of the invention, and that "good moves" determined by the disclosed methods could be generated by conventional filtering alone. (22:60-67). The Court concludes that one of ordinary skill in the art reading the claims, the specification, and the prosecution history would not understand the claims to exclude filtering or "smoothing" of inputs. Accordingly, the Court declines to import that negative limitation into the claim.

In summary, the Court construes "reduce selected unwanted frequencies" to mean "decrease the amplitude of the chosen unwanted frequencies." The asserted claims of the '473 patent use the transition phrase "comprising;" therefore, Plaintiff's proposed "at least" construction is redundant.

### 4. The Seek Operation Generating a Plurality of Frequencies

- Plaintiff's proposed construction: "The seek operation generating multiple frequencies, i.e. vibrations which can be characterized in terms of cycles per second"

- Defendants' proposed construction: indefinite

This term appears in asserted claim 11 of the '473 patent. Asserted claims 12 and 13 depend from claim 11, and incorporate its limitations. The parties' principal disagreement is whether "frequencies" is indefinite. The Court construed "frequencies" to mean "vibrations which can be characterized in terms of cycles per second." The parties agree that a seek operation can generate vibrations. Accordingly, the Court construes this term to mean "the seek operation generating multiple frequencies."

### D. Computer Code Claims

Claims 8, 9, 14, and 15 resemble *Beauregard* claims, reciting both a machine-readable memory and computer process steps stored on or executed from that memory. Defendants argue that these claims are invalid because they are mixed apparatus and method claims, citing *O.I. Corp. v.*

*Tekmar Company Inc.*, 115 F.3d 1576, 1582-83 (Fed. Cir. 1997) and *IPXL Hldings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1379 (Fed. Cir. 2005). The parties additionally disagree whether the "code to ..." and "code providing ..." phrases in claims 8 and 14 recite sufficient structure or should be construed according to 35 U.S.C. § 112 ¶ 6.

### 1. Indefiniteness Under *IPXL Holdings*

Defendants argue that asserted claims 8, 9, 14, and 15 of the '473 patent resemble the claims invalidated as mixed apparatus and method claims in *IPXL Holdings* and thus should be invalid as indefinite under 35 U.S.C. § 112 ¶ 2. The Court disagrees. In *IPXL Holdings*, the Federal Circuit invalidated a claim because it claimed both an apparatus and a method for using the apparatus. *IPXL*, 430 F.3d, at 1383-1384. Claim 25 of U.S. Patent No. 6,149,055 depended from an apparatus claim and contained the limitation "the user uses the input means to either change the predicted transaction information or accept the displayed transaction type and transaction parameters." Thus claim 25 could not be infringed unless and until a user performed the required action. The claims at issue here, however, contain no such conflict between apparatus and method of use, and do not give rise to indefiniteness concerns under *IPXL*.

Claims 8 and 14 share a common preamble and structure. Each recites three "code to ..." or "code providing ..." limitations preceded by the following preamble:

> Computer executable process steps stored on a computer-readable medium, the computer-executable process steps to control operation of a data storage device, the computer-executable process steps comprising:

Unlike *IPXL Holdings*, where an accused infringer would have no knowledge of infringement of the method limitations at the time a device meeting the apparatus claim limitations was sold, an

accused infringer would know whether it met the limitations at the time its device was sold because the accused infringer would know whether the device stored code that met the remaining limitations of the patent. Claims 9 and 15 similarly recite an apparatus containing memory storing computer-executable process steps and limitations on those stored steps. Accordingly, the Court finds that asserted claims 8, 9, 14, and 15 are not indefinite as mixed apparatus and process claims under 35 U.S.C. § 112 ¶ 2.

### 2. "Code to ..." and "Code Providing ..." Phrases

Defendants argue that the "code to ..." and "code providing ..." limitations of claims 8 and 14 are purely functional and thus should be held to require construction under 35 U.S.C. § 112 ¶ 6 in accordance with *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1213-14 (Fed. Cir. 1998). In *Mas-Hamilton*, the Federal Circuit held that where purely functional language was used and a claim would cover all possible means for achieving a result if not construed in accordance with § 112 ¶ 6, that term should be subject to construction under 35 U.S.C. § 112 ¶ 6. The "code to ..." and "code providing ..." limitations of claims 8 and 14 recite structure and thus are easily distinguishable. Although Defendants argue that "code" is not structure, the Court concludes that, here, "code" does connote structure. Unlike in *Mas-Hamilton*, where all possible methods for implementing the recited function would have been covered by the asserted claim, only software implementations are covered by this claim. For example, the "code [to generate/providing] a user interface" limitation excludes the hardware user interface (electro-mechanical switches or jumpers) disclosed in the specification. Accordingly, the Court finds these "code to ..." and "code providing ..." limitations do not require construction under § 112 ¶ 6.

Plaintiff also seeks a construction of the term "code" as found in asserted claims 8 and 14.

Plaintiff seeks a construction of "software and/or firmware." However, Plaintiff also seeks to construe "computer-executable process steps" to mean "computer-executable code." To reduce the number of synonymous terms introduced to the jury in construing the claims, the Court construes "code" to mean "computer-executable process steps" and gives the term "computer-executable process steps," found in asserted claims 8, 9, 14, and 15, its plain and ordinary meaning. The Court construes the remainder of the "code to ..." and "code providing ..." terms by reference to their component parts.

### 3. Computer-Readable Medium

• Plaintiff's proposed construction: "a medium capable of storing data that can be interpreted by a computer processor"

• Defendants' proposed construction: none (this is a component of a term Defendants argued was indefinite)

The term "computer-readable medium" appears in claims 8 and 14 of the '473 patent. Plaintiff seeks a construction that, in the Court's opinion, fails to add clarity to the terms of the patent. Defendants offer no construction. In the Court's view, the term "computer-readable medium" was well understood to one of ordinary skill in the art at the time of the invention. "Computer-readable medium" refers to those media, such as hard disk drives, memories, compact disks, and floppy disks, that are commonly used to store and retrieve binary data and instructions for computer processors. Because the parties have not briefed a dispute over the construction of this particular term, and the plain language of the term is coextensive with the scope of Plaintiff's proposed construction, the Court declines to construe this term at this time.

### E. Miscellaneous Terms not Subject to 35 U.S.C. § 112 ¶ 6

The parties additionally disagree on the meanings of "seek trajectory shape," "shaping input signals," and "in inverse relation." Defendants argue that "seek trajectory shape" is indefinite. The parties disagree whether an input signal can originate within a device that receives the input signal, and whether an inverse relation is reciprocal.

### 1. Seek Trajectory Shape

• Plaintiff's proposed construction: "the profile of the movement of a disk head for the duration of a seek"

• Defendants' proposed construction: indefinite

The term "seek trajectory shape" appears in all asserted claims of the '473 patent, either directly or by incorporation from an independent claim. Defendants ask the Court to rule this term indefinite while Plaintiff's proposed construction offers little additional clarity. In determining whether a claim term is indefinite, the Court must consider whether a person having ordinary skill in the field of the invention would understand the scope of the disputed term in the context of the claims, the specification, the prosecution history, and the prior art.

One having ordinary skill in the field of the invention would be familiar with conventional methods of characterizing dynamic systems, such as the one used in the specification to control the head of a disk drive. Where the patent discusses controlling trajectory of the system as a function of time (26:7-34:6), and describes the state of the system using its position, velocity, and acceleration and the relationship between these state variables over time, one of ordinary skill in the art would know that "seek trajectory" referred to the change in position, velocity, and acceleration relative to time during a seek operation, and that the "shape" of that "seek trajectory" is the graphical representation of those variables. Any of the state variables plotted against time would give an

equivalent[12] "seek trajectory shape."  Accordingly, the Court construes "seek trajectory shape" to mean "the shape of the plot relating time to the position, velocity, or acceleration of the disk drive head during a seek operation."

### 2. Shaping Input Signals

- Plaintiff's proposed construction: "applying a transformation to a signal to the data storage device (an input signal can originate from within the device)"

- Defendants' proposed construction: "applying a transformation to input signals, but not by smoothing"

The term "shaping input signals" appears in all asserted claims of the '473 patent, either directly or by incorporation from an independent claim.  The parties appear to agree that "shaping" in this context means "applying a transformation to."  Although Defendants seek to import the limitation "but not by smoothing," the Court has declined to import that limitation.  Plaintiff seeks to import the parenthetical "an input signal can originate from within the device" with supporting argument similar to those the Court rejected in construing the "outputting commands ..." limitations. Accordingly, the Court declines to add Plaintiff's proposed parenthetical to the construction of "shaping input signals."  Additionally, Plaintiff's proposed construction of "input signals" to mean "a signal to the data storage device" is redundant in the context of the claims, which already read "shaping input signals to the data storage device."  Accordingly, the Court construes "shaping input signals" to mean "applying a transformation to input signals."

---

[12]      Acceleration is the first time derivative of velocity, and velocity is the first time derivative of position.  Because the parties agree that, in a seek operation, the final velocity and acceleration are zero, one of ordinary skill in the art would be able to use the plot of the system's position, velocity, or acceleration versus time during the seek operation to determine the shape of the plots of the other two states.

### 3.     In Inverse Relation

- Plaintiff's proposed construction: "such that as one variable increases, the other variable decreases, and vice versa"

- Defendants' proposed construction: "so that as 'seek time' increases, 'seek acoustic noise level' is ensured to decrease for all seek operations"

The term "in inverse relation" appears in all asserted claims of the '473 patent. "In inverse relation" is always used to describe the relationship between "seek time" and "[seek] acoustic noise level." The parties' disagreement is whether "and vice versa" and/or "is insured to decrease for all seek operations" are proper limitations to include in the construction of this term. The Defendants' use of "seek time" and "[seek] acoustic noise level" in its construction of this term is helpful in the context of the claim, but the additional language "is ensured to decrease for all seek operations" is potentially confusing. For example, some seek operations that already consist of "good moves" will have no additional shaping applied and a change in settings will have no affect on seek time or noise for the corresponding input command. Seek operations vary in the necessary distance traveled, so very long seeks are likely slowed and quieted more by the quiet setting than very short seeks. The prosecution history cited by Defendants is cited out of context and fails to support the limitation they seek.[13] Defendants' proposed "for all seek operations" is unsupported by the intrinsic record and potentially confusing. Accordingly, the Court construes "in inverse relation" to mean "so that as

---

[13]     Defendants cited an expert report submitted to the patent office by Convolve. Convolve's expert opined that the Koizumi reference fails to teach or suggest "a method ensuring that the inverse relationship between the seek time and acoustic noise level is maintained when the seek time is changed by the user interface." Dkt. No. 176-20 at ¶ 39. In the next paragraph, Convolve's expert explained that Koizumi's noise reduction was unrelated to seek operations, and resulted from a two-fold difference in spindle speed between the two modes disclosed by Koizumi.

seek time increases, seek acoustic noise level decreases, and vice versa."

**F.      Terms Subject to 35 U.S.C. § 112 ¶ 6**

Asserted claims 1 and 11 of the '473 patent employ explicit means plus function claiming.

These limitations are also incorporated into asserted claims 12 and 13, which depend from claim 11.

Claim 1 requires a "means for providing settings ...," a "means for indicating ...," and a "means for

causing the processor to output commands ..."  Claim 11 requires a "means for performing a seek

operation" and a "means for outputting commands ..."

> **1.      Means for Causing the Processor to Output Commands to the Data Storage Device to Alter Seek Trajectory Shape by Shaping Input Signals to the Data Storage Device to Reduce Selected Unwanted Frequencies from a Plurality of Frequencies in Accordance with the Altered Settings in the User Interface**

> **a.      Function**

Plaintiff's proposed construction:

> causing the processor to output commands to the data storage device to alter seek trajectory shape by shaping input signals to the data storage device

Defendants' proposed construction:

> causing the processor to output commands to the data storage device to alter seek trajectory shape by shaping input signals to the data storage device to reduce selected unwanted frequencies from a plurality of frequencies in accordance with the altered settings in the user interface

This term appears in asserted claim 1 of the '473 patent.  The parties disagree over both the

function and the associated structure of this means-plus-function limitation.   The parties'

disagreement as to the function revolves around the phrase "to reduce selected unwanted frequencies

from a plurality of frequencies in accordance with the altered settings in the user interface."  Both

37

parties cite *Lockheed* to support their constructions, but the Court finds that the Defendants' reading

is the correct one. *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1319 (Fed. Cir.

2003). Plaintiff argues that this phrase is equivalent to the "whereby" clause in *Lockheed*, where the

Federal Circuit ruled that language in a whereby clause was read to not be part of a claimed function

if the whereby clause only stated the result of the previously claimed function. *Id.* In the disputed

claim in *Lockheed*, a "means for rotating ..." a wheel in accordance with a fixed schedule was

recited, and the following whereby clause explained the result of that limitation. 324 F.3d at 1315,

1319. The Federal Circuit held that a whereby clause in the disputed means-plus-function limitation

added no substance to the claim because it merely recited the result of the preceding function. *Id.*

Here, in contrast, Plaintiff seeks to remove a clause from the claimed function that describes how

the function is implemented but retain that language as a limitation on the claim. Specifically, the

claimed invention "[causes] the processor to output commands to the data storage device to alter

seek trajectory shape ... in accordance with the altered settings in the user interface." The clause

Plaintiff wishes to exclude is not the result of the recited function, but the essence of the function

itself. Claim 1 of the '473 patent is drawn to a "user interface for operatively working with a

processor to affect operation of a data storage device." The limitations Plaintiff seeks to exclude

from the function of the "means for causing the processor to output commands" limit how the user

interface "operatively [works] with [the] processor to affect operation of a data storage device."

Further, the *Lockheed* court held that an "in accordance with ..." clause similar to the one at issue

here was a part of the claimed function in the disputed means-plus-function limitation. 324 F.3d at

1315, 1319. Under *Lockheed*, Defendants' proposed construction is correct. Accordingly, the Court

construes the "means for causing the processor to output commands ..." to have the following

function:

> causing the processor to output commands to the data storage device
> to alter seek trajectory shape by shaping input signals to the data
> storage device to reduce selected unwanted frequencies from a
> plurality of frequencies in accordance with the altered settings in the
> user interface.

### b.      Associated structure(s)

•     Plaintiff's proposed construction:

> The corresponding structure disclosed by the '473 specification
> includes the following alternatives:
> (1) disk drive engine 16 (i.e. computer code) or portions thereof
> running on controller/processor 73 and/or processor 25 and/or fuzzy
> logic controller with an embedded fuzzy logic block and/or neural
> network controller to execute the algorithms represented by Blocks
> S303 and S304 in Figure 3 and described at 9:12-31, implementing
> any of the techniques taught in §§ 2-11 (9:45-42:64); and/or
> (2) one or more electro-mechanical switches/jumpers;
> and equivalents thereof

•     Defendants' proposed construction:

> Processor 25 executing an undisclosed algorithm to perform the
> recited functions AND either a GUI 27 (generated by Processor 25
> executing an undisclosed algorithm) or alternately a jumper/switch

After a careful review of the specification, the Court concludes that the '473 patent discloses

adequate structure for "causing the processor to output commands to the data storage device to alter

seek trajectory shape by shaping input signals to the data storage device to reduce selected unwanted

frequencies from a plurality of frequencies." Section 2 of the specification contains a description

of how the processor outputs commands to the data storage device and §§ 3-11 contain extensive

disclosure of different methods for "shaping input signals to the data storage device to reduce

selected unwanted frequencies from a plurality of frequencies." In a computer-implemented means-

plus-function claim limitation, a patentee may express the necessary algorithm structure as mathematical formulae and/or prose. *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1340 (Fed. Cir. 2008). Though the specification does not provide a highly detailed description of the numeric methods used or a sufficient listing of source code, that level of disclosure is unnecessary under 35 U.S.C. § 112 ¶ 6. *See Aristocrat*, 521 F.3d at 1338.

If the Court agreed with Plaintiff's construction of this term's function, this disclosure would be adequate and Plaintiff's construction would be correct. Because the Court's construction incorporates the phrase "in accordance with the altered settings in the user interface," however, some additional structure is required. The Court's reading of the specification yields no structure that shapes input commands in accordance with altered settings in the user interface. The specification's disclosure on this point is reproduced below:

> Next, in step S303, commands (e.g., electrical signals) are generated for controlling disk drive 10 in accordance with the settings in the GUI. Exactly how these commands are generated may vary, depending upon the way in which the disk drive is controlled. Assuming, for illustration's sake, that the disk drive is being controlled via Input Shaping™, step S303 comprises convolving various inputs to the disk drive with predetermined functions which are selected based on settings in the GUI in order to produce disk drive inputs that achieve the results specified in the GUI. These functions may be stored, e.g., in memory 11 or in another memory on the system. Sections 2 to 11 below describe a variety of methods that may be used in step S303 based on the GUI setting and other factors.

9:12-25.

> Processor 73 determines which of these techniques to apply based on a variety of factors, such as user inputs to the GUI and the identity of the disk drive.

10:45-47.

40

Essentially, the specification recites the same "processor with appropriate programming" structure rejected by the Federal Circuit in *Aristocrat.* *See* 521 F.3d at 1334. Although the specification provides ample description of algorithms for altering seek trajectory shape, shaping input signals, and reducing unwanted frequencies, the specification provides no algorithm for how altered settings in the user interface translate into altered input commands. Without an algorithm for shaping input signals in accordance with altered settings in the user interface, this means-plus-function claim limitation lacks structure and is thus indefinite under 35 U.S.C. § 112 ¶ 2. Claim 1 is thus indefinite. In light of this conclusion, it is unnecessary to consider the remaining means plus function terms from Claim 1.

> ### 2. Means for Outputting Commands to Alter Seek Trajectory Shape by Shaping Input Signals to the Means for Performing the Seek Operation to Reduce Selected Unwanted Frequencies from Said Plurality of Frequencies in Accordance with the Altered Settings in the User Interface

> #### a. Function

Plaintiff's proposed construction:

> The function is outputting commands to alter seek trajectory shape by shaping input signals to the means for performing the seek operation

Defendants' proposed construction:

> outputting commands to alter seek trajectory shape by shaping input signals tot he means for performing the seek operation to reduce selected unwanted frequencies from said plurality of frequencies in accordance with the altered settings in the user interface

This term appears in asserted claim 11 of the '473 patent and is incorporated into asserted dependent claims 12 and 13. This term is similar to the "means for causing the processor to output commands ..." limitation of claim 1. The Court adopts its prior reasoning for this limitation.

41

Accordingly, the Court adopts Defendants' construction and construes the function of the "means for outputting commands ..." term of claim 11 to be:

> outputting commands to alter seek trajectory shape by shaping input signals tot he means for performing the seek operation to reduce selected unwanted frequencies from said plurality of frequencies in accordance with the altered settings in the user interface.

### b.    Associated Structure(s)

- Plaintiff's proposed construction:

> The corresponding structure disclosed by the '473 specification includes the following alternatives:
> A hardware circuit, such as controller/processor 73, counter chip, counter register, and/or programmable logic array that outputs voltage and/or current in accordance with the commands generated by disk drive engine 16 (i.e. computer code) or portions thereof running on controller/processor 73 and/or processor 25 and/or fuzzy logic controller with an embedded fuzzy logic block and/or neural network controller to execute the algorithms represented by Blocks S303 and S304 in Figure 3 and described at 9:12-31, implementing any of the techniques taught in 2-11 (9:45-42:64); and equivalents thereof

- Defendants' proposed construction:

> Jumper/switch, and controller/processor 73 executing an undisclosed algorithm

The parties' arguments relating to the associated structure of this limitation are similar to their arguments relating to the associated structure of the "means for causing the processor to output commands ..." limitation of claim 1. In concluding that term was indefinite under 35 U.S.C. § 112 ¶ 2, the Court noted that the specification lacked sufficient algorithmic structure associated with the claimed function when "in accordance with the altered settings in the user interface" was construed to be a part of the function. The Court likewise construed "in accordance with the altered settings in the user interface" to be a part of the function of this means-plus-function limitation. Accordingly,

for the same reasons the Court found the "means for causing the processor to output commands ..." limitation of claim 1 indefinite, the Court also finds the "means for outputting commands ..." limitation of claim 11 to be indefinite. Accordingly, claim 11 is indefinite under 35 U.S.C. § 112 ¶ 2. Dependent claims 12 and 13, which incorporate this limitation from claim 11, are also indefinite. In light of this conclusion, it is unnecessary to consider the remaining means plus function terms of claim 11.

## VI.    Change in Claim Scope

Defendants also seek a ruling that an amendment made during reexamination to all asserted claims narrowed the scope of the claims. Specifically, Defendants argue that inserting "seek" in front of "acoustic noise" changes the scope of the claims and resets the date of first infringement to the date those amended claims issued from reexamination. The claims were not narrowed by the amendment. The "in inverse relation" limitation, present in all asserted claims, requires the seek time and the acoustic noise of the drive to vary inversely. All asserted claims also require reduction of selected unwanted frequencies, which the court has identified as the frequencies associated with acoustic noise from seek operations. Accordingly, the "acoustic noise" of the original claims was that generated by and associated with seek operations. Because the Court's construction would have limited the claim term "acoustic noise" to mean "seek acoustic noise" by virtue of the claims' other limitations, Plaintiff's amendment during prosecution did not narrow claim scope.

## VII.   Conclusion

The court adopts the constructions set forth in this opinion for the disputed terms of the '473 patent. The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from

43

mentioning any portion of this opinion, other than the actual definitions adopted by the court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the court.

SIGNED this 5th day of January, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## ORDER

Before the Court are the parties' motions made under Federal Rule of Civil Procedure 50(a):

- Defendant Western Digital Corporation's Motion for Judgment as Matter of Law (Dkt. No. 515);

- Defendant Dell Inc.'s Motion for Judgment as a Matter of Law on No Willful Infringement (Dkt. No. 516);

- Defendant Dell Inc.'s Motion for Judgment as a Matter of Law on Damages (Dkt. No. 517);

- Defendants' Motion for Judgment as a Matter of Law on Invalidity (Dkt. No. 518)

- Defendant Dell Inc.'s Motion for Judgment as a Matter of Law on Non-Infringement (Dkt. No. 519); and

- Hitachi Global Storage Technologies, Inc. and Hitachi Ltd. Motion for Judgment as a Matter of Law (Dkt. No. 520).

To the extent that these motions were not granted prior to the submission of this case to the jury, these motions are **DENIED** without prejudice to the pending post-trial motions (such as those made pursuant to Federal Rule of Civil Procedure 50(b) and 59).

**SIGNED this 28th day of March, 2013.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC., ET AL | § | |

## ORDER

Pending before the court is defendant Dell, Inc.'s ("Dell") motion for clarification of the court's construction of the term "data storage device" (Dkt. No. 262) and Defendants' motion for summary judgment of noninfringement of Claims 7-10, 14, and 15 of U.S. Patent No. 6,314,473 based on the "to the data storage device" limitation (Dkt. No. 325).

The court construed "data storage device" to mean "a device for storing data comprising a magnetic disk and a disk drive head wherein the disk drive head is operative to move across the surface of the disk and read and write data" (Dkt. No. 211 at 22). The court further explained that it declined "to construe 'data storage device' to require a processor because, in the specification, the patentee never described a processor as being part of a disk drive." *Id.*

The parties agree that the court's construction of "data storage device" makes it clear that the device may, but need not, include a processor. Dell, however, requests that the court specify that if the hard disk drive includes a processor and if that processor contributes to the functions of storing data or causes the magnetic disk to move across the surface of the disk to read and write data, then the processor is part of the data storage device. If so, Dell intends to argue that no literal infringement exists because the processor, if it is part of the data storage device, cannot output commands "to the data storage device." *See* Dkt. No. 325.

1

In its claim construction order, the court stated: "The Court declines to construe 'data storage device' to require a processor because, in the specification, the patentee never described a processor as being part of a disk drive. Instead, the patentee described a processor dedicated to a disk drive as a possible embodiment or part of a possible embodiment of processor 73 depicted in Figure 10B, the disk drive engine" (Dkt. No. 211 at 22). This statement is, in part, an error. Although the court agrees with Dell that the court incorrectly stated that Figure 10B is a depiction of a "disk drive *engine*," this error does not affect the court's conclusion that the data storage device may, or may not, include a dedicated processor or controller. As depicted in Figure 10B, disk drive 10 may include a dedicated processor.

Notwithstanding this conclusion, in reviewing the Defendants' motion for summary judgment based on the "to the data storage device" limitation (Dkt. No. 325), as well as the court's original claim construction order, and the New York court's claim construction order in *Convolve v. Seagate*, 00 Civ. 5141 (GBD) (JCF), the court is persuaded that further clarification of its construction of the "outputting commands to the data storage device" limitation (found in claims 7-10, 14, and 15 of the patent-in-suit) is necessary. The court concludes that this phrase means "sending shaped input signals to the data storage device to alter seek trajectory shape, where such input signals may originate from within the device."

Dell's motion for clarification (Dkt. No. 262) is accordingly GRANTED to the extent set forth herein. Defendants' motion for summary judgment (Dkt. No. 325) is accordingly DENIED.

SIGNED this 5th day of July, 2011.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE